# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| SERGEANT CHRISTOPHER FORAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-1207-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

## STIPULATION AND ORDER
## PERMITTING DEPOSITIONS OF GREGORY WARREN AND JOHN DILLMAN
## AFTER THE DECEMBER 30, 2005 DISCOVERY DEADLINE

WHEREAS, on February 11, 2005, the Court entered its Rule 16 Scheduling Order, setting December 30, 2005 as the deadline for the completion of all discovery;

WHEREAS, in the intervening time period, the parties have engaged in discovery in good faith;

WHEREAS, Captain (Ret.) Gregory Warren was the Director of Training at the Delaware State Police, responsible for, among other things, the Firearms Training Unit in which Plaintiffs worked;

WHEREAS, John A. Dillman was the Director of Personnel at the Delaware State Police, responsible for, among other things, the department's injury and sick leave policies;

WHEREAS, on December 13, 2005, counsel for Defendants had served on Mr. Dillman a subpoena to attend a deposition on December 23, 2005, but inadvertently failed to notify counsel for Plaintiffs of that deposition;

WHEREAS, counsel for Plaintiffs is not available to attend a deposition of Mr. Dillman on December 23, 2005;

WHEREAS, the depositions of Capt. Warren and Mr. Dillman by Defendants may have significant bearing upon case dispositive motions and trial of the above-captioned cases;

WHEREAS, the parties agree that scheduling the depositions of Capt. Warren and Mr. Dillman before the end of the discovery period is impracticable; and

WHEREAS, scheduling the depositions of Capt. Warren and Mr. Dillman after the end of the discovery period will not affect other deadlines ordered by the Court;

It is hereby STIPULATED and AGREED by and between Plaintiffs and Defendants, subject to the approval of the Court, that:

1. Defendants may take the deposition of Captain (Ret.) Gregory Warren on January 11, 2006;

2. Defendants may take the deposition of John A. Dillman on January 13, 2005; and

3. All deadlines and dates set forth in this Court's February 11, 2005 Rule 16 Scheduling Order and the December 14, 2005 Stipulation and Order Regarding a Short Extension of the Case Dispositive Motion Deadline will remain in full force and effect, and are in no way altered by this Order except as provided in paragraphs 1 and 2 above.

IT IS SO STIPULATED.

| | |
|---|---|
| /s/ Noel C. Burnham | /s/ Stephen J. Neuberger |
| Richard M. Donaldson (DE Bar I.D. #4367) | Thomas S. Neuberger (DE Bar I.D. # 243) |
| Noel C. Burnham (DE Bar I.D. #3483) | Stephen J. Neuberger (DE Bar I.D. # 4440) |
| MONTGOMERY, MCCRACKEN, | THE NEUBERGER FIRM, P. A. |
| WALKER & RHOADS, LLP | Two East Seventh Street, Suite 302 |
| 300 Delaware Avenue, Suite 750 | Wilmington, DE 19801 |
| Wilmington, DE 19801 | |
| | *Counsel for Plaintiffs* |
| Edward T. Ellis | |
| Robert J. Fitzgerald | |
| MONTGOMERY, MCCRACKEN, | |
| WALKER & RHOADS, LLP | |
| 123 South Broad Street | |
| Philadelphia, PA 19109 | |

*Counsel for Defendants*

This matter having come before the Court upon the above Stipulation of the parties hereto and the Court having reviewed the Stipulation of the parties and being fully advised in the premises, and good cause appearing for the entry of the Stipulation as an Order of the Court:

**IT IS HEREBY ORDERED** that the Stipulation of the parties set forth above is hereby entered as an Order of the Court this _____day of _____, 2005.