IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A.No.04-956-GMS |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SERGEANT CHRISTOPHER D. FORAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No.04-1207-GMS |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL OF THESE TWO CASES
PURSUANT TO FED.R.CIV.P. 42(a)**

Pursuant to Fed.R.Civ.P. 42(a), Plaintiffs Move to consolidate these two actions for an eleven day trial before one jury because they present common questions of law or fact. Each action will retain its separate character and requires the entry of a separate judgment. In support thereof, plaintiffs state the following.

**A. Introduction.** These two cases are set for back to back trials spanning eleven days beginning May 15, 2006 in the Price action for six trial days, and beginning May 23rd in the Foraker case for five trial days. Now that detailed summary judgment briefs have been filed by plaintiffs in both actions it is apparent that these are two related civil actions for compensatory

and punitive damages and injunctive relief for retaliatory violations of the free speech and petition clauses of the First Amendment of the United States Constitution. Plaintiffs exercised their First Amendment rights by: (1) Sgt. Foraker filing an April 2002 lawsuit and successfully prosecuting it to a June 2003 jury verdict and a November 2003 settlement; (2) all three plaintiffs reporting to defendants that the health and safety of Delaware State Troopers and others were being endangered by hazardous conditions at the Delaware State Police's Firearms Training Unit ("FTU"); and (3) all three plaintiffs speaking to the Delaware State Auditor's Office about health hazards, safety concerns and other problems at the FTU, as well as governmental mismanagement and other root causes of those dangerous conditions. Defendants retaliated against plaintiffs for their protected activities by among other things, orchestrating a local, national and international media campaign accusing plaintiffs of destroying the FTU; materially changing their conditions of their employment; and making concerted retaliatory efforts to create pretextual reasons to terminate their employment.

    **B. The Law of Consolidation.** Fed.R.Civ.P. 42(a) states that -

> When actions involving a common question of law or fact are pending before the court, it may order a joint ... trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

As our District has noted, Rule 42(a) "gives this Court broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice." Waste Distillation Tech. v. Pan American Resources, Inc., 775 F.Supp. 759, 761 (D.Del. 1991).

    "The purpose of consolidation is to streamline and economize pretrial proceedings so as

to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999). "The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." Waste, 775 F.Supp. at 761. "The proper administration of justice requires that issues be resolved without unnecessary cost or delay." Id.; see Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire, 173 F.3d 909, 912 (3d Cir. 1999) ("consolidation is permitted as a matter of convenience and economy in administration").[1] And for the reasons explained below, in the exercise of its sound discretion under Rule 42(a) the Court should consolidate these two actions for an eleven day trial before one jury because they present common questions of law and fact, and because consolidation would prevent unnecessary costs and a great deal of of duplication of efforts.

**C. Discussion.** The common questions of law or fact in both cases include, but are not limited to, the following.

- There are the same three defendants in each case who will have to testify.

- Sgt. Foraker is a plaintiff in both cases, and his two subordinates, Master Corporals Warren and Price, are plaintiffs with him in the second case and would otherwise be witnesses in Sgt. Foraker's individual suit.

- Thirteen individual witnesses will testify for plaintiffs in both cases and so consolidation will avoid these police officials taking off twice from their regular duties so they can

---

[1] It should be noted that consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties to one suit parties in another." Cella, 173 F.3d at 912. Instead, plaintiffs simply request that trial be consolidated.

testify.[2]

- Many witnesses will have to testify in both cases about the long standing health and safety issues presented at the FTU.

- Witnesses will have to address in both cases the allegedly non-retaliatory defense to both cases that all that was said ever said about plaintiffs' conduct was true and plaintiffs destroyed the FTU.

- Evidence from many witnesses will have to be presented in both cases as to the repeated instances of demonstrated antagonism by the defendants directed to each plaintiff which can be found to prove retaliatory motive, despite protestations of non-retaliatory intent.

- Retaliatory material changes in plaintiffs' conditions of employment will have to be presented as evidence in both cases.

- The falsehood of allegedly non-pretextual reasons for the treatment of plaintiffs will have to be presented in both cases.

- Evidence of the longstanding problems with the HVAC unit and other systems at the FTU will have to be presented in both cases.

- The widespread media campaign directed against plaintiffs will have to be presented as evidence in both cases.

- Evidence of the diminishment of Sgt. Foraker's job responsibilities and other adverse action taken against him will have to be presented as evidence of retaliation in both cases.

- The law which will govern the jury in these free speech and petition clause cases is the same in both cases and presents the same legal theories to be decided by the jury.

---

[2] The list of plaintiffs' 13 liability witnesses in the Price case include: Ret. Col. L. Aaron Chaffinch, Col. Thomas MacLeish, Major Joseph Papili, Major Randall Hughes, Ret. Major David Baylor, Ret. Major Joseph Swiski, Ret. Major Joseph Forester, Capt. Glenn Dixon, Capt. Ralph H. Davis, III, Capt. Nathaniel McQueen, Jr., Ret. Capt. Gregory A. Warren, Lt. Joseph Aviola, and retired Personnel Director John Dillman as well as all three plaintiffs.

The list of plaintiff's 10 liability witnesses in the Foraker case include: defendant Ret. Col. L. Aaron Chaffinch, Col. Thomas MacLeish, Major Randall Hughes, Ret. Major David Baylor, Ret. Major Joseph Forester, Capt. Glenn Dixon, Capt. Ralph H. Davis, III, Capt. Nathaniel McQueen, Jr., Ret. Capt. Gregory A. Warren, Lt. Joseph Aviola, as well as all three plaintiffs.

All thirteen of these witnesses will appear in the Price case.

Consequently, as the interrelated summary judgment briefing at the conclusion of discovery has made clear, it can be said fairly that the following factors weigh significantly in favor of consolidation. (1) There is a significant overlap of issues in both these cases. (2) There are common questions of law and fact in both cases. (3) The causes of action arise from similar transactions or occurrences - specifically, the conditions and troubled history of the FTU; (4) There is substantial overlap of evidence and witnesses in both cases. (5) Interests of judicial economy weigh in favor of one trial before one jury. (6) The same attorneys represent the parties in both cases. (7) The same defendants are present in both cases. (8) At the Rule 16 conference at the beginning of this case and in the Joint Status Report, defendants took the position that consolidation for trial would serve the interests of justice, judicial economy and efficiency. At the time plaintiffs opposed such consolidation. But after now having completed discovery and briefed the heavily interrelated factual issues in these two cases, plaintiffs are now in agreement with defendants that consolidation for trial would serve the interests of justice, judicial economy and efficiency.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

**MARTIN D. HAVERLY, ATTORNEY AT LAW**

/s/ Martin D. Haverly
**MARTIN D. HAVERLY, ESQ. (#3295)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 654-2255
Martin@HaverlyLaw.com

Dated: January 25, 2006        Attorneys for Plaintiffs

**LOCAL RULE 7.1.1 STATEMENT**

Counsel certifies that he personally spoke to defense counsel to determine defendants' position on this Motion. While defense counsel was inclined to agree, he had to seek the consent of his clients. Since then he has not responded to the request.

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ**.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL B. KURT PRICE, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A.No.04-956-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **SERGEANT CHRISTOPHER D. FORAKER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No.04-1207-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| Defendants. | : | |

## ORDER

Having considered plaintiffs' motion to consolidate the trial of these two cases pursuant to Rule 42(a), and any opposition thereto, it is this _____ day of _____, 2006

Ordered that these two actions are consolidated for an eleven day jury trial because they present common questions of law or fact. Each action will retain its separate character and requires the entry of a separate judgment.

_____
Gregory M. Sleet
U.S.D.J.

**CERTIFICATE OF SERVICE**

    I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on January 25, 2006, I electronically filed this **MOTION** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

    Robert Fitzgerald, Esquire
    Montgomery McCracken Walker & Rhoads, LLP
    123 South Broad Street
    Philadelphia, PA 19109

    Richard M. Donaldson, Esquire
    Montgomery McCracken Walker & Rhoads, LLP
    300 Delaware Avenue, Suite 750
    Wilmington, DE 19801

    /s/ Stephen J. Neuberger
    **STEPHEN J. NEUBERGER, ESQ.**

FTU/ Pleadings / FTU - Motion to consolidate.final