# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| SERGEANT CHRISTOPHER FORAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-1207-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

## ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AND OTHER RELIEF

Date: February 8, 2006

Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7840

*Counsel for Defendants L. Aaron Chaffinch, Thomas F. MacLeish, David B. Mitchell, and the Division of State Police, Department of Safety and Homeland Security, State of Delaware*

2045068v5

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. NATURE AND STAGE OF PROCEEDING ..... 1

III. SUMMARY OF ARGUMENT ..... 2

IV. CONCISE COUNTERSTATEMENT OF FACTS ..... 3

V. ARGUMENT: THE COURT SHOULD DENY PLAINTIFFS' MOTION BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH ANY BASIS FOR SANCTIONS ..... 5

- A. Defendants Had No Duty To Preserve Defendant Chaffinch's Computer Hard Drive ..... 5
- B. Even If Plaintiffs Could Establish That Defendants Violated A Duty To Preserve Defendant Chaffinch's Computer, Plaintiffs Cannot Satisfy The Required Showings of Fault And Prejudice To Warrant Sanctions ..... 7
- C. There Is No Tenable Basis For A Default Judgment In This Matter ..... 10
- D. Plaintiffs' Motion Violates Fed. R. Civ. P. 16 ..... 11

VI. CONCLUSION ..... 13

# **TABLE OF CITATIONS**

### **Cases**

*Baliotis v. McNeil*, 870 F. Supp. 1285 (M.D. Pa. 1994) .................................................. 10

*Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326 (3d Cir. 1995) ........................ 8

*Gates Rubber Co. v. Bando Chem. Indus. Ltd.*, 167 F.R.D. 90 (D. Colo. 1996) ............. 5

*Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88 (3d Cir. 1983) ............................................. 8

*In re Wechsler*, 121 F. Supp. 2d 404 (D. Del. 2000) ....................................... 5, 8, 10, 11

*John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172 (2d Cir. 1988) .............. 10

*Kronisch v. United States*, 150 F.3d 112 (2d Cir. 1998) ................................................. 9

*Paramount Pictures Corp. v. Davis*, Civ. A. No. 05-0316, 2005 WL 3303861
    (E.D. Pa. Dec. 2, 2005) ........................................................................................ 5, 9, 10

*Positran Mfg, Inc. v. Diebold, Inc.*, Civ. A. No. 02-466 GMS, 2003 WL 21104954
    (D. Del. May 15, 2003) ............................................................................................. 5, 8

*Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76 (3d Cir. 1994) ...................... 8, 9, 10

*Skeete v. McKinsey & Co., Inc.*, Civ. A. No. 91-8093 (PKL), 1993 WL 256659
    (S.D.N.Y. July 7, 1993) ................................................................................................ 9

*Telecom Int'l Am., Ltd. v. AT&T Corp.*, 189 F.R.D. 76 (S.D.N.Y. 1999) ...................... 10

*West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776 (2d Cir. 1999) .............................. 10

*Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) ................................. 8

### **Statutes**

42 U.S.C. § 1983 ................................................................................................................. 1

I. **INTRODUCTION**

These consolidated actions arise under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution. The plaintiffs are three Delaware state troopers most recently assigned to the Firearms Training Unit ("FTU"). They allege that the superintendent of the Delaware State Police, Col. Thomas F. MacLeish, and his predecessor, Col. L. Aaron Chaffinch, retaliated against them for their complaints about health and safety issues at the DSP firing range and, in the case of plaintiff Christopher Foraker, for his successful prosecution of a prior law suit challenging Chaffinch's April 8, 2002, decision to transfer Foraker out of the FTU.

Plaintiffs allege in their motion for sanctions that the DSP "intentionally destroyed" "key and relevant" evidence when it erased Defendant L. Aaron Chaffinch's computer hard drive upon his retirement on May 5, 2005. (*See* Pls'. Br. at 1.) Contrary to Plaintiffs' inflammatory and unfounded accusations, relevant evidence has not been destroyed because any relevant e-mails Chaffinch sent or received, and any relevant documents Chaffinch saved on his hard drive, were saved on the DSP computer server and, accordingly, have already been provided during discovery. Further, Plaintiffs' motion fails to demonstrate any duty to preserve Chaffinch's hard drive, any basis for sanctioning Defendants' conduct in erasing Chaffinch's hard drive, or any prejudice in having to proceed without the hard drive. In short, Plaintiffs' motion is without merit and should be denied.

II. **NATURE AND STAGE OF PROCEEDING**

In the first action, Plaintiffs filed their Complaint in *B. Kurt Price, et al. v. L. Aaron Chaffinch, et al.,* Civ. No. 04-956 on August 19, 2004, alleging violations of the First Amendment's Free Speech Clause (Count I). On October 14, 2005, Plaintiffs filed an Amended Complaint, adding a claim that Defendants' conduct violated the First Amendment's Petition

Clause (Count II).  Plaintiff Christopher Foraker filed his Complaint in *Foraker v. Chaffinch, et al.*, Civ. No. 04-1207, on August 30, 2004, alleging First Amendment retaliation under the Free Speech Clause (Count I); First Amendment retaliation under the Petition Clause (Count II); defamation (Count III); and false light invasion of privacy under state law (Count IV).

Discovery closed on December 31, 2005.  The parties took three depositions in January 2006 by agreement and with the approval of the Court.  On January 25, 2006, Plaintiffs and Defendants filed Motions for Summary Judgment.

Also on January 25, 2006, Plaintiffs filed the present motion, in which they allege that the DSP improperly destroyed Chaffinch's computer hard drive.  Plaintiffs request that a default judgment be entered against Defendants.  Because Plaintiffs have failed to establish a duty to preserve the computer hard drive, culpability in erasing the hard drive, or any prejudice as a result of the destruction of the hard drive, Defendants ask the Court to deny Plaintiffs' motion.

### III.    SUMMARY OF ARGUMENT

1. Plaintiffs' motion should be denied because Defendants already have produced all relevant documents that are the subject of Plaintiffs' discovery requests.

2. Plaintiffs' motion should be denied because Plaintiffs have failed to establish that Defendants had a duty to preserve Chaffinch's computer hard drive.

3. Plaintiffs' motion should be denied because Plaintiffs have failed to establish that Defendants had any culpability in erasing Chaffinch's computer hard drive.

4. Plaintiffs' motion should be denied because Plaintiffs have failed to establish any prejudice as a result of the destruction of Chaffinch's computer hard drive.

2

5.  Plaintiffs' motion should be denied because the motion violates Federal Rule of Civil Procedure 16 and circumvents the procedures set forth in this Court's February 4, 2005, Scheduling Order.

## IV. CONCISE COUNTERSTATEMENT OF FACTS

The following is a description of certain standard procedures for the maintenance of electronic information at the DSP. It demonstrates that the premise on which Plaintiffs' motion is based – that the Defendants destroyed relevant evidence – is fatally flawed because there is no proof that any relevant evidence was destroyed at all.

All documents created and saved on a DSP computer are saved automatically to the DSP local area network ("LAN") server. (*See* Appendix to Answering Brief in Opposition to Plaintiffs' Motion for Sanctions and Other Relief ("App.") at B-2 (Moses Aff. ¶ 4).)[1] Likewise, all e-mails (including attachments) sent or received by a DSP employee – including Blackberry messages – are saved automatically to the e-mail servers at the Delaware Department of Technology and Information. (*See* App. at B-2 – B-3 (Moses Aff. ¶ 8).) The DSP system of saving all e-mails and documents on the e-mail and LAN servers rather than on the actual hard drive of each computer renders preservation of the computer hard drive unimportant, because the information is actually on the server. (*See* App. at B-2 (Moses Aff. ¶ 4).)

On May 5, 2005, Chaffinch retired from the DSP. (*See* App. at B-5 (Chaffinch Dep. 5:16-17).) Shortly thereafter, pursuant to DSP's standard practices, the DSP "re-imaged" Chaffinch's office computer, overwriting most of the information contained on the machine's

---

[1] Although a user may manually designate a different file path when saving a document, (*see* App. at B-2 (Moses Aff. ¶ 4)), there is no evidence that Defendant Chaffinch knew how to so designate a file for saving or even used his office computer on a regular basis. The Plaintiffs did not question Chaffinch about his use of his office computer during his August 30, 2005, deposition.

3

hard drive. (*See* App. at B-2 (Moses Aff. ¶¶ 5-7).) This procedure did not delete any documents or e-mails saved on DSP's e-mail servers or LAN server. (*See* App. at B-2 (Moses Aff. ¶ 5).)

On May 13, 2005, eight days after Chaffinch retired, Plaintiff served the first of four Requests for Production of Documents, in which Plaintiffs generally requested "all documents in your possession, custody or control, relating to the facts alleged in the Complaint or in your Answer which are reasonably likely to bear significantly on the claims or defenses asserted in this case." (*See* Pls'. App. at A-053.) On July 15, 2005, Defendants provided Plaintiffs with thousands of documents in response to this request, including e-mails sent and received by DSP personnel – including Chaffinch – from DSP computers, as well as any documents saved by a DSP computer, all of which were retrieved by DSP constituents who searched for them.

In their Fourth Request for Production, served on August 9, 2005, Plaintiffs requested "[t]he entire hard-drive and/or all backup tapes, CDs and/or diskettes for any computer used by defendant L. Aaron Chaffinch concerning his job." (*See* Pls.' Aff. at A-011.) Defendants objected to this request because it is obviously overbroad and seeks both privileged information and sensitive law enforcement information. Defendants also told Plaintiffs that Chaffinch's DSP hard drive was no longer available. Although the hard drive had already been "re-imaged" and therefore was not available, any relevant e-mail document had already been retrieved and produced in response to Plaintiffs' First Request for Production. Because of how the DSP keeps its data, Chaffinch's hard drive is redundant, and Plaintiffs' motion is meritless.

4

V.   **ARGUMENT:  THE COURT SHOULD DENY PLAINTIFFS' MOTION BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH ANY BASIS FOR SANCTIONS.**

   A.   **Defendants Had No Duty To Preserve Defendant Chaffinch's Computer Hard Drive.**

Plaintiffs assert that, in erasing the hard drive on Chaffinch's office computer, Defendants have destroyed evidence that is "key to rebutting Chaffinch's denials and claims that he did not bear any ill will towards" Plaintiffs. (*See* Pls'. Br. at 5.)  Plaintiffs' assertion, however, rests on a flawed assumption – that Chaffinch's computer contained documents or data that are not available elsewhere.  Indeed, because documents and e-mails are saved automatically on the DSP's networks, it is exceedingly unlikely that Chaffinch's hard drive contained any evidence that has not already been produced during discovery.  Defendants, therefore, had no duty to preserve Chaffinch's hard drive.

"A party who has reason to anticipate litigation has an affirmative duty to preserve evidence which might be relevant to the issues in the lawsuit."  *Positran Mfg, Inc. v. Diebold, Inc.*, Civ. A. No. 02-466 GMS, 2003 WL 21104954, at *2 (D. Del. May 15, 2003).  There is, however, no requirement that the party retain every cumulative source of information.  *See In re Wechsler*, 121 F. Supp. 2d 404, 420 (D. Del. 2000) (determining whether evidence "could be considered 'cumulative, insignificant, or of marginal relevance'") (quoting *Gates Rubber Co. v. Bando Chem. Indus. Ltd.*, 167 F.R.D. 90, 104 (D. Colo. 1996)).[2]

---

[2]   Plaintiffs attempt to analogize the instant case to *Paramount Pictures Corp. v. Davis*, Civ. A. No. 05-0316, 2005 WL 3303861, at *10 (E.D. Pa. Dec. 2, 2005), a copyright infringement case in which the defendant erased his computer hard drive after he received notice of litigation.  The court held that an adverse inference sanction was warranted because the defendant, in erasing the hard drive, eliminated the *only way* to determine whether the defendant's computer contained the copyrighted motion picture and pirating software.  *Id.* at *11.  *Paramount* is inapposite, as here there was no evidence (relevant or not) available on Chaffinch's hard drive.

5

2045068v5

Defendants reasonably anticipated that any e-mails or documents created by Defendant Chaffinch might be relevant to this matter, but they also knew that Chaffinch's desktop computer was unlikely to contain any such evidence not available elsewhere. Any e-mail that Chaffinch sent or received and any document that Chaffinch saved regarding the matter would have been saved automatically on DSP's e-mail and LAN servers. Defendants have already produced these documents. Defendants were not obligated to preserve every permutation of the evidence relevant to the issues in this lawsuit. Thus, because Chaffinch's hard drive contained no independent relevant evidence and the erasing of Chaffinch's hard drive "destroyed" no evidence, Defendants neither had a duty nor violated any duty to preserve Chaffinch's computer.[3]

While Plaintiffs may be unhappy that Chaffinch created and received very few relevant e-e-mails or documents, this should not come as a surprise, because Chaffinch's involvement in the matter was extremely limited. Defendant MacLeish acknowledged in his deposition that he – and not Chaffinch – made the day to day decisions regarding the handling of the problems with the FTU. (*See* App. at B-11 – B-13 (MacLeish Dep. 53:7-54:5, 203:15-205:5).) MacLeish specifically stated that "Colonel Chaffinch did not play a role in the decision-making process of how this was going to be handled." (*See* App. at B-11 – B-12 (MacLeish Dep. 53:7-54:5).)

Chaffinch confirmed that MacLeish was responsible for personnel issues, including the training and discipline of employees. (*See* App. at B-6 – B-8 (Chaffinch Dep. 160:22-161:3, 165:20-166:2).) Chaffinch explicitly denied that he had any involvement in the decisions regarding (1) sending Plaintiffs to fitness for duty exams (App. at B-6 – B-7 (Chaffinch Dep.

---

[3]   Plaintiffs' accusation that defense counsel "failed in their duties to ensure that document destruction policies were suspended," (*see* Pls'. Br. at 11), is completely unfounded and is an unprofessional *ad hominem* attack. Substantial evidence directly refutes Plaintiffs' contention.

159:10-163:3)), (2) placing Plaintiffs Price and Warren on light duty (App. at B-7 – B-8 (Chaffinch Dep. 163:4-166:2)), or (3) ordering Plaintiffs Price and Warren to separate from the DSP division (App. at B-8 (Chaffinch Dep. 166:3-167:16)). Chaffinch learned of these activities from MacLeish only after the fact.

Since Defendants already have produced all relevant documents from DSP's e-mail and LAN servers, and because Chaffinch's limited involvement in the decisions in the case suggests that nothing else exists, the contention that Defendants intentionally have destroyed the "smoking gun" on Chaffinch's computer hard drive is unsupportable. Plaintiffs have not established that Defendants had a duty to preserve Chaffinch's computer.

**B.     Even If Plaintiffs Could Establish That Defendants Violated A Duty To Preserve Defendant Chaffinch's Computer, Plaintiffs Cannot Satisfy The Required Showings of Fault And Prejudice To Warrant Sanctions.**

Even if Plaintiffs could establish that Defendants had a duty to preserve Chaffinch's hard drive, Defendants' action is not sanctionable because Plaintiffs have failed to demonstrate either culpability or prejudice. While Plaintiffs assert that they have been "gravely prejudiced" by "the extent and sheer magnitude of the data destroyed by defendants," (*see* Pls'. Br. at 15), they have offered no basis for their lamentation.

A court must consider the following elements in determining whether to impose sanctions for the spoliation of evidence:

> (1) the degree of fault of the party who altered or destroyed the evidence;
>
> (2) the degree of prejudice suffered by the opposing party; and
>
> (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party.

*See Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994); *Positran*, 2003 WL 21104954, at *2; *Wechsler*, 121 F. Supp. 2d at 415.[4]

First, in assessing the degree of fault of the party that destroyed the relevant evidence, "the court must consider whether that party intended to impair the ability of the other side to effectively litigate its case." *Positran*, 2003 WL 21104954, at *2; *Wechsler*, 121 F. Supp. 2d at 415. Additionally, "it must appear that there has been an actual suppression or withholding of the evidence; no unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for." *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983); *see also Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) (the spoliation of evidence was not intentional; the "destruction or failure to produce the record could have been due to many reasons unrelated to the lawsuit"). The spoliation must be "intentional" and indicate "fraud and a desire to suppress the truth;" such culpability "does not arise where the destruction was a matter of routine with no fraudulent intent." *Gumbs*, 718 F.2d at 96 (quoting 19 Am. Jur. 2d Evidence § 177). Plaintiffs have offered no evidence that the defendants or their subordinates had the requisite intent to impair the Plaintiffs' ability to litigate. Indeed, there is no evidence that either individual Defendant even knew that Chaffinch's computer was to be reimaged, much less that they directed it in bad faith.

---

[4] Plaintiffs rely heavily on the standard set forth by the U.S. District Court for the Southern District of New York in *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004), which is instructive, but has not been adopted by the Third Circuit. *Zubulake* requires the proponent of sanctions to establish: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* at 430. Plaintiffs have failed to meet either the *Zubulake* requirements or the Third Circuit requirements for sanctions.

2045068v5

Second, in assessing the degree of prejudice suffered by the non-spoiling party, the Court also must assess whether the non-spoiling party has provided any "extrinsic evidence that the subject matter of the lost or destroyed materials would have been unfavorable" to the spoliator or would have been relevant to the issues in the lawsuit. *See Skeete v. McKinsey & Co., Inc.*, Civ. A. No. 91-8093 (PKL), 1993 WL 256659, at *7 (S.D.N.Y. July 7, 1993); *see also Kronisch v. United States*, 150 F.3d 112, 127 (2d Cir. 1998) ("We must also attempt to determine whether there is any likelihood that the destroyed evidence would have been of the nature alleged by the party affected by its destruction."). In providing this extrinsic evidence, the non-spoiling party must do more than engage in "pure speculation as to the content of these materials." *See Skeete*, 1993 WL 256659, at *7; *see also Schmid*, 13 F.3d at 81 (finding "very little non-speculative prejudice" to the non-spoiling party).

Plaintiffs have failed to establish that they will suffer any prejudice as a result of the "spoliation" of "evidence." Indeed, Plaintiffs have offered nothing but guesses as to what was destroyed and the self-serving assertion that "it is clear that defendants intentionally and willfully destroyed Chaffinch's hard drive." (*See* Pls'. Br. at 13, 15.) Far-reaching, off-the-mark speculation regarding the contents of Chaffinch's hard drive does not substitute for facts, and the facts show that Chaffinch had little to no involvement in the matter. In short, Plaintiffs' attempt to fabricate a reason to sanction Defendants has fallen short; any sanction, particularly a default judgment, is unjustified and will result in substantial unfairness to Defendants.[5]

---

[5] Moreover, none of the three aims of spoliation sanctions – remediation, punishment, and deterrence – is applicable here, because Defendants have not intentionally destroyed evidence for the purpose of subverting justice and Plaintiffs have not been prejudiced. *See Paramount Pictures Corp.*, 2005 WL 3303861, at *8 n.3.

9

### C. There Is No Tenable Basis For A Default Judgment In This Matter.

Plaintiffs' demand for the ultimate sanction of a default judgment in this matter is ridiculous, as the facts of this case do not fit within the small subset of cases that warrant the imposition of the most severe sanction available to courts.

In determining the appropriate sanction for spoliation of evidence, courts should "select the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim." *Schmid*, 13 F.3d at 79 (quoting Gorelick, *et al.*, Destruction of Evidence, § 3.16); *see also Paramount Pictures Corp.*, 2005 WL 3303861, at *9. Default judgment is reserved for extreme situations where the spoliation of evidence has resulted in severe prejudice to the opposing party and it was the intention of the spoiling party to cause such prejudice. *See Wechsler*, 121 F. Supp. 2d at 415; *see also West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (dismissal is "a 'drastic remedy' and should 'be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions.'") (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)); *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 189 F.R.D. 76, 81 (S.D.N.Y. 1999) (quoting *Goodyear*); *Baliotis v. McNeil*, 870 F. Supp. 1285, 1289 (M.D. Pa. 1994) ("A sanction that has the drastic result of judgment being entered against the party who has lost or destroyed evidence must be regarded as a 'last resort,' to be imposed only if no alternative remedy by way of a lesser, but equally efficient sanction is available.") (internal citations omitted).

*In re Wechsler*, on which Plaintiffs rely extensively, provides an example of egregious spoliation that warranted the entry of a default judgment. In *Wechsler*, a vessel named the "Atlas" caught fire and caused substantial damage to several other vessels docked nearby. 121 F. Supp. 2d at 415 at 410. The Atlas previously had "numerous electrical problems," although the owner, Wechsler, represented that repairs had been made. *Id.* at 408-410. Experts for the

10

parties twice attempted to inspect the Atlas to determine the cause of the fire, but needed the assistance of an electrical expert to fully evaluate the charred vessel. *Id.* at 414. When investigators returned with an electrical expert, they were told by Wechsler's representative that the boat would be destroyed at noon that day. *Id.* Despite the parties' offers to assume responsibility for all storage costs for the vessel, Wechsler's representative destroyed the Atlas. *Id.* The court held that "the only reason which the court can discern for disposing of the ship would be to conceal unfavorable evidence." *See id.* at 430. The court further held that a default judgment was appropriate because the spoliation denied the claimants "a full and fair opportunity to prepare their case for trial." *See id.* at 423.

These facts stand in stark contrast to the situation here, where there is no indication that Chaffinch's hard drive was erased for the purpose of concealing unfavorable evidence and, more importantly, no indication that any evidence was destroyed at all. The destruction of Chaffinch's hard drive has had no impact on Plaintiffs' ability to prepare their case for trial. Because Plaintiffs have proved neither the culpability nor the prejudice required for any sanction – not to mention the "drastic remedy" of a default judgment – their motion is without merit and should be denied.

### D. Plaintiffs' Motion Violates Fed. R. Civ. P. 16.

On February 4, 2005, the Court issued a Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil Procedure. The Court set forth procedures for the resolution of discovery disputes, which consist of the following:

> Should counsel find that they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers . . . to schedule a telephone conference. Not less than forty-eight hours prior to the conference, . . . the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the court find further briefing necessary

11

> upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

Scheduling Order, dated February 4, 2005, at ¶ 3.b. Local Rule 7.1.1 has a similar requirement.

Plaintiffs chose to ignore the Court's procedures and, instead, on January 25, 2006, filed their discovery motion. Plaintiffs warned Defendants by sending the following e-mail to Defendants' counsel at 10:27 P.M. on Monday, January 23, 2006:

> *Pursuant to our local rule 7.1.1, please let me know by the end of the day tomorrow whether you consent to a default judgment being entered against your clients* in the Foraker and FTU cases as a sanction for their admitted destruction of Col. Chaffinch's work hard drive in approximately May 2005 despite the pendency of this litigation since August 2004.
>
> Until recently, I had never previously run into or dealt with any destruction of evidence issues. If you have any creative ideas that you think would adequately sanction your clients, deter similar illegal acts and help remedy the grave prejudice plaintiffs have suffered, I am open to suggestions.

(*See* App. at B-14 (emphasis added).) To give defense counsel less than twenty-four hours to respond with summary judgment motions due at the same time effectively eliminates the Court's conference requirement.

By evading the Scheduling Order, Plaintiffs have caused Defendants to expend time and resources in preparing a response to their frivolous motion. Plaintiffs have subverted the purpose for which the simplified discovery procedures in the Scheduling Order were established – to decrease the burden on the Court and the parties while preparing for trial. Rather, they have increased the burden on the parties and the Court.

12

2045068v5

Additionally, in filing their motion without any meaningful consultation with defense counsel, Plaintiffs have failed to make "a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion" as required by Local Rule 7.1.1. The belligerent and belittling tone of counsel's e-mail and the short time defense counsel was given to respond hardly can be characterized as a "reasonable effort" to consult with opposing counsel to resolve the issue.

In short, Plaintiffs' Motion violates the Scheduling Order and Local Rule 7.1.1 and, accordingly, should be rejected. Moreover, in light of Plaintiffs' blatant disregard for the procedures set forth in the Scheduling Order, Plaintiffs should be compelled to pay the expenses of Defendants' attorneys in responding to Plaintiffs' motion pursuant to Fed. R. Civ. P. 16(f).

## VI.     CONCLUSION

For the reasons set forth above, Defendants request that the Court deny Plaintiffs' Motion for Sanctions. Defendants further request that Plaintiffs be compelled to pay the reasonable expenses of Defendants in responding to their motion.

                                                          Respectfully submitted,

Date: February 8, 2006                        */s/ Noel C. Burnham*
                                                    Noel C. Burnham (DE Bar No. 3483)
                                                    Richard M. Donaldson (DE Bar No. 4367)
                                                    Montgomery, McCracken, Walker & Rhoads, LLP
                                                    300 Delaware Avenue, Suite 750
                                                    Wilmington, DE 19801
                                                    Telephone: (302) 504-7840
                                                    Facsimile: (302) 504-7820

                                                    Edward T. Ellis
                                                    Robert J. Fitzgerald
                                                    Montgomery, McCracken,
                                                      Walker & Rhoads, LLP
                                                    123 South Broad Street
                                                    Philadelphia, PA 19109
                                                    (215) 772-1500

                                                    *Counsel for Defendants L. Aaron Chaffinch,*
                                                    *Thomas F. MacLeish, David B. Mitchell, and the*
                                                    *Division of State Police, Department of Safety and*
                                                    *Homeland Security, State of Delaware*

## CERTIFICATE OF SERVICE

This is to certify that two (2) copies of Defendants' Answering Brief to Plaintiffs' Motion for Sanctions and Other Relief were served by hand delivery this 8th day of February 2006 on:

>Thomas Stephen Neuberger, Esquire
>Stephen J. Neuberger, Esquire
>The Neuberger Firm, P.A.
>Two East Seventh Street
>Suite 302
>Wilmington, DE  19801
>
>Martin D. Haverly, Esq.
>Two East Seventh Street
>Suite 302
>Wilmington, DE  19801-3707
>
>*Attorneys for Plaintiffs*

>      /s/ Noel C. Burnham      
>Noel C. Burnham (DE Bar No. 3483)