IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL B. KURT PRICE, et al.,** | : | |
| | : | C.A. No. 04-956-GMS |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.** | : | |
| | : | |
| **Defendants.** | : | |

_____

| | | |
|---|---|---|
| **SERGEANT CHRISTOPHER D. FORAKER,** | : | |
| | : | |
| **Plaintiff,** | : | C. A. No. 04-1207-GMS |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.** | : | |
| | : | |
| **Defendants.** | : | |

PLAINTIFFS' MOTION IN LIMINE
TO PRECLUDE EXPERT
TESTIMONY OF BRIAN P. SULLIVAN

Plaintiffs, through their undersigned counsel, hereby move this Court for an Order precluding any testimony of Brian P. Sullivan, Ph.D. at trial involving vocational expert matters. Mr. Sullivan has been identified as an expert witness by Defendants. However, he has no expertise on a portion of the matters upon which he proposes to testify. Moreover, if permitted to testify, Mr. Sullivan will improperly offer opinions and conclusions which will confuse the jury.

**I.    Facts.**

Defendants plan to call Brian P. Sullivan, Ph.D. ("Sullivan") as an "expert" to testify as

to the plaintiffs' vocational earning capacity when they leave employment as police officers with the Delaware State Police ("DSP"). Yet, Sullivan has absolutely no qualifications to testify as an expert about these matters. (See Sullivan's Curriculum Vitae attached as Exhibit A). He is an economist, not a vocational expert. A review of his expert reports (Exhibits B-D) reveal that he intends to testify that plaintiffs could earn $74,262 to $97,925 per year as a senior manufacturing sales representative[1] and $36,200 to $46,700 as an entry level manufacturing sales representative.[2] As to plaintiff Foraker, he assumes that vocationally Foraker will obtain employment such that he will have no loss after five years.[3] He has no expertise which would allow him to assess plaintiffs' ability to obtain a job earning such high figures, which at the high end exceed the amount earned by plaintiff after 20 plus years of distinguished service with the DSP. He provides no vocational rationale as to why these particular plaintiffs should be considered capable of earning such figures, perhaps due to his acknowledgment that he really does not have the expertise to pull such numbers out of the air. Indeed, when identifying entry level compensation his reports refer to an "above mentioned survey" which is never mentioned. (See Exhibits B-D, p.1-3). Such testimony does not aid the fact-finder as expert testimony under Rule 702 of the Federal Rules of Evidence. Instead, it is likely to confuse the jury. His testimony, therefore, must be precluded.[4]

---

[1]Exhibits B-D, p.3.

[2]Exhibits B-D, p.3.

[3]Exhibit B, p.4.

[4]Mr. Sullivan's future economic loss figures are based upon the excludable, phantom future job figures and, therefore, must be excluded as well.

**II.     Argument - Brian Sullivan Lacks the Qualifications of a Vocational Expert.**

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise.

F.R.E. 702. Mr. Sullivan has no "scientific, technical, or other specialized knowledge" that qualifies him as an expert to testify as to whether or not plaintiffs can, after leaving the DSP, obtain a job which would afford them the large compensation packages used in his reports. He is an economist, not a vocational expert.[5]

Under the Federal Rules of Evidence, the Court must ensure that any expert testimony that is admitted is not only relevant, but reliable. In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 742 (3d Cir. 1994), citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 588-89 (1993). An expert's belief cannot be based on "subjective belief or unsupported speculation"; the expert must have "good grounds" for his or her belief. Daubert, 509 U.S. at 590. See also Aloe Coal Co. V. Clark Equipment Co., 816 F.2d 110, 114 (3d Cir. 1987)("an expert witness must have such skill, knowledge, or experience in the field as to make it appear that his opinion will probably aid the trier of fact in his search for the truth."). If an expert is not qualified, or if his or her opinion is not reliable, the opinion is not admissible regardless of its content. Smith v. Ortho Pharmaceutical Corp., 770 F. Supp. 1561, 1566 (N.D. Ga. 1991); See also Bammerlin v.

---

[5]Meanwhile, Plaintiffs have arrayed three experts who have provided expert reports concerning plaintiffs' economic damages: 1) Economist Dr. Thomas Borzilleri (See Curricullum Vitae and reports attached as Exhibits E - H, 2) Vocational expert Jose Castro (See Exhibits I - K), and 3) Firearms Industry expert Bud Fini (See Exhibits L-M).

Navistar Int'l Transp. Corp., 30 F.3d 898, 901 (7th Cir. 1994)(the court should "assure itself, before admitting expert testimony, that the expert knows whereof he speaks"); Van Blargan v. Williams Hospitality Corp., 754 F. Supp. 246, 249-50 (D.P.R. 1991)(fact that a person spends a substantial amount of time "consulting with attorneys and testifying in trials" is not "automatic qualification guaranteeing admission of expert testimony"; "experts whose opinions are available to the highest bidder have no place testifying in the court of law").[6]

In this case, Mr. Sullivan does not have the "knowledge, skill, experience, training or education" to qualify him as a vocational expert. A review of his curriculum vitae reveals that by education and training he is an economist. As pointed out in the Section I, Facts Section of this Motion, he has no training and no professional background that would qualify him as an expert at determining what jobs and/or what industries plaintiffs' personal skill sets would qualify them. He fails to adequately cite surveys to identify the figures he uses, cites national rather than local Delaware figures when he attempts to cite surveys, and fails to provide adequate rationales for using such figures. (See Exhibits B-D, p.3-4). Unsupported speculation does not constitute the "good grounds" required by Daubert. See 509 U.S. at 590. Simply put, his testimony will only confuse the jury.

**III.  Conclusion:**

Mr. Sullivan is not qualified as an expert with regard to the matters about which he proposes to testify. Moreover, his testimony is likely to confuse the jury. In sum, Mr. Sullivan's proposed testimony is improper and must be precluded.

---

[6]Typically, a trial court's determination whether to admit or exclude expert testimony will be upheld "unless manifestly erroneous." Aloe Coal Co., 816 F.2d at 114.

       Respectfully Submitted,

       **MARTIN D. HAVERLY, ATTORNEY AT LAW**

       /s/ Martin D. Haverly
       **MARTIN D. HAVERLY, ESQ. (#3295)**
       Two East Seventh Street, Suite 201
       Wilmington, DE 19801
       (302) 654-2255
       Martin@HaverlyLaw.com

       **THE NEUBERGER FIRM, P.A.**

       /s/ Thomas S. Neuberger
       **THOMAS S. NEUBERGER, ESQ. (#243)**
       **STEPHEN J. NEUBERGER, ESQ. (#4440)**
       Two East Seventh Street, Suite 302
       Wilmington, DE 19801
       (302) 655-0582
       TSN@NeubergerLaw.com
       SJN@NeubergerLaw.com

Dated: February 28, 2006       Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL B. KURT PRICE, et a.,** | : | |
| | : | **C.A. No. 04-956-GMS** |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.** | : | |
| | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **SERGEANT CHRISTOPHER D. FORAKER,** | : | |
| | : | |
| **Plaintiff,** | : | **C. A. No. 04-1207-GMS** |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.** | : | |
| | : | **E-Filed** |
| **Defendants.** | : | |

## ORDER

AND NOW, this ____ day of _____, 2006, upon consideration of Plaintiffs' Motion in Limine to Preclude the Testimony of Brian P. Sullivan, Ph.D., and Defendants' Response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and that Brian P. Sullivan, Ph.D. is hereby precluded from testifying in the trial of this action.

BY THE COURT:

_____

U.S.D.J.