**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**


B. KURT PRICE, et al.,                     :
                                           :
                    Plaintiff,             :
                                           :            C.A. No. 04-956-GMS
          v.                               :
                                           :
L. AARON CHAFFINCH, et al.,                :
                                           :
                    Defendants.            :


**ANSWERING BRIEF
IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
SELECT PORTIONS OF DEFENDANTS' REPLY BRIEF AND APPENDIX**


Date:  March 10, 2006                    Noel C. Burnham (DE Bar # 3483)
                                         Richard M. Donaldson (DE Bar I.D. #4367)
                                         Montgomery, McCracken, Walker & Rhoads, LLP
                                         300 Delaware Avenue, Suite 750
                                         Wilmington, DE  19801
                                         (302) 504-7840

                                         *Counsel for Defendants L. Aaron Chaffinch,
                                         Thomas F. MacLeish, David B. Mitchell, and the
                                         Division of State Police, Department of Safety and
                                         Homeland Security, State of Delaware*


2052510v2

I.      **INTRODUCTION**

Plaintiff Kurt Price concealed a document, written in his own handwriting, that he sent to

the Omega Medical Center in February 2004 to request "lead [and] copper tests, as well as

physcial examinations" on the Plaintiffs in this case.  (Appendix to Defendants' Reply Brief

("Defs.' Reply App.") at C-1.)     Apparently unaware that Omega had retained a copy of the

document and feeling the need to embellish his litigation position, Price argued in his summary

judgment papers that he had asked Omega to perform only blood tests and no hearing

examinations.  Price's cohort, Christopher Foraker, represented to this Court in an unsworn

declaration, "We [i.e., Plaintiffs] did not request that we be given hearing or audiological testing.

Instead, we solely requested blood and urine testing."  (Pls.' App. (Vol. VII) at A2987 (Foraker

Unsworn Decl. ¶ 6).)  Price and Foraker then asked the Court to conclude that, since they did not

ask for the hearing tests, it must have been the defendants who directed them.  (See, e.g., id.

(Foraker Unsworn Decl. ¶ 7).)   These hearing tests at Omega led ultimately to findings by two

physicians that Kurt Price and fellow plaintiff, Wayne Warren, are not fit for duty as state

troopers.

Counsel for Defendants had in their files a copy of Price's handwritten request for

"physical examinations" as a result of contact with Omega in the early stages of this litigation.

Counsel did not produce the document in discovery because of inadvertence.  It should also be

noted that, until the summary judgment motions, the issue of who asked for the Omega hearing

tests did not appear to be a disputed issue in the case.  In response to the claims by Price and

Foraker (as well as Warren) that they had not asked for anything more than blood tests,

Defendants included their copy of Price's instructions to Omega as part of their reply brief.  This

document should not have been a surprise to Plaintiffs, but has obvious implications for their

truthfulness, and it undercuts their position in opposition to Defendants motion for summary

judgment.  Instead of being embarrassed by their lack of candor to the legal process, Plaintiffs

Price, Warren, and Foraker now ask the Court to make the incriminating document – written by

Price himself – disappear.  The Court should reject this brazen attempt to re-write the history of

this case.

## II.     DISCUSSION

### A.     Plaintiffs Have Not Claimed and Cannot Establish Any Prejudice as a Result of Defendants Evidence.

Plaintiffs contend that Price's fax-cover sheet is "new evidence" that "taint[s] the well

established record."  (Pls.' Mot. 2.)  They argue further that Defendants' reliance on that

document "amounts to impermissible 'sandbagging'" under Local Rule 7.1.3(c)(2).  (Id. (citing

Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc., No. Civ. A. 00-589 GMS, 2002 WL

531555, at *3 (D. Del. Mar. 26, 2002).)  The insinuation, of course, is that Defendants

purposefully withheld this evidence both to surprise Plaintiffs and to prevent an effective

response.  They ask the Court to strike Price's incriminating document.  While it is true that

Defendants inadvertently failed to produce the fax-cover sheet earlier in discovery, it is also true

that this document is not a surprise to the Plaintiffs.  Price wrote it, and the Plaintiffs do not

dispute its authenticity.  Plaintiffs themselves have the original and should have produced it

themselves during discovery.  It may well be prejudicial to their position on the issue of who

asked for physical examinations, but the prejudice arises out of their own mendacity, not out of

Defendants' actions in advertently failing to disclose that they had the document.  In sum,

Plaintiffs cannot claim surprise or prejudice arising out of the late production of a document at

least one of them knew about from its creation.

2052510v2

**B.      Defendants Have Not Violated the Local Rules.**

Defendants' use of Price's fax-cover sheet does not violate Local Rule 7.1.3(c)(2).  This

rule seeks to prevent the introduction of new legal arguments in a way that prevents the other

side from answering the point and deprives the court of the opportunity to consider the parties'

true positions.  In Rockwell Technologies, for example, the plaintiff argued for the first time in

its reply brief that the defendants had waived certain affirmative defenses.  2002 WL 531555, at

*3.  This Court rejected the "tactic of reserving new arguments" until such a time and manner

that the other side could not respond.  Id.  The other cases cited by Plaintiffs reach the same

conclusion: the courts rejected a party's attempt to spring new legal arguments in a way that

precluded the other side from fully addressing the issue.  See Jordan v. Bellinger, No. Civ. A. 98-

230-GMS, 2000 WL 1239956, at *5 n.7 (D. Del. Aug. 28, 2000) (refusing to consider "argument

[that] was not raised in the defendants' opening brief"); Adkins v. Bell Atlantic Corp., No. 98-

254 GMS, 2000 WL 1728368, at *11 n.13 (D. Del. Feb. 16, 2000) ("Aside from the fact that this

[legal] argument was improperly raised for the first time in a reply brief, this argument has no

merit.") (citation omitted); Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co., No. Civ. A. 97-

529-MMS, 2000 WL 135129, at *1 n.4 (D. Del. Jan. 13, 2000) ("Because AIG raised this

argument for the first time in its reply brief and, thus, ARA has not had an opportunity to

respond, this argument is not properly before the Court.") (citation omitted).

Defendants in this case have not asserted a new or different legal position that requires

additional research or further briefing.  Rather, Defendants have introduced one document that

bears on Plaintiffs' argument that they sought "only" blood tests and in support of Defendants'

position that Plaintiffs requested medical exams.  Defendants' introduction of Price's document,

an undisputedly relevant piece of evidence, is no different than citing a new case in a reply brief

to address an argument first raised in an answering brief.  See Federal Insurance Co. v.

-3-

2052510v2

Signactics, Inc., Nos. 97-343-SLR, 97-647-SLR, 1998 WL 175882 (D. Del. mar. 26, 1998)

(denying motion to strike surreply that sought to distinguish case law first raised in reply brief;

"This is not a situation where one party misled the other by holding back arguments until the

reply brief ….")  It cannot seriously be argued that using additional legal authority in a reply

brief is "sandbagging."  Likewise, Defendants use of additional factual support that Plaintiffs

were already aware of is not against the rules or otherwise unfair.

## III.    CONCLUSION

For the reasons stated above, as well as those set forth in the Opening Brief in Support of

Defendants' Motion for Summary Judgment and in Defendants' Reply Brief, the Court should

deny Plaintiffs' Motion to Strike, should consider the evidence at issue, and should award

summary judgment in Defendants' favor.

Respectfully submitted,

Date:  March 10, 2006                    _____*/s/ Noel C. Burnham*_____
                                          Noel C. Burnham (DE Bar No. 3483)
                                          Richard M. Donaldson (DE Bar No. 4367)
                                          Montgomery, McCracken, Walker & Rhoads, LLP
                                          300 Delaware Avenue, Suite 750
                                          Wilmington, DE 19801
                                          Telephone:  (302) 504-7840
                                          Facsimile:  (302) 504-7820

                                          Edward T. Ellis
                                          Robert J. Fitzgerald
                                          Montgomery, McCracken,
                                            Walker & Rhoads, LLP
                                          123 South Broad Street
                                          Philadelphia, PA  19109
                                          (215) 772-1500

                                          *Counsel for Defendants L. Aaron Chaffinch,
                                          Thomas F. MacLeish, David B. Mitchell, and the
                                          Division of State Police, Department of Safety and
                                          Homeland Security, State of Delaware*

-4-

2052510v2

## CERTIFICATE OF SERVICE

This is to certify that two (2) copies of the Answering Brief in Opposition to Plaintiffs

Motion To Strike Select Portions Of Defendants' Reply Brief And Appendix were served by first

class mail this 10th day of March 2006 on:

Thomas Stephen Neuberger, Esquire
Stephen J. Neuberger, Esquire
The Neuberger Firm, P.A.
Two East Seventh Street
Suite 302
Wilmington, DE  19801

Martin D. Haverly, Esquire
Two East Seventh Street
Suite 302
Wilmington, DE  19801-3707

*Attorneys for Plaintiffs*


        /s/ Noel C. Burnham
Noel C. Burnham (DE Bar No. 3483)

2052510v2