## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| SERGEANT CHRISTOPHER FORAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-1207-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

**ANSWERING BRIEF
IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE
<u>TO LIMIT THE CROSS EXAMINATION OF CAPT. GLENN DIXON</u>**


Date:  March 14, 2006

Noel C. Burnham (DE Bar # 3483)
Richard M. Donaldson (DE Bar I.D. #4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7840

*Counsel for Defendants L. Aaron Chaffinch,
Thomas F. MacLeish, David B. Mitchell, and the
Division of State Police, Department of Safety and
Homeland Security, State of Delaware*

I.      **INTRODUCTION**

      The plaintiffs intend to call Barbara Conley and Glenn Dixon, both captains in the Delaware State Police, to testify that on April 6, 2004, shortly before he left for a media tour of the DSP indoor firing range, Defendant Col. Aaron Chaffinch entered Conley's office at DSP headquarters and, without being provoked, told Conley and Dixon that he was "going to put it on him, on f***ing Foraker" and "lay a lot of the blame on Foraker for the range." (Pls.' Mot. 1 n.1.) Chaffinch denies making these statements, and denies that such a conversation occurred. (Combined Appendix to Defendants' Opening Briefs in Support of Motions for Summary Judgment ("CA") at A-313 – A-315 (Chaffinch Dep. 176-82).)

      Chaffinch intends to support his denials in several ways, one of which is through his testimony that on April 6, 2004, he did not trust Conley or Dixon, and did not feel comfortable confiding in them as to matters of the kind they allege. His distrust had two bases. As to Conley, other state troopers had reported to Chaffinch that after a meeting in the Police Academy in July 2003, Conley was present for an angry tirade by Captain Greg Warren, who announced to a number of troopers that he had met with his attorney and was moving to sue Chaffinch for not promoting him to Major. Conley responded to Warren's angry tirade by "high-fiving" him and then telling certain of the other troopers present: "you may be friends with Chaffinch, but he ain't all that." Warren filed suit against Chaffinch later in 2003, and was in discovery at the time of the April 6, 2004, incident.

      Shortly after Chaffinch heard about Conley's participation in Greg Warren's tirade at the Academy, he also learned from Glenn Dixon's wife that Dixon was in love with Barbara Conley. As plaintiffs have pointed out in their Opening Brief on this subject, Chaffinch had several other sources as well on the Conley-Dixon relationship.

Chaffinch contends that the Conley-Warren litigation celebration and the Conley-Dixon sexual relationship are relevant and admissible because of the effect the events had on him. They made him wary and distrustful around Conley and Dixon, and made him unwilling to confide in them. His unwillingness to confide is probative on the plaintiffs' contention here that Chaffinch walked into the office of a person known to be sympathetic to litigant Warren and, while her lover was observing, made derogatory comments about litigant Foraker, who reported to Warren in the DSP chain of command and who shared his lawyer.[1]

The plaintiffs argue incorrectly in their Opening Brief that much of what Chaffinch knows is "perhaps double, triple or other levels of hearsay." Pls.' Mot. 3. It is well-established that an out of court statement that might under some circumstances be hearsay is not if introduced to show the effect of the out of court statement on the witness. U.S. v. Tyler, 124 Fed. Appx. 124 (3d Cir. 2005); U.S. v. Harris, 942 F.2d 1125, 1130 (7th Cir. 1991); Schanzer v. United Technologies Corp., 120 F. Supp. 2d 200, 216 (D. Conn. 2000); Mgmt. Info. Technologies, Inc. v. Alyeska Pipeline Serv. Co., 1993 U.S. Lexis 16070 (D.D.C. 1993). As noted above, Chaffinch is prepared to testify that the events that had been relayed to him left him distrustful of Conley and Dixon. Whether the statements he heard are true is not the point. Thus, defendant Chaffinch should be permitted to testify about Conley and Dixon in the event the plaintiffs call them to testify about what they allege Chaffinch said to them about Foraker.

The plaintiffs seek to bar the defense from questioning Dixon abut his affair with Conley during cross-examination.[2] The basis for the objection is apparently that Chaffinch's sources of

---

[1] Plaintiffs characterize Capt. Conley as a "non-party … minor fact witness in these cases." (Pls.' Mot. 1.) Plaintiffs intentionally understate Capt. Conley's relationship with Defendants. As this Court knows, Conley has sued both Defendants in this court, alleging sex discrimination and retaliation. She has the same lawyer as the plaintiffs.
[2] Plaintiffs' Motion was filed as Docket Index No. 106 in Price v. Chaffinch, No. 04-956 (D. Del.) and Docket Index No. 89 in Foraker v. Chaffinch, No. 04-1207 (D. Del.).

information are not first-hand. The sources of Chaffinch's information are not germane to whether defense counsel can conduct proper cross-examination of Glenn Dixon. To test Chaffinch's theories about Glenn Dixon's behavior with Barbara Conley would require a mini-trial and add at least a half-dozen witnesses to the case. Rule 403, Fed. R. Evid. would likely preclude such an exercise. However, if Chaffinch's attorneys can cast doubt on Dixon's veracity through cross-examination, they should be allowed to do so.

## II.     CONCLUSION

For the reasons stated above, the Court should deny Plaintiffs' Motion in Limine to Limit the Cross Examination of Captain Glenn Dixon.

Respectfully submitted,

Date: March 14, 2006

*/s/ Noel C. Burnham*

Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
Telephone: (302) 504-7840
Facsimile: (302) 504-7820

Edward T. Ellis
Robert J. Fitzgerald
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

*Counsel for Defendants L. Aaron Chaffinch, Thomas F. MacLeish, David B. Mitchell, and the Division of State Police, Department of Safety and Homeland Security, State of Delaware*

**CERTIFICATE OF SERVICE**

This is to certify that two (2) copies of the Answering Brief in Opposition to Plaintiffs' Motion In Limine to Limit the Cross Examination of Capt. Glenn Dixon were served by first class mail this 14th day of March 2006 on:

> Thomas Stephen Neuberger, Esquire
> Stephen J. Neuberger, Esquire
> The Neuberger Firm, P.A.
> Two East Seventh Street, Suite 302
> Wilmington, DE  19801
>
> Martin D. Haverly, Esquire
> Two East Seventh Street, Suite 201
> Wilmington, DE  19801-3707
>
> *Attorneys for Plaintiffs*

> */s/ Noel C. Burnham*
> _____
> Noel C. Burnham (DE Bar No. 3483)