IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORPORAL B. KURT PRICE, et al., : | |
| : | |
| Plaintiffs, : | |
| : | C.A. No. 04-956-GMS |
| v. : | |
| : | |
| COLONEL L. AARON CHAFFINCH, et al., : | |
| : | |
| Defendants. : | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT
OF MOTION IN LIMINE TO LIMIT TESTIMONY OF
DAVID L. BAYLOR**

Defendants submit this brief in support of their motion to exclude from trial certain proposed testimony of retired Major David L. Baylor. Plaintiffs have identified Baylor as one of their key witnesses at trial. During his deposition, Baylor testified as to the medical condition and duty status of thirty DSP troopers. He further claimed that the DSP always gives such injured troopers two years of light duty, regardless of the nature and extent of their injuries. However, Major Baylor lacks the requisite personal knowledge to testify to such matters at trial.

**I.      ARGUMENT**

**A.      Baylor Lacks Sufficient Personal Knowledge to Testify as to Medical Condition Or Duty Status Of Comparators.**

Federal Rule of Evidence 602 states in relevant part that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." In this case, the evidence establishes that Baylor lacks the requisite personal knowledge about the actual injuries or duty status of the several DSP troopers to which Plaintiffs compare themselves. Accordingly, he should not be permitted to testify about these troopers' medical condition or make any assertion concerning the application of the DSP's injury leave policy to these individuals.

During the course of his deposition, Baylor was asked about the DSP's treatment of numerous troopers who Plaintiffs allege had been placed on light duty for at least two years because of work related injuries. Most of these troopers are by now familiar to the Court:

| | | | | |
|---|---|---|---|---|
| 1. | Randy Armistead | | 16. | Jerome Lovelace |
| 2. | Susan Brady | | 17. | William Merritt |
| 3. | David Citro | | 18. | James Mosley |
| 4. | Joseph Condron | | 19. | Randy Mosley |
| 5. | Anthony D'Allesandro | | 20. | Sean Nowery |
| 6. | Joseph Forrester | | 21. | Bruce Peachey |
| 7. | Jeff David | | 22. | Christine Price |
| 8. | Mark Givens | | 23. | Thomas Robbins |
| 9. | David Henderson | | 24. | James Romanelli |
| 10. | Jahn Hitchens | | 25. | Bo Sarley |
| 11. | Everett Jackson | | 26. | Robert Schlifer |
| 12. | Michael Jordan | | 27. | Paul Sczbulek |
| 13. | Laura Mayhew King | | 28. | Steve Swain |
| 14. | Charles Klim | | 29. | Rick Van Blunt |
| 15. | Michael Linz | | 30. | Scott Warner |

As is clear from his deposition testimony, Baylor, a now-retired state trooper, does not possess any real knowledge about the medical conditions of any of these troopers. For example, Baylor does not know when the "comparators" were injured. (Baylor Dep. 309-16) (attached as Exhibit A).) He also admits that he does not know whether any of these troopers was declared permanently disabled by a doctor. (Id. at 302, 303-04, 309-16, 327-28).) This is the critical question in these cases because Plaintiffs Price and Warren have been deemed permanently disabled, a condition which, under the applicable injury-leave policy, explains Defendants' treatment of Plaintiffs.[1]

---

[1] Baylor also acknowledges that he does not know the nature or extent of the injuries suffered by Plaintiffs Price and Warren and that his testimony attempting to compare Plaintiffs to others is based on assumptions. (Baylor Dep. 331-32; 334; 346-47.)

Baylor similarly lacks personal knowledge about how the comparators were treated by the DSP. For example, Baylor admits that he knows absolutely nothing about the duty status of Susan Brady (id. at 142); Joseph Condron (id. at 115-16, 311-12); Anthony D'Allesandro (id. at 142); Michael Jordan (id. at 123-24); Charles Klim (id. at 97-98, 311); Jerome Lovelace (id. at 108-09); James Mosley (id. at 116-17, 312-13, 325-26); Randy Mosley (id. at 142, 312-13, 325-26); Thomas Robbins (id. at 153-54); or Rick Van Blunt (id. at 157). Baylor also does not have any admissible information about the actual medical condition, the severity of the injury, or the duty status of those troopers that Baylor may have commanded in some way at some time, including Everett Jackson (Baylor Dep. at 132-34); William Merritt (id. at 134-38, 322-25, 371); Bruce Peachey (id. at 98-107, 302-04, 307-09, 375-77); Christine Price (id. at 124-126, 316-18); Robert Schlifer (id. at 119-23, 314-16); and Scott Warner (id. at 139-42).

In sum, Baylor cannot testify in any useful detail about whether the alleged comparators in this case were put on rehabilitation status or "light duty," the reasons they were given modified duty, or how long they remained in that status. (See, e.g., id. at 309-16).) Anything that Major Baylor claims to "know" here comes from speculation, rumor, and hearsay. Accordingly, Plaintiffs should not be permitted to present any testimony from Major Baylor regarding these individuals, their alleged injuries, or their alleged placement on two years of light duty.

> **B.  Baylor Lacks Sufficient Personal Knowledge to Testify as to An Alleged DSP Practice Or Custom to Place Injured Troopers on Two Years of Light Duty Regardless of the Nature or Extent of Their Injuries.**

Citing only his self-created understanding of the experience of the listed comparators, Baylor asserts that, irrespective of any written policy or manual, the DSP has a practice or custom of placing injured troopers on "light duty" for two years, no matter how severe and debilitating the trooper's injury was. Admissible testimony about unwritten practices or customs is necessarily dependent on knowledge about how various troopers were actually treated by the DSP. As set forth above, however, Baylor lacks

the personal knowledge needed to offer relevant testimony about other troopers. It therefore follows that Rule 602 precludes Baylor's speculation about the personnel practices or customs of the DSP.[2]

Presumably, Plaintiffs will point to Baylor's assignment in the DSP personnel office from September 1994 until April 1998 as a foundation for his testimony. That assignment, however, did not provide Baylor with enough hands-on experience or actual knowledge to testify about the application of the DSP injury-leave policy or the specific cases of the comparators. For example, while Baylor admits that he likely read the injury-leave policy at some point, he stated that John Dillman, the then-director of the human resource office, made the decisions and applied the policies. (Id. at 262-264.) Baylor, like the other uniformed officers in the department, was largely kept out of the loop. (Id. at 17.) Thus, not only can Baylor not explain the policy as written (id. at 266-76), he has no experience in the policy as applied. Even if one were to disregard Baylor's own description of his work while in personnel and assume that Baylor played some role in determining a trooper's injury leave or status, the knowledge he gained between 1994 and 1998 would not allow him testify knowledgeably on the experience of the comparators who were injured or were on leave at other times. Baylor admits as much. (Id. at 281.)

## II.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion and order that the proposed testimony of Major David Baylor is limited insofar as it relates to either the medical condition or duty status of DSP troopers or is offered to establish that the DSP has a practice or custom of placing injured troopers on two years of light duty regardless of the nature and extent of their particular injuries.

---

[2] This is the case whether Baylor's testimony is offered as a fact or a lay opinion under Federal Rule of Evidence 701, which requires any such opinion to be "rationally based on the perception of the witness." Otherwise, the jury would be permitted to hear testimony from a person who, to put it bluntly, doesn't know what he is talking about.

                                        Respectfully submitted,

|  |  |
|---|---|
| Date: March 16, 2006 | /s/ Noel C. Burnham |
| | Noel C. Burnham (DE Bar # 3483) |
| | Richard M. Donaldson (DE Bar I.D. #4367) |
| | Montgomery, McCracken, Walker & Rhoads, LLP |
| | 300 Delaware Avenue, Suite 750 |
| | Wilmington, DE  19801 |
| | (302) 504-7840 |
| | (302) 504-7820 – facsimile |
| | rdonaldson@mmwr.com |

                                        Counsel for Defendants L. Aaron Chaffinch, Thomas F. MacLeish, David B. Mitchell, and the Division of State Police, Department of Safety and Homeland Security, State of Delaware