IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL B. KURT PRICE, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A.No.04-956-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE SELECT PORTIONS OF DEFENDANTS' (1) REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND (2) ACCOMPANYING APPENDIX FOR FAILURE TO COMPLY WITH LOCAL RULE 7.1.3 AND THE FEDERAL RULES OF CIVIL PROCEDURE**

| | |
|---|---|
| **THE NEUBERGER FIRM, P.A.** | **MARTIN D. HAVERLY, ATTORNEY AT LAW** |
| **THOMAS S. NEUBERGER, ESQ. (#243)** | |
| **STEPHEN J. NEUBERGER, ESQ. (#4440)** | **MARTIN D. HAVERLY, ESQ. (#3295)** |
| Two East Seventh Street, Suite 302 | Two East Seventh Street, Suite 302 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 655-0582 | (302) 654-2255 |
| TSN@NeubergerLaw.com | Martin@HaverlyLaw.com |
| SJN@NeubergerLaw.com | |

Attorneys for Plaintiffs

Dated: March 20, 2006

On March 10, 2006, defendants filed their Answering Brief ("Answer") in response to plaintiffs' February 24, 2006 Motion to Strike. (D.I. 110). This is plaintiffs' Reply in Support of Their Motion to Strike.

**Discussion**

**A. Defendants Admit Their Failure to Produce the Document.** Defendants readily admit they "did not produce the document in discovery because of inadvertence." (Answer at 1). Under Local Rule 7.1.3(c)(2), the moving party "shall not reserve material for the reply brief which should have been included in a full and fair opening brief." There is no exception carved out for attorneys who inadvertently fail to include material in their opening brief. The Local Rule does not distinguish between inadvertent failures and failures that are part of a tactical plan to sandbag the opposing party. Either way, the failure results in the missed opportunity to use the document.

Counsel has the obligation to take painstaking measures to ensure all legal arguments are asserted in their opening briefs. Similarly, counsel must devote the same amount of attention to ensure all relevant documents are included. Defense counsels' failure to expend such time and effort should not come at the expense of affording plaintiffs a fair and full opportunity to respond. Defendants had every opportunity to cite to this document as supporting evidence in their Opening Brief. Plaintiff submits that their failure to do so, for whatever reason, results in their inability to rely upon it at this late stage.

**B. Defendants' Deceptive Attempt to Shift Focus Away from their Failure.** However, in an attempt to shift the Court's focus away from their failure to comply with the local rules, defendants misstate Local Rule 7.1.3(c)(2). Defendants claim the rule "seeks to prevent the introduction of new *legal arguments...*" (Answer at 3) (emphasis added). Yet the text of the rule clearly refers to the prevention of new "material," not solely legal arguments. Local Rule 7.1.3(c)(2); see Federal Insur. Co. V. Signatics, Inc., 1998 WL 175882, *2 (D.Del. March 26, 1998) (addressing a motion to strike an *affidavit*); Watkins v. New Castle County, 374 F.Supp.2d 379, 393 (D.Del. 2005) (the district court

1

refused to consider a *report* included in party's reply brief because it contradicted the mandate of Local Rule 7.1.3(c)(2)). When unambiguous, the plain meaning of the rule is to be applied. <u>Watt v. Alaska</u>, 451 U.S. 259, 266 n. 9 (1981). "[T]he words used, even in their literal sense, are the primary, and ordinarily most reliable, source of interpreting the meaning of any writing." <u>Id.</u> This rule is by no means complicated, rather its plain meaning is very clear. The rule explicitly uses the term "material" so as not to limit its scope to only legal arguments. Despite defendants' efforts to play fast and loose with the rule, its plain meaning prevents the inclusion of new material, such as the fax cover sheet, in their reply brief.

Additionally, defendants deceptively point the finger at plaintiff Price, falsely claiming he "concealed [the] document." (Answer at 1).[1] Although plaintiff did send the fax, he was never again in possession of the document. Further, if defendants truly believed plaintiffs were in possession of this document and were intentionally not producing it, it is notable that they wait until now, when their use of the document is being attacked, to bring it to the Court's attention.

However, the issue here is defendants' failure to make this document part of the record prior to their final summary judgment submission. Defendants had this document in their possession, plaintiffs did not. It was defendants' obligation to either make it part of the record through depositions or to include it in their Opening Brief and Appendix. They did neither.

In their Opening Brief, defendants managed to include an email which purportedly showed plaintiffs requested hearing tests. (DOB at 13). Yet when its real meaning was questioned, (PAB at 6), they suddenly come up with a new document to rely upon. (Reply at 2; Appendix at C-1). Now, plaintiffs have called them out on their disregard for the Local Rules and they claim "inadvertence." Fortunately, Local Rule 7.1.3(c)(2) prevents abuse of the briefing process in such a way. This is the very situation the courts contemplated when they held the tactic of introducing new evidence in a Reply is "impermissible 'sandbagging'" and will not be tolerated by the Court. <u>Rockwell Tech</u>, 2002 WL 531555

---

[1] The irony of the defense position is not lost on plaintiffs. (<u>Cf.</u> D.I. 87-88, 102 - discussing defendants' widespread destruction of electronic evidence in this case).

2

at * 3. Defendants' hollow claims of "inadvertence" and disgraceful attempts to place blame on plaintiffs in order to shift the Court's attention away from their own failure is of no consequence.

**C. Defendants Were Aware That Who Requested the Hearing Tests was an Issue in the Case.** Contrary to defendants' assertion, the issue of who requested hearing tests was an issue first raised in the Complaint. (First Amended Complaint ¶¶ 57-62,66-70; A1635-338). More importantly, defendants specifically addressed the issue in the October 18, 2005 deposition of Cpl. Price. Defense counsel pointedly asked plaintiff how the Omega exams got set up and if he was the person who set up the appointments. (Price at 117-18; A1289-90). This would have been an ideal time to introduce this fax cover sheet and question plaintiff about it. Additionally, other witnesses testified that if a trooper requested blood tests and the DSP sent them for hearing tests it would be "unusual." (Dillman 149-51, 159, 157-58; A2525-27, 2535, 2533-34). Defendants were well aware that a central issue to the case was that plaintiffs were sent for unrequested hearing tests. Perhaps it is not plaintiffs' "mendacity" or "lack of candor" which should be questioned. (Answer at 2).[2]

**Conclusion**

For the reasons discussed at length above and in plaintiffs' Motion to Strike, the document bates-stamped C-1 (the fax cover sheet) should be stricken from the record and all portions of defendants' Reply (D.I. 104) which relies upon them also should be stricken.

---

[2] Of course, this is not surprising in light of the fact that defendants' own Executive Staff has testified about their sheer inability to tell the truth (Swiski 57;A2127), a fact that was also made abundantly clear to Judge Farnan and two federal court juries in the recent past. See Foraker v. Chaffinch, C.A. No.02-302-JJF (D.Del.); Bullen and Giles v. Chaffinch, et al., C.A. No. 02-1315-JJF (D.Del.). Conversely however, plaintiffs' integrity is unquestioned by innumerable officers throughout the DSP, including - for example - members of defendants' own Executive Staffs, defendant MacLeish himself and others. (See, e.g. Seifert 46; Papili 87-88, 15; Swiski 65; MacLeish 63; Yeomans 25-26; Warren 27-28; Davis 17; McQueen 7, 26, 32-33; Forester 51; A959, 873-74, 855, 980, 1007, 1181, 1168, 487, 1542, 1547-48, 616).

        Respectfully Submitted,

        **THE NEUBERGER FIRM, P.A.**

        /s/ Stephen J. Neuberger
        **THOMAS S. NEUBERGER, ESQ. (#243)**
        **STEPHEN J. NEUBERGER, ESQ. (#4440)**
        Two East Seventh Street, Suite 302
        Wilmington, Delaware 19801
        (302) 655-0582
        TSN@NeubergerLaw.com
        SJN@NeubergerLaw.com

Dated: March 20, 2006        Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on March 20, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

      Robert Fitzgerald, Esquire
      Montgomery McCracken Walker & Rhoads, LLP
      123 South Broad Street
      Philadelphia, PA 19109

      Richard M. Donaldson, Esquire
      Montgomery McCracken Walker & Rhoads, LLP
      300 Delaware Avenue, Suite 750
      Wilmington, DE 19801

      /s/ Stephen J. Neuberger
      **STEPHEN J. NEUBERGER, ESQ.**

FTU / Pleadings / Reply in Support of Motion to Strike Ds' SJRB. Final