IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL B. KURT PRICE, et al.,** | : | |
| | : | C.A. No. 04-956-GMS |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.** | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| **SERGEANT CHRISTOPHER D. FORAKER,** | : | |
| | : | |
| Plaintiff, | : | C. A. No. 04-1207-GMS |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.** | : | |
| | : | E-Filed |
| Defendants. | : | |

**PLAINTIFFS' REPLY TO DEFENDANTS' ANSWERING BRIEF IN
OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE
TO PRECLUDE EXPERT TESTIMONY OF
BRIAN B. SULLIVAN**

Despite defendants' protests to the contrary, Dr. Sullivan is offering testimony for which he is not qualified and/or which is unreliable and confusing.

**I.      AS TO QUALIFICATIONS**

Dr. Sullivan has no specialized knowledge, experience, training, or education to allow him to assume the entry level and senior manufacturing sales level figures he has assumed. He is not able to analyze plaintffs' marketable skills like Jose Castro and identify other jobs for which plaintiffs would be qualified. He cannot identify the likelihood that plaintiffs would get a sales

position as opposed to other positions, unlike vocational expert Jose Castro. Moreover, he relies solely on the 1998 Dartnell Survey,[1] which provides neither the geographic nor "years in service as a sales representative" specificity essential to make the necessary assumptions about plaintiffs' future earnings. He also fails to identify a reliable methodology for the numbers he chooses.

He certainly does not rely upon vocational expert Jose Castro's determination that as entry level sales representatives in the Delaware area plaintiffs could earn $33,486 annually. Indeed, he uses a range of $36, 200 to $46,700 per year in 1998 by apparently citing the Dartnell Survey. He then uses annual rates of increase in average hourly earnings for workers in the private non-farm sector of the economy to increase the first year's sales manufacturing representative earnings to a range of $44, 564 to $58,780. (Year 2006). This last range is the range he uses for entry level positions, not vocational expert Jose Castro's figures. The only item he uses from Jose Castro's report is the word "Salesmen."

In addition, he does not take into account the plaintiffs' marketable skills, the damages to their reputation, and the fact that it would be more difficult for them to get into sales outside of the firearms industry because they have no specialized knowledge in that industry. As a vocational expert, Jose Castro can, should and does take these factors into account when determining entry level job earnings for plaintiffs. Dr. Sullivan can't, wouldn't and doesn't.

---

[1] Apparently when referring to the "above-mentioned survey" on page 3 of Dr. Sullivan's reports, he meant the Dartnell Survey, which is not identified until the end of page 3 of his reports. It is an unupdated, national (not local) survey of 30 different industries done during the Clinton economic boom years which vocational experts do not rely upon and which do not apply in plaintiffs' circumstances.

II.  **REGARDING LIABILITY AND CONFUSION**

In addition to the above, Mr. Sullivan's testimony is unreliable and confusing to a jury for at least the following reasons:

1. He only extrapolates based on plaintiffs becoming salesmen. Jose Castro's report indicates a number of jobs for which plaintiffs might be able to obtain, but Dr. Sullivan uses the salesperson job as the only basis for extrapolation.

2. Dr. Sullivan's reliance upon the Dartnell Survey[2] is entirely misplaced and would confuse a jury.

3. He provides no clear explanation or justification for assuming why all damages would cease after five years. He indicates that plaintiffs' salaries would increase incrementally without providing what those increments would be.

4. His reliance upon the 1998 Dartnell Survey indicating that plaintiffs could earn $74,262 to $97,925 per year as a senior manufacturing sales representative is completely unreliable and confusing. The survey provides the annual income in 1998 for "Senior

---

[2]Apparently, this survey is used throughout Dr. Sullivan's report to identify 1998 entry level sales and senior salespeople earnings. These old figures are then increased to an entry level manufacturing sales representative range of $44,564 to $58,780 by growth fiat. In such a way, Dr. Sullivan can use the 1998 Clinton economic boom years to manufacture higher numbers to decrease plaintiffs' losses. Meanwhile, Jose Castro uses the ERISA's Competitive Salary Assessor and Delaware State Office of Employment Statistics (2003 salaries, adjustments based upon updated 2004 salary information will be forthcoming) to provide salary parameters for specific vocational categories based on a person's **geographic location** and **experience** to reach a sales representative figure of $33,486. (Mr. Castro's reports also identify many other jobs plaintiffs would be eligible for which are less than this figure.) Although it is difficult to tell because Dr. Sullivan's report only provides finalized figures rather than computations, it appears that Dr. Sullivan's computations are based only on plaintiffs obtaining a sales position and solely on the $44,564 to $58,780 entry level manufacturing sales representative figures extrapolated from the 1998 Dartnell Survey. He is not relying on Jose Castro's report.

Manufacturing Sales Representatives" across some 30 industries.  The senior sales representatives however, are defined as sales representatives with  "more than three years experience in sales."  It therefore covers people with only three years of experience as well as people with 40 years of experience in sales.  Unless the survey tells us that the average experience level in the sample used is five years and the average earnings of this group is a certain dollar figure, it cannot provide an economist with any guidance as to when that average level will be reached, except to say "sometime after three years."  Why provide five years as a cut-off?  Why not ten?  Why not thirty?  Five is just randomly chosen by Dr. Sullivan in order to reduce his computations.

5. Dr. Sullivan at page 4 of his Foraker report indicates that "We have further assumed that the plaintiff's total compensation will increase incrementally and become commensurate with his projected earnings absent the incident within five years or by January 1, 2001."  He has no expertise and no reliable survey to quote from in order to determine that the gap will be closed within five years.  Moreover, he cites no reason or methodology for such an assumption, and that assumption is crucial to his analysis.

### III.  Conclusion

Dr. Sullivan's testimony should be excluded.

                                        **MARTIN D. HAVERLY, ATTORNEY AT LAW**
                                        /s/ Martin D. Haverly
                                        **MARTIN DUANE HAVERLY, ESQUIRE**
                                        Two East 7th Street, Suite 302
                                        Wilmington, Delaware 19801
                                        Del. Bar Number 3295
                                        (302)654-2255
                                        Attorney for Plaintiff

Dated: March 21, 2006

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on March 21, 2006, I had **Plaintiffs' Reply to Defendants' Answering Brief in Opposition to Plaintiffs' Motion in Limine to Preclude Expert Testimony of Brian B. Sullivan** electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Robert J. Fitzgerald, Esquire
> Edward T. Ellis, Esquire
> Montgomery, McCracken, Walker & Rhoads, LLP
> 123 South Bend Street
> Philadelphia, PA 19109
> rfitzgerald@mmwr.com
>
> Richard M. Donaldson, Esquire
> Montgomery, McCracken, Walker, & Rhoads, LLP
> 300 Delaware Avenue, Suite 750
> Wilmington, DE 19801
> rdonaldson@mmwr.com

/s/Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQUIRE**

cc: The Neuberger Firm
  Sgt. Christopher Foraker
  Cpl. Kurt Price
  Cpl. Wayne Warren