IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | Re DI 124 |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SERGEANT CHRISTOPHER FORAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-1207-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | Re DI 103 |
| | : | |
| Defendants. | : | |

**ANSWERING BRIEF OF DEFENDANTS
IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' UNTIMELY MOTIONS IN LIMINE FOR FAILURE TO COMPLY
WITH THE RULE 16 SCHEDULING ORDER**

Defendants submit this answering brief in opposition to Plaintiffs' Motion to Strike Defendants' Untimely Motions in Limine for Failure to Comply with the Rule 16 Scheduling Order ("Motion to Strike"). (D.I. ## 124 (Price) & 103 (Foraker)).

The effect of Plaintiffs' Motion to Strike will be only to delay until trial the Court's consideration and resolution of crucial evidentiary issues. Moreover, Plaintiffs have not demonstrated any cognizable prejudice because of the unintentional delay in the filing of Defendants' motions in limine. Accordingly, the Motion to Strike should be denied.

I.  **INTRODUCTION**

Plaintiffs' motion papers create a false sense of urgency. In fact, Defendants have filed two short motions in limine that require responses limited to five pages each (only two pages longer than Plaintiffs' Motion to Strike). While Defendants have filed their motions two weeks after the date for motions in limine set forth in the Court's Rule 16 Scheduling Order, the filing date was well before the pre-trial conference and trial.

Defendants' first motion in limine, filed and served on March 15, 2006, asks the Court to exercise its "gatekeeping" function to prevent Plaintiffs from introducing improper expert testimony from Ernest "Bud" Fini, a so-called expert on hiring and career progression in the firearms industry. (See Defs.' Mot. Pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc. (D.I. ## 113 (Price) & 95 (Foraker).) The second motion, filed and served on March 17, 2006, requests that the Court exclude inadmissible and prejudicial testimony of David L. Baylor. (See a Motion in Limine to Limit Testimony of David L. Baylor (D.I. # 117 (Price).) The issues raised by these motions in limine will need to be resolved as part of the trial of these cases.

Defendants' motions in limine were filed outside the due date under the Court's Rule 16 Scheduling Order. Defense counsel simply misread the Order to require that motions in limine be filed by March 21, 2006, rather than all briefing on those motions be filed by such date. The mistake was a misinterpretation which counsel sought to correct as soon as it was discovered.

Plaintiffs did not raise any substantive objections to Defendants' motions in limine when they were served with the motions. Nor did they contact Defendants to explain that they might not be able to file timely responses because of counsel's busy schedule or to otherwise work out a reasonable and efficient resolution of the controversy. Instead, on March 28, 2006, nearly two weeks after Defendants filed their motions in limine and one day before Plaintiffs' responses to the motions were due, Plaintiffs requested that Defendants simply withdraw their motions in

limine. Defendants declined Plaintiffs' request, explaining that (a) Defendants' motions were not so late as to cause any real disruption to the proceedings, (b) Defendants' motions address issues that must be decided by the Court, one way or another, and (c) Defendants are willing to give Plaintiffs an reasonable extension of time to file responses, which, by rule of Court, are to be no more than five pages anyway. Plaintiffs filed the instant Motion seeking to strike Defendants' motions.

## II.  ARGUMENT

Plaintiffs' Motion to Strike should be denied for two reasons. First, the issues raised in Defendants' motions are important evidentiary matters that this Court must decide to ensure that both parties receive a fair trial. For the sake of judicial economy and to both limit and focus the issues for trial, Defendants elected to present these issues by means of motions in limine, rather than wait until trial.[1] The Court should deny Plaintiffs' Motion to Strike and consider these issues by means of Defendants' motions in limine rather than by numerous side bars and individual rulings in the course of trial.

Second, Plaintiffs' claim that they have "suffered demonstrable prejudice" is without merit. (See Pls.' Mot. to Strike at 3.) In fact, the only "prejudice" that Plaintiffs point to is the inconvenience that responding to the motions will cause some of their lawyers.[2] (See id. at 2-3 ("[D]ue to scheduling conflicts relating to a pending trial before Judge Farnan, as well as pretrial and other legal obligations in this and several other cases, plaintiffs no longer have sufficient time or resources to respond to the issues belatedly raised by defendants.").) Counsel's schedule,

---

[1] Regardless of the decision concerning this motion to strike, Defendants retain their right to object at trial to any attempt by Plaintiffs to proffer inadmissible evidence.

[2] Defendants note that Plaintiffs have other "resources" that they have not discussed in their Motion to Strike. Martin D. Haverly is also counsel of record for the Plaintiffs in these cases. Plaintiffs offer no reason to find that Mr. Haverly is unable to prepare Plaintiffs' reponses to Defendants' motions in limine.

however, does not define the scope of Plaintiffs' rights or privileges, and disruption to the former is not the same as prejudice to the latter.

Plaintiffs have not even tried to allege, much less prove, that the slight delay in Defendants' filings will negatively impact the judicial proceedings in this matter. In the end, Defendants' motions in limine were filed approximately *one month* before the Pretrial Conference in these matters and *two months* before the trials are scheduled to commence, leaving the parties ample time to address the issues before finally proceeding to trial. Moreover, Plaintiffs' only complaint is that some of their lawyers are experiencing a time crunch. Defendants have already offered to work with Plaintiffs to alleviate that pressure by agreeing to seek a reasonable extension of time within which Plaintiffs could prepare their responses. Plaintiffs rejected this offer and elected instead to file yet another motion. Defendants, however, remain prepared to join any request by Plaintiffs for additional time in which to address the inadmissibility of the testimony of Mr. Fini and Mr. Baylor. Plaintiffs have failed to show any real prejudice to themselves or to the judicial administration of these cases as a result of Defendants' good-faith failure to file motions in limine on February 28, 2006. These factors weigh heavily in favor of permitting Defendants' motions to proceed. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 398 (1993); see also Schering Corp v. Amgen, Inc., 198 F.R.D. 422, 426 (D. Del. 2001) (Sleet, J.); 4A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (2d ed. 1999).

III.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiffs' Motion to Strike Defendants' Untimely Motions in Limine for Failure to Comply with the Rule 16 Scheduling Order.

Respectfully submitted,

Date: April 4, 2006

      /s/ Noel C. Burnham
Noel C. Burnham (DE Bar I.D. #3483)
Richard M. Donaldson (DE Bar I.D. #4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7840

*Counsel for Defendants L. Aaron Chaffinch, Thomas F. MacLeish, David B. Mitchell, and the Division of State Police, Department of Safety and Homeland Security, State of Delaware*