## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL B. KURT PRICE, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | C.A.No.04-956-GMS |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **SERGEANT CHRISTOPHER D. FORAKER,** | : | |
| Plaintiff, | : | |
| v. | : | C.A.No.04-1207-GMS |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| Defendants. | : | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' UNTIMELY MOTIONS IN LIMINE FOR FAILURE TO COMPLY WITH THE RULE 16 SCHEDULING ORDER**

**A. Introduction.** Defendants' Answering Brief ("AB") makes clear what is not at issue. Defendants admit they failed to comply with the Court's strict deadlines. Defendants admit they failed to follow the plain terms of the Rule 16 Scheduling Order. Defendants admit that all of their Motions in Limine are plainly untimely by several weeks. Defendants admit they never contacted plaintiffs or the Court to explain the reasons for their untimely filings until plaintiffs Moved to strike them.

**B. Discussion.** In defense of their inability to file pleadings on time, defendants offer the following defenses: (1) That the Court should consider their motions anyway because they address purportedly important evidentiary matters; and (2) that plaintiff has not been prejudiced. Each of these is without merit.

First, if the evidentiary matters defendants belatedly seek to raise are so important, defendants

should have filed them on time rather then several weeks late. This is why attorneys are supposed to read Orders issued by the Court and comply with their provisions. As the Court very clearly articulated in a Rule 16 scheduling conference just two weeks ago in yet another case against the DSP, the Court's deadlines in the Rule 16 are not intended as mere suggestions to counsel. Failure to comply with the Court's deadlines has serious consequences and failure to comply risks significant prejudice to the non-complying party's case. That is why parties are supposed to comply with the Court's Orders.

Second, plaintiffs have been prejudiced. As plaintiffs explained in their opening motion, counsel planned their work schedules around the deadlines that this Court set more than one year ago in the Rule 16 Scheduling Order. Such scheduling is key to managing workflow. Counsel allotted time in early March to respond to any defense motions in limine. When none were filed, counsel proceeded under that assumption. When the untimely defense motions were finally filed several weeks later, counsel no longer had the time to respond to them due to a trial before Judge Farnan, as well as pretrial and other obligations in this and many other cases.[1]

**C. Defendants Have Not Shown Excusable Neglect.** At the conclusion of their brief, defendants passingly cite the excusable neglect standard set forth by the Court in its opinion in Schering Corp. v. Amgen, Inc., 198 F.R.D. 422, 426 (D.Del. 2001). (AB at 4). But analysis of the defense test actually supports plaintiffs' motion and will be discussed below.

**1. Whether the Inadvertence was the Result of Professional Incompetence Such as Ignorance of the Rules of Procedure.** Here, defendants simply failed to read the Scheduling Order - which sets forth its requirements in clear and unequivocal language. A *post hoc* claim that it was merely "misread" (AB at 2) belies the Order's clear language. This factors weighs in plaintiffs' favor.

**2. The Reason for the Delay, Including Whether it Was Within the Reasonable Control of the Party.** The ability to read a date clearly set forth in the Scheduling Order was clearly within the

---

[1] As to the defense claim that plaintiffs have abundant attorney resources to respond to their belated motions and that Mr. Haverly should have prepared them, counsel notes that Mr. Haverly was participating in the same trial before Judge Farnan as was The Neuberger Firm.

reasonable control of defendants. Indeed, the Scheduling Order sets forth all of the important dates for the court case. It should be assumed that attorneys review and familiarize themselves with all of the dates set forth in the Scheduling Order and consult with it on a regular basis to ensure compliance with its provisions. This factor weighs in plaintiffs' favor.

**3. Whether the Party Acted in Good Faith.** The defense claim of good faith rings hollow. Defendants did not file their motions merely one day late as occurred in <u>Schering</u>, 198 F.R.D. 422, an error which can occur when setting briefing schedules due to Holidays and the like. Nor do they claim to be confused by the interplay between various Rules of Civil Procedure which might create conflicting deadlines, as also occurred in <u>Schering</u>. Instead, they simply filed their motions several weeks late.[2] They also never petitioned the Court or contacted plaintiffs' counsel (either before or after the deadline) to request an extension of time to respond or to explain their untimely filings. They simply assumed that they were above the rules and proceeded accordingly. Notably defendants do not even try to explain why the filing of plaintiffs' various motions in limine on February 28th did not alert them to the fact that they had "misread" the requirements of the Scheduling Order.[3] This factor weighs in plaintiffs' favor.

**4. The Length of the Delay and Its Potential Impact on Judicial Proceedings.** Again, this is not a case of an inadvertent one day late filing. Instead, defendants filed their motions several weeks late with no notice or explanation to counsel or the Court. The Court sets forth its deadlines so that all matters can be reviewed by the Court in time for the pretrial conference. Defendants delay, in addition to prejudicing plaintiffs, also prejudices the Court's ability to keep control of its docket. This factor weighs in plaintiffs' favor.

**5. The Danger of Prejudice to the Innocent Party.** As discussed above, plaintiffs have been prejudiced by defendants' untimely motions and deprived of the ability to respond. This factor weighs in

---

[2] Defendants also do not claim that their lateness was caused by a tragedy in the family, an Act of God or some other legitimate reason.

[3] Defendants inexplicably place the burden on plaintiffs' counsel to contact defendants to determine why defendants' own filings were plainly untimely. (AB at 2).

plaintiffs' favor.

**6. Whether the Asserted Inadvertence Reflects an Easily Manufactured Excuse Incapable of Verification by the Court.** A claim that a clear scheduling order was "misread" is clearly an easily manufactured excuse that cannot be verified by the Court. Given the plain terms of the Scheduling Order, the fact that the Court's requirements in this regard are not new, and that even if the Court's requirements were somehow unclear, the reason out of state counsel are supposed to have local counsel is to alert them to any unclear nuances of practicing in another jurisdiction before another Judge, it is clear that defendants claims of misreading the Order are simply a pretext. This factor weighs in plaintiffs' favor.

**7. A Complete Lack of Diligence.** In light of the recitation above and defendants' own manufactured excuse that they "misread" the Scheduling Order, it is clear that defendants' inability to comply with clear and existing deadlines was caused by their own lack of diligence. This factor weighs in plaintiffs' favor.

**D. Conclusion.** For the reasons discussed above and in plaintiffs' opening motion, the defense motions in limine should be stricken for failure to comply with the Rule 16 Scheduling Order.

Plaintiffs waive a reply brief in support of their Motion.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: April 11, 2006        Attorneys for Plaintiff

-5-

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on April 11, 2006, I electronically filed this **Pleadings** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Robert Fitzgerald, Esquire
>Montgomery McCracken Walker & Rhoads, LLP
>123 South Broad Street
>Philadelphia, PA 19109
>
>Richard M. Donaldson, Esquire
>Montgomery McCracken Walker & Rhoads, LLP
>300 Delaware Avenue, Suite 750
>Wilmington, DE 19801

>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**

FTU /Briefs / Reply in Support of Motion to Strike D's Untimely M in L's.final