IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL B. KURT PRICE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-956 (GMS) |
| | ) | |
| COLONEL L. AARON CHAFFINCH, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SERGEANT CHRISTOPHER D. FORAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1207(GMS) |
| v. | ) | |
| | ) | |
| COLONEL L. AARON CHAFFINCH, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

WHEREAS, on August 19, 2004, B. Kurt Price ("Price"), a corporal with the Delaware State Police (the "DSP"), Wayne Warren ("Warren"), a corporal with the DSP, and Christopher Foraker ("Foraker"), a sergeant with the DSP, (collectively, the "plaintiffs") filed the 04-956 action, alleging violations of the First Amendment Free Speech Clause (Count I);

WHEREAS, on October 14, 2005, the plaintiffs filed an amended complaint in the 04-956, adding a claim that the defendants' conduct violated the First Amendment Free Petition Clause (Count II.);

WHEREAS, on August 30, 2004, Foraker filed the 04-1207 action, which states four counts against the defendants, including Free Speech Retaliation (Count I), Petition Clause Retaliation

(Count II), Defamation (Count III), and False Light Invasion of Privacy (Count IV);

WHEREAS, on January 25, 2006, the plaintiffs filed a Motion for Sanctions and Other Relief (D.I. 87) in both cases;

WHEREAS, the motion asserts that the defendants intentionally destroyed relevant evidence after having been put on notice of the above-captioned cases, namely the hard drive of Colonel L. Aaron Chaffinch's ("Chaffinch") computer;

WHEREAS, the motion requests the court to impose sanctions in the form of a default judgment against the defendants or, in the alternative, shift the burden of proof on each and every element of the plaintiffs' claims to the defendants, provide the jury with an adverse inference instruction, impose a fine on the defendants, and award the plaintiffs attorneys' fees and costs associated with the motion;

WHEREAS, on February 8, 2006, the defendants filed an opposition (D.I. 93) to the plaintiffs' motion asserting that, while Chaffinch's hard drive is no longer available, it is redundant in light of the process by which the DSP stores its data;[1]

---

[1] The defendants do admit that "a user may manually designate a different file path when saving a document." (D.I. 93, at 3 n.1) However, they contend that there is no evidence that Chaffinch knew how to designate a different file path, or that he used his office computer on a regular basis. (Id.) Additionally, they contend that it was the plaintiffs' duty to question Chaffinch about the use of his office computer during his August 30, 2005 deposition. (Id.) The court finds this argument specious, however, in light of the fact that the plaintiffs did not learn of the "re-imaged" hard drive until after Chaffinch's deposition. (See D.I. 102, at 6.) Moreover, because the defendants "wiped" or "re-imaged" Chaffinch's hard drive, neither the court nor the plaintiffs can determine at this juncture whether it is "exceedingly unlikely that Chaffinch's hard drive contained any evidence that has not already been produced during discovery," as the defendants contend.

WHEREAS, after having considered the parties' submissions and relevant case law, the court concludes that the defendants had a duty to preserve Chaffinch's hard drive;[2] and

WHEREAS, the court also concludes that it needs more information to enable it to determine which type of sanction, if any, is appropriate;

IT IS HEREBY ORDERED that:

1. The defendants shall engage an independent expert consultant to determine whether Chaffinch's hard drive can be recovered.

2. The plaintiffs and defendants shall each submit to the court the names and qualifications of at least two independent expert consultants.

3. The defendants shall bear the cost of engaging the independent expert consultant.

4. In addition, the court has determined that an award to the plaintiffs of reasonable attorneys' fees and expenses for the prosecution the motion for sanctions is appropriate under the circumstances.

Dated: April 12, 2006

UNITED STATES DISTRICT JUDGE

---

[2] Indeed, the court would assume that a law enforcement organization as large and sophisticated as the DSP would have known better than to "re-image" or "wipe" a computer hard drive that might yield relevant evidence in pending lawsuits, given the training that DSP officers receive concerning the protection and retention of evidence.

3