IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORPORAL B. KURT PRICE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 04-956 (GMS) |
| ) | |
| COLONEL L. AARON CHAFFINCH, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs Kurt Price ("Price"), a corporal with the Delaware State Police (the "DSP"), Wayne Warren ("Warren"), a corporal with the DSP, and Christopher Foraker ("Foraker"), a sergeant with the DSP, (collectively, the "plaintiffs") filed the above-captioned action on August 19, 2004, alleging violations of the First Amendment Free Speech Clause (Count I). (D.I. 1 ¶¶ 93-95.) On October 14, 2005, the plaintiffs filed an amended complaint adding a claim that the defendants' conduct violated the First Amendment Free Petition Clause (Count II). (D.I. 45 ¶¶ 96-98.) The facts giving rise to this suit relate to the defendants' allegedly retaliatory actions in response to the plaintiffs reporting hazardous conditions at the DSP Firing Training Unit to them, the media, and the auditor general. Presently before the court is the plaintiffs' motion for summary judgment as to Counts I and II. (D.I. 82.) According to the plaintiffs, in order to prevail in this motion, they "must demonstrate that [their protected] conduct was a 'substantial' or 'motivating factor' in the relevant decision." (D.I. 84, at 32.) In response, the defendants point to deposition testimony where they admit being displeased with the plaintiffs for speaking to the media and the auditor about the health and safety issues at the DSP's Firing Training Unit, but deny having any ill will toward them for doing so. (See, e.g., Chaffinch Dep. at 141:15-150:16; MacLeish Dep. at 211:4-216:12.) From this

testimony, a factfinder might reasonably conclude that the defendants' decisions were not motivated by the plaintiffs' protected conduct. The defendants have thus proven the existence of a genuine issue of material fact. Accordingly, summary judgment in the plaintiffs' favor is inappropriate. Therefore, IT IS HEREBY ORDERED that:

1. The plaintiffs' motion for summary judgment as to Counts I and II (D.I. 82) is DENIED.


Dated: April 13, 2006                         /s/ Gregory M. Sleet
                                              UNITED STATES DISTRICT JUDGE