# MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
### ATTORNEYS AT LAW

NOEL C. BURNHAM
ADMITTED IN NEW YORK, PENNSYLVANIA & DELAWARE

DIRECT DIAL
302-504-7890

nburnham@mmwr.com

300 DELAWARE AVENUE, SUITE 750
WILMINGTON, DE 19801
302-504-7800
FAX 302-504-7820

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
FAX 215-772-7620

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856-488-7700
FAX 856-488-7720

1235 WESTLAKES DRIVE, SUITE 200
BERWYN, PA 19312
610-889-2210
FAX 610-889-2220

April 17, 2006

**Via CM/ECF Filing and Hand Delivery**

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re:   **Price v. Chaffinch, No. 04-956-GMS**
      **Foraker v. Chaffinch, No. 04-1207-GMS**
      **Revisions to Binders of Defendants' Contested Exhibits**

Dear Judge Sleet:

      In March 2005, after two doctors had determined that Plaintiffs Price and Warren had suffered irreversible and significant hearing loss that rendered them unfit for duty, the human resources section of the Delaware State Police put together a short list of other troopers who had suffered injuries in order to see how such troopers had been treated historically. On March, 22, 2006, prior to the filing of the draft of the parties' joint Final Pretrial Order, Defendants sought Plaintiffs' agreement to include this list of troopers as one of Defendants' exhibits. Plaintiffs were unable to respond to Defendants' request, and the document was not included in Defendants' exhibit list as filed.

      Defendants have again asked Plaintiffs whether they would stipulate to the inclusion of the trooper list as a defense exhibit and whether they had any objections to the admissibility of the documents. In response, Plaintiffs have not raised any objections to putting the document on Defendants' exhibit list (Schedule (c)(1) of the draft Final Pretrial Order). However, they have raised objections to the exhibit itself. Accordingly, I have attached a revised Schedule (c)(1) listing Defendants exhibits, including the list of troopers as "D90." This revised schedule contains Plaintiffs' objections and Defendants' response to those objections. Also attached is a copy of exhibit D90, which belongs in the contested exhibits binders for both the Price and the Foraker case.

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

The Honorable Gregory M. Sleet
April 17, 2006
Page 2

      We are available of course to make the necessary changes to the draft Final Pretrial Order and to the binder of Defendants' exhibits if it would be helpful to the Court. We thank the Court for this accommodation and its ongoing patience.

Respectfully yours,

Noel C. Burnham

cc:    Thomas S. Neuberger, Esq. (w/encls. via CM/ECF filing and U.S. mail)
        Stephen J. Neuberger, Esq. (w/encls. via CM/ECF filing and U.S. mail)
        Martin D. Haverly, Esq. (w/encls. via CM/ECF filing and U.S. mail)

Schedule (c)(1)
**Defendants' Exhibits**

2. The following exhibits were offered by Defendants and marked for identification. Plaintiffs objected to their receipt in evidence on the grounds stated.

| DEFENDANTS' EXHIBIT NO. | DESCRIPTION | PLAINTIFFS' BASIS FOR OBJECTION | DEFENDANTS' RESPONSE TO OBJECTION |
|---|---|---|---|
| D1 | Letter dated October 12, 2004 from R. Thomas Wagner, Jr. to Governor Minner | No objection. | So it is admitted. |
| D2 | Letter, undated, from Gregory A. Warren to Thomas Wagner | No objection. | So it is admitted. |
| D3 | "My Chronology with the Firearms Training Facility" dated May 11, 2004 prepared by Wayne Warren for the State Auditor's Office | No objection. | So it is admitted. |
| D4 | "Statement to Auditor's Office" dated May 12, 2004 prepared by B. Kurt Price for the State Auditor's Office | No objection. | So it is admitted. |
| D5 | "Concerns about the Firearms Training Unit Facility," undated, prepared by Wayne Warren | No objection. | So it is admitted. |
| D6 | "Statement to Auditors" dated May 12, 2004 prepared by Christopher D. Foraker | No objection. | So it is admitted. |
| D7 | Delaware State Police Firearms Training Unit Annual Report for 2001 | No objection. | So it is admitted. |

2053352v9

| | | | |
|---|---|---|---|
| D8 | Report on "Lead Exposure at the Firing Range," dated October 17, 2000 prepared by Joseph A. Swiski for Gerald R. Pepper. | Objection - this un-bates stamped document was never produced in discovery and plaintiffs were not able to test its underlying assumptions and assertions<br><br>FRE 401-402 (relevance) – what constitutes a dangerous lead level is not a material issue in our case. The issue is whether plaintiffs were acting in good faith when they spoke out about the conditions at the FTU. This is a legal issue that the Court will determine at summary judgment as part of the protected activity determination.<br><br>FRE 901 (authentication); FRE 801-802 (multiple levels of hearsay); FRE 702 (expert testimony) - all of chapter 7 consists of improper expert opinions from the literature and is inadmissible. All of chapter 2 consists of improper expert medical testimony on what constitutes a dangerous lead level. All of this inadmissible evidence is incorporated into the report in Chapter 1.<br><br>Defendants would obviously like the jury to believe that there is no danger in the lead levels that plaintiffs have been exposed to. But they cannot make that assertion through an expert without the right to cross examination and in violation of Rule 702. | This exhibit was produced to Plaintiffs on October 27, 2005 (D12809 – D12957).<br><br>Fed. R. Evid. 401: Defendants will call Ret. Maj. Joseph Swiski to establish the state of knowledge of the DSP leadership at the beginning of the events in the case. Swiski was primarily responsible for the changeover to frangible ammunition in 2001 and the system in place thereafter. This is relevant to what the DSP leadership knew about the lead levels, the ammunition, and the interaction between the bullet trap, the ammunition, and the HVAC system, all of which are central to this case.<br><br>Fed. R. Evid. 801: The exhibit is not being offered for the truth of the matter asserted, but evidences what Defendants knew and whether their actions were taken in good faith and were reasonable.<br><br>Fed. R. Evid. 901: Maj. Joseph Swiski can authenticate. |

2053352v9

| | | | |
|---|---|---|---|
| **D9** | "Delaware State Police Firearms Training Facility Responsibility Status Analysis" dated February 9, 2004, prepared by Christopher Foraker | No objection. | So it is admitted. |
| **D10** | Email dated March 31, 2004 from James Warwick to Christopher Foraker with an attachment entitled "Firearms Training Unit Indoor Range Maintenance and Service Report" prepared by Firearms Training Unit Staff | No objection. | So it is admitted. |
| **D11** | Notes taken by Christopher Foraker during the FTU Transition meeting on December 1, 2003 | No objection. | So it is admitted. |
| **D12** | Notes taken by Ralph Davis during the FTU Transition meeting on December 1, 2003 | No objection. | So it is admitted. |
| **D13** | Email dated December 11, 2003 from Ralph Davis to Christopher Foraker re "FTU Issues" | No objection. | So it is admitted. |
| **D14** | Notes taken by Christopher Foraker during the Staff Meeting with Captain Warren dated December 3, 2003 | No objection. | So it is admitted. |

2053352v9

| | | | |
|---|---|---|---|
| **D15** | Email dated January 5, 2004 from Christopher Foraker to Thomas MacLeish with copies to Paul Eckrich, Gregory Warren and Ralph Davis re "Emergency Range Issues" | No objection. | So it is admitted. |
| **D16** | Notes taken by Christopher Foraker during the Davis/Foraker meeting of FTU Issues dated December 12, 2003 | No objection. | So it is admitted. |
| **D17** | Email from Gregory Warren to Thomas MacLeish, undated, re "Emergency Range Issues" | No objection. | So it is admitted. |
| **D18** | Email dated January 9, 2004 from Ralph Davis to Christopher Foraker re "Standard Operating Procedures & issues" | No objection. | So it is admitted. |
| **D19** | Email dated January 9, 2004 from Christopher Foraker to Gregory Warren with a copy to Ralph Davis re "Range Health issues and Departmental liability" | No objection. | So it is admitted. |
| **D20** | Email dated January 26, 2004 from Gregory Warren to Christopher Foraker re "Bullet Trap Update/Air Handler" | No objection. | So it is admitted. |
| **D21** | Notes re "Air Quality Test" prepared by Christopher Foraker, undated | No objection. | So it is admitted. |

2053352v9

| | | | |
|---|---|---|---|
| **D22** | "Delaware State Police Academy Training Committee Agenda" with notes taken by Paul Eckrich, dated January 5, 2004 | No objection. | So it is admitted. |
| **D23** | Notes taken by Paul Eckrich of a meeting dated January 30, 2004 | No objection. | So it is admitted. |
| **D24** | Notes taken by Thomas MacLeish of a meeting dated January 30, 2004 | No objection. | So it is admitted. |
| **D25** | Notes taken by Paul Eckrich of a meeting dated February 2, 2004 | No objection. | So it is admitted. |
| **D26** | "Delaware State Police Firearms Training Range Current Range Status and Analysis," dated January 30, 2004 prepared by Gregory Warren | No objection. | So it is admitted. |
| **D27** | Email dated February 4, 2004 from Christopher Foraker to Gregory Warren with a copy to Ralph Davis re "Safety & Range maintenance concerns" | No objection. | So it is admitted. |
| **D28** | Email dated February 27, 2004 from Christopher Foraker to Gregory Warren and Ralph Davis re "Environmental Solution/Clark Nexsen" | No objection. | So it is admitted. |
| **D29** | Email dated February 3, 2004 from Kurt Price to Christopher Foraker re "Medical Evaluation" | No objection. | So it is admitted. |

2053352v9

| | | | |
|---|---|---|---|
| **D30** | Email dated April 23, 2004 from Christopher Foraker to Robert Kracyla, Donald Boulerice, Timothy Morris, Wayne Warren, Kurt Price and James Warwick re "TAD Firearms Instructors" | No objection. | So it is admitted. |
| **D31** | Email dated February 23, 2004 from Christopher Foraker to Ralph Davis re "FTU staffing" | No objection. | So it is admitted. |
| **D32** | Email dated April 23, 2004 from Thomas MacLeish to Christopher Foraker with copies to Gregory Warren, Ralph Davis and Paul Eckrich re "FTU personnel issues" | No objection. | So it is admitted. |
| **D33** | Email dated May 4, 2004 from Kurt Price to Christopher Foraker re "Meeting with Lt. Col. MacLeish" | No objection. | So it is admitted. |
| **D34** | Notes taken by Thomas MacLeish of a meeting dated February 2, 2004 | Provided Col. MacLeish authenticates the document and reads in his illegible handwriting, subject to cross examination, plaintiffs do not object to this document. | Plaintiffs' "Objection" does not warrant a response. |

2053352v9

| | | | |
|---|---|---|---|
| **D35** | Notes taken by Paul Eckrich of a meeting dated February 10, 2004; notes taken by Thomas MacLeish of same meeting | Plaintiffs do not object to the top page of this document which is apparently in Eckrich's handwriting. Plaintiffs object to the second page which is in someone else's handwriting, because of surprise. This was never produced in discovery and is not bates stamped. Lack of authentication (FRE 901) and hearsay. (FRE 801-802). | The part of the exhibit to which Plaintiffs object was produced on July 18, 2005 (D2425).<br><br>Fed. R. Evid. 901: Col. Thomas MacLeish can authenticate the second page of the exhibit. |
| **D36** | Notes taken by Paul Eckrich of two meetings dated February 25, 2004 | No objection. | So it is admitted. |
| **D37** | Notes taken by Paul Eckrich of a meeting dated March 1, 2004 | Plaintiffs have no objection to page 1 of this exhibit dated March 1, 2004. Plaintiffs object to pages 2 and 3 of this exhibit, dated Feb. 25, 2004, because they contradict DX 36 which purports to be minutes of the same meeting. Accordingly, plaintiff objects under FRE 901 (authentication) an FRE 801-802 (hearsay) | Fed. R. Evid. 901: Maj. Paul Eckrich can authenticate the exhibit. |
| **D38** | Notes taken by Paul Eckrich of a meeting dated March 4, 2004 | No objection. | So it is admitted. |
| **D39** | Notes taken by Paul Eckrich of a meeting dated March 16, 2004 | No objection. | So it is admitted. |

2053352v9

| | | | |
|---|---|---|---|
| **D40** | "Indoor Firing Range Blood/Lead Level Study," dated March 12, 2004 from John Yeomans to Thomas MacLeish | Objection - this un-bates stamped document of approximately 100 pages was never produced in discovery and plaintiffs were not able to test its underlying assumptions and assertions.<br><br>Now defendants seek to prove that a blood lead level under 40 is safe. In contradiction, in DX 8 above, they offered 20 as a safe level.<br><br>FRE 401-402 (relevance) – what constitutes a dangerous lead level is not a material issue in our case. The issue is whether plaintiffs were acting in good faith when they spoke out about the conditions at the FTU. This is a legal issue that the Court will determine at summary judgment as part of the protected activity determination.<br><br>FRE 403 (confusion of the issues; undue delay). Confusion of the issue - see explanation to FRE 401-402 immediately above. Undue delay – this defense exhibit will require a mini-trial on what constitutes a safe lead level.<br><br>FRE 901 (authentication);<br><br>FRE 801-802 (multiple levels of hearsay);<br><br>FRE 702 (expert testimony). | The exhibit was produced to Plaintiffs on July 18, 2005 (D2206 – D2342).<br><br>Plaintiffs' reference to D8 is not an objection; the exhibits speak for themselves.<br><br>Fed. R. Evid. 401: Like the Swiski report (D8), this document shows the state of mind of the DSP leadership during the relevant time period. Plaintiffs intend to argue that the leadership was insensitive to their health concerns. This document establishes that the leadership demonstrated great concern for Plaintiffs' health, promptly investigating every issue exhaustively. Rather than retaliate, Col. MacLeish bent over backwards to care for the FTU troopers. The lead level study by Capt. Yeomans was part of that effort.<br><br>Fed. R. Evid. 801: The exhibit is not being offered for the truth of the matter asserted, but evidences what Defendants and Plaintiffs knew and whether their actions were taken in good faith and were reasonable. To this end, it is noted that Plaintiffs first received a copy of the Yeomans report on March 17, 2004.<br><br>Fed. R. Evid. 901: Capt. John Yeomans can authenticate the exhibit. |

| | | | |
|---|---|---|---|
| **D41** | "State of Delaware First Report of Occupational Injury or Disease" dated March 16, 2004 for Wayne Warren | No objection. | So it is admitted. |
| **D42** | "State of Delaware First Report of Occupational Injury or Disease" dated March 16, 2004 for Brian Price | No objection. | So it is admitted. |
| **D43** | "State of Delaware First Report of Occupational Injury or Disease" dated April 22, 2004 for Christopher Foraker | No objection. | So it is admitted. |
| **D44** | Notes taken by Paul Eckrich of a meeting dated March 17, 2004 | FRE 901 (authentication); 801-802 (multiple levels of hearsay – lack of cross examination) | Fed. R. Evid. 901: Maj. Paul Eckrich can authenticate the exhibit. |
| **D45** | Notes taken by Paul Eckrich of a meeting dated March 22, 2004 | No objection. | So it is admitted. |
| **D46** | "Chronology of Events," undated, prepared by Paul Eckrich | FRE 901 (authentication); 801-802 (multiple levels of hearsay) – lack of cross examination) | Fed. R. Evid. 901: Maj. Paul Eckrich can authenticate the exhibit. |
| **D47** | Notes taken by Paul Eckrich of a meeting dated March 24, 2004 | FRE 401-402 (multiple levels of hearsay – remarks attributed to Secretary Homer); FRE 901 (authentication) | Fed. R. Evid. 901: Maj. Paul Eckrich can authenticate the exhibit. |
| **D48** | Memo dated November 8, 1998 from Brian FitzPatrick to William Bryson re "Range ventilation problem" | No objection. | So it is admitted. |

| | | | |
|---|---|---|---|
| **D49** | Memo dated December 3, 1998 from Brian FitzPatrick to Thomas DiNetta re "Range Ventilation" | No objection. | So it is admitted. |
| **D50** | Memo dated April 29, 1999 from Brian FitzPatrick to Thomas DiNetta re "Range Project" | No objection. | So it is admitted. |
| **D51** | Pictures of bullet trap at the FTU | No objection. | So it is admitted. |
| **D52** | Compiled medical records of Kurt Price | No objection. | So it is admitted. |
| **D53** | Compiled medical records for Christopher Foraker | No objection. | So it is admitted. |
| **D54** | Compiled medical records for Wayne Warren | No objection. | So it is admitted. |
| **D55** | Compiled medical records for James Warwick | FRE 401-402 (relevance). Cpl Warwick is not a party to this case. | Fed. R. Evid. 401: The exhibit evidences Defendants' treatment of a similarly situated trooper. |
| **D56** | Delaware State Police Performance Appraisal for Richard Ashley for March 17, 2003 through September 30, 2003 | FRE 401-402 (relevance) | Fed. R. Evid. 401: The exhibit demonstrates praise for Ashley's mechanical prowess with the bullet trap and his hard work to maintain the bullet trap in excellent working condition. |
| **D57** | Email dated January 22, 2003 from Richard Ashley to Joseph Swiski with copies to Galen Purcell and Gregory Warren re "Range Air Handlers" | No objection. | So it is admitted. |

| | | | |
|---|---|---|---|
| **D58** | "Delaware State Police Firearms Training Facility Air Handling System Review and Analysis," undated, prepared by Ralph Davis | No objection. | So it is admitted. |
| **D59** | Email dated June 23, 2004 from John Yeomans to Ralph Davis re "FTU issues" | No objection. | So it is admitted. |
| **D60** | Email dated March 17, 2004 from Christopher Foraker to Gregory Warren and Ralph Davis with copies to Wayne Warren, Kurt Price and James Warwick re "FYI" | No objection. | So it is admitted. |
| **D61** | Notes taken by Ralph Davis of a meeting dated March 4, 2004 | FRE 901 (authentication); FRE 801-802 (hearsay) | Fed. R. Evid. 901: Ralph Davis will be able to authenticate the exhibit. |
| **D62** | Notes taken by Ralph Davis of a meeting dated March 17, 2004 | No objection. | So it is admitted. |
| **D63** | Fax Cover Sheet from Cpl/3 Kurt Price to Omega Medical Center re "Lead [and] copper tests, as well as Physical examinations," dated February 20, 2004 | Objection – for the reasons stated in plaintiffs' pending motion to strike; and that this document was not produced in discovery despite relevant requests. | See Defendants' Answering Brief to Motion to Strike (D.I. # 110) |
| **D64** | Disability Leave/Modified Duty Assignment During Rehabilitation From Injury or Illness CA at A-465 – A-472 | No objection. | So it is admitted. |

2053352v9

| | | | |
|---|---|---|---|
| **D65** | Letter from Col. Clifford M. Graviet to Cpl/2 Joseph M. Condron (dated Mar. 26, 1992)<br><br>D1480 – D1481 | FRE 401-402 (relevance); FRE 801-802 (hearsay – lack of cross examination); FRE 901 (authentication) | Fed. R. Evid. 401: Plaintiffs contend Defendants concocted light-duty letters specifically designed to embarrass and harass them. This 1992 letter was the model light-duty letter; former HR Director John Dillman used this form over the course of the next ten years, thus conclusively disproving Plaintiffs' claim.<br><br>Fed. R. Evid. 801: The exhibit is not hearsay.<br><br>Fed. R. Evid. 901: Capt. John Yeomans, Director of Human Resources, can authenticate the exhibit. |
| **D66** | Delaware State Police Uniform Staffing Chart (as of Aug. 19, 2004)<br><br>CA at A-501 | FRE 901 (authentication); FRE 801-802 (hearsay – lack of cross examination) | Fed. R. Evid. 901: Capt. John Yeomans, Director of Human Resources, can authenticate the exhibit.<br><br>Fed. R. Evid. 803(6): Staffing Reports are made and kept in the in the course of the regularly conducted business activity of the DSP. |
| **D67** | Physical Examination Program<br><br>Defs.' Ans. App. at B-5 – B-8 | No objection. | So it is admitted. |
| **D68** | E-Mail from J. Yeomans to L. McNatt re FW: FTU issues (dated June 22, 2004)<br><br>Defs.' Ans. App. at B-4 | No objection. | So it is admitted. |
| **D69** | E-Mail from R. Davis to J. Yeomans re RE: FTU Issues (dated June 24, 2004)<br><br>Defs.' Reply. App. at C-2 – C-3 | No objection. | So it is admitted. |

| | | | |
|---|---|---|---|
| **D70** | E-Mail from T. MacLeish to J. Yeomans and M. Tupman re RE: FTU Staff update (dated June 25, 2004)<br><br>CA at A-502 – A-503 | FRE 106 (Rule of Completeness) – this exhibit is partially redacted. The rule of completeness requires at the very least that plaintiffs counsel be able to see what was redacted. | The redacted portion of the exhibit is protected from disclosure by privileges belonging to attorney-client communications. |
| **D71** | E-Mail from M. Tupman to T. MacLeish re RE: FTU Staff Update (dated June 25, 2004)<br><br>CA at A-504 | FRE 401-402 (hearsay – lack of cross examination). This is a self-serving after the fact e-mail from one of defendants' attorneys trying to justify their treatment of plaintiffs. Notably, this e-mail is dated after defendants learned that plaintiffs were represented by counsel and intended to sue. | Fed. R. Evid. 801: The exhibit proves Defendants' lack of retaliatory intent and explains their actions.<br><br>Plaintiffs' comments concerning timing are wrong. Defendants asked for and received advice from counsel before acting on Plaintiffs' cases. Moreover, the date of the exhibit is not grounds for an evidentiary objection. That Plaintiffs were represented and intended to sue even <u>before</u> Defendants took the allegedly adverse action, while perhaps probative of Plaintiffs' own mindset, is not grounds to exclude the exhibit. |
| **D72** | Notice from Sgt. R. Ashley to all Troopers and Sections re Fall – 2002 Firearms Qualifications (dated July 1, 2002)<br><br>CA at A-953 – A-955 | FRE 401-402 (relevance) | Fed. R. Evid. 401: This exhibit proves that Richard Ashley did not bypass the chain of command in operational matters. |
| **D73** | Documents received by Office of the State Auditor from R. Ashley<br><br>D2758 – 2770, D2779 – D2783 | FRE 401-402 (relevance); FRE 801-802 (hearsay) | Fed. R. Evid. 401: This exhibit proves Richard Ashley's diligent work maintaining the equipment at the range, in contrast to Plaintiffs, who ceased performing routine maintenance. |

-13-

2053352v9

| | | | |
|---|---|---|---|
| **D74** | Compiled medical records for Joseph Forester | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| **D75** | Compiled medical records for Steve Swain | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| **D76** | Compiled medical records for Bruce Peachy | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| **D77** | Compiled medical records for Jerome Loveless | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| **D78** | Compiled medical records for William Merritt | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| **D79** | Compiled medical records for Everett Jackson | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| **D80** | Compiled medical records for Shawn Nowrey | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |

2053352v9

| D81 | Compiled medical records for Jahn Hitchens | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
|---|---|---|---|
| D82 | Compiled medical records for James Mosley | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| D83 | Compiled medical records for Joseph Condron | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| D84 | Compiled medical records for Paul Sczbelek | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| D85 | Compiled medical records for Michael Jordan | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| D86 | Compiled medical records for Christine Price | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| D87 | Compiled medical records for James Romanelli | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |

2053352v9

| | | | |
|---|---|---|---|
| **D88** | Compiled medical records for Robert Schleifer | No objection. However, plaintiffs note that defendants have objected to plaintiffs' inclusion of these same records on their exhibit list. | |
| **D89** | Organizational Profile Delaware State Police | No objection. | |
| **D90** | List of Troopers prepared by DSP Human Resources Section (dated March 4, 2005) | Fed.R.Evid. 401-402 (relevance). Many of the individuals listed in this document have never been suggested by plaintiff to be comparators for any issues in this case.<br><br>FRE 403 (confusion of the issues). See objection to FRE 401-402 above.<br><br>FRE 802 (hearsay)<br><br>FRE 807 (lacks circumstantial guarantees of trustworthiness). As discovery in this case has revealed, the DSP internally communicates via e-mail, memo and letters. Yet this unmarked document contains no official markings whatsoever. It could have been created yesterday.<br><br>FRE 901 (lack of authentication) | Fed. R. Evid. 401: True comparators are not other troopers identified by Plaintiffs based on their limited view of the case. Rather, troopers whose experience and treatment under the DSP's leave policies were know about and considered by Defendants are proper comparators. This exhibit identifies those relevant comparators.<br><br>Fed. R. Evid. 801 & 802: This exhibit is not being offered for the truth it asserts but for the effect on its readers and as evidence of the Defendants' state of mind.<br><br>Fed. R. Evid. 807: This specific exception to the hearsay rule does not apply because this document is not hearsay under Fed. R. Evid. 801.<br><br>Fed. R. Evid. 901: Capt. John Yeomans, Director of Human Resources, can authenticate the exhibit. |

-16-

Odgen, Richard
3/6/93 Injury – light duty until 9/27/94
June 95 doctor indicated not able to return to full duty
Disability Pension 8/1/95

Sherwood, Garold
July 93 injury – light duty until Disability Pension 8/1/95

McGraw, Michael
4/5/94 injury – light duty until Disability Pension 8/1/96
11/95 sent him letter explaining 2 yrs. restriction
1/96 sent him to MCD – pension in 8/96

Price, Phillip
10/24/94 injury – light duty until Disability Pension 8/1/96

Price, Chris
4/10/87 original injury
pregnant 1988
pregnant 1993
4/12/94 re-injury
back and forth with medical appointments, documentation, restrictions, etc.
Partial Disability Pension 2/1/97

Hazzard, Reginald
6/17/97 light duty – July 97 surgery then off until Disability Pension 1/1/98

Jordan, Michael
12/10/98 light duty – March 99 surgery then light duty until Disability Pension 6/1/00

Tate, Ronald
October 2000 – light duty – February 01 doctor declared injury permanent
Disability Pension 3/1/01

Jackson, Everett
6/2/99 back surgery – returned to light duty 8/2/99
4/27/01 off again – returned to light duty 5/15/01
8/1/01 date used for 2 years limit
8/11/01 off again
10/31/01 filed service pension application effective 5/17/02

Merritt, William
Suspended with pay 1/3/00 - 4/6/01 started to use sick leave – Terminal Leave began 9/5/01 thru 3/1/02 Pension date

Romanelli, James
7/24/99 injury – off and back on light duty several times
Applied for Disability Pension on 6/28/01
10/1/01 Partial Disability Pension – he appealed and allowed to remain on payroll until full Disability Pension awarded 5/1/02

Loveless, Jerome
10/3/99 injury – light duty (few weeks over 2 year period –oversight)
Applied for Disability Pension on 10/29/01
11/1/01 Partial Disability Pension – he appealed and allowed to remain on payroll until full Disability Pension awarded 8/1/02

Citro, David
1/4/01 light duty – Applied for Disability Pension 10/18/02
Disability Pension awarded 2/01/03

Schleifer, Robert
1/26/02 accident off until Disability Pension 6/1/03

Owings, John
11/21/01 – off duty – light duty (doctor estimated that he would be able to return to full duty 11/1/03)
Disability Pension awarded 12/1/03

Peachey, Bruce
2/9/02 injury – returned to light duty 6/28/02 – 8/19/03 has reached maximum recovery upon receipt of medical documentation he will apply for Disability Pension
Disability Pension awarded 2/1/04

Nowrey, Shawn
3/26/03 back surgery – returned to light 5/5/03 until Disability Pension 3/1/04


3/4/05
lem