# THE NEUBERGER FIRM
ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE              PHONE: (302) 655-0582
STEPHEN J. NEUBERGER, ESQUIRE             FAX: (302) 655-9329

April 26, 2006                                          **Via CM/ECF Filing**

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

    RE:    **Price, et al. v. Chaffinch, et al.,** C.A. No. 04-956-GMS
             **Proposed Voir Dire Questions**

Dear Judge Sleet:

    Following up on one of the trailing issues from the pretrial conference, in accord with the Court's instructions, plaintiffs submit this short letter addressing proposed voir dire questions.

    Plaintiffs respectfully submit that the jury should be asked about connections to State Senator Thurman Adams and Governor Ruth Ann Minner, generally as follows:

- Are you a supporter of [Adams/Minner]?
- Have you ever attended campaign functions of [Adams/Minner]?
- Have you ever asked [Adams/Minner] for help?

    Plaintiffs believe such voir dire questions are necessary because both Senator Adams and Governor Minner are shadow defendants and unnamed co-conspirators in this case.[1]  It is because of their involvement and protection that defendant Chaffinch thinks he is above the law, has to answer to no one and believes he can defy the First Amendment and federal court orders.  The DSP is out of control because they refuse to reign in their commanders and instead cover up their wrongdoing and protect them.  It is inevitable that their names will be repeated again and again at trial.

---

    [1] Plaintiffs note that in the case of <u>Bullen v. Chaffinch</u>, C.A.No. 02-1315-JJF where Gov. Minner also was a shadow defendant, Judge Farnan asked a voir dire question relating to her.

The Honorable Gregory M. Sleet
April 26, 2006
Page 2

      First, there is abundant record testimony relating to Col. Chaffinch's open bragging in the DSP about his connections to the "Thurmanator" (Capt. Dixon depo. at. 65) and that he can do whatever he wants because "Uncle Thurman ... would take care of him no matter what." (Id. at 64-65). Chaffinch also was appointed to the rank of Colonel by Governor Minner. Yet despite his already being found to have violated the First Amendment in Sgt. Foraker's first case, Gov. Minner refused to remove him from office and as a result, we are in Court again today. The involvement of these politicians is expected to be running themes throughout trial.

      Second, it is well-known that a settlement agreement ended Sgt. Foraker's first case, the monetary portion of which (totaling the amount of damages awarded by the jury and the attorneys fees due) was paid by the State of Delaware. However, what is much less known is that it was illegal under state law for the State to pay the damages that the jury had awarded against Chaffinch because of the explicit jury finding on punitive damages. See 10 Del.C. §§ 4001-4002.

      Section 4002 is the state indemnification statute. Section 4001 states however that there shall be no indemnification if there is a finding that a state official was not acting in "good faith" or was acting with "gross or wanton negligence." The jury made such factual findings. They found that Chaffinch had violated Sgt. Foraker's First Amendment rights and had gone beyond gross or wanton negligence and had acted with "malice or with callous and reckless indifference or oppressively" and that his "conduct was so shocking and offensive" that it warranted an award of punitive damages "to punish and deter [his] illegal conduct." (Special Verdict at ¶¶ 7-8).

      Yet despite this jury finding, the State nonetheless acted illegally, violated both the letter and the spirit of the law and paid the damages anyway. The question then becomes why? Who has the authority to order the State to violate state law? The answer to this question then points squarely to Gov. Minner and Senator Adams. This again dovetails into plaintiffs' theme that this is a state agency run amuck. They think that they are above the law and have to answer to no one because of the protection given by these two politicians.

      For the aforementioned reasons, plaintiffs submit that voir dire questions relating to Gov. Minner and Senator Adams are appropriate.

Respectfully submitted,

/s/ Stephen J. Neuberger

Attorney for Plaintiffs

The Honorable Gregory M. Sleet
April 26, 2006
Page 3


cc: Thomas S. Neuberger, Esq. (via CM/ECF)
     Martin D. Haverly, Esq. (via CM/ECF)
     Richard M. Donaldson (via CM/ECF)

FTU \ Letters \ Sleet.08