## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| SERGEANT CHRISTOPHER FORAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-1207-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

## JOINT PRELIMINARY JURY INSTRUCTIONS

### INTRODUCTION

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

### THE PARTIES AND THEIR CONTENTIONS:

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the plaintiffs Cpl. B. Kurt Price, Cpl. Wayne Warren, and Sgt. Christopher D. Foraker. The defendants are L. Aaron Chaffinch, the retired Superintendent of the Delaware State Police, Thomas F. MacLeish, currently the Superintendent, and David B. Mitchell, Secretary of Safety and Homeland Security for the State of Delaware.

In this case, the plaintiffs claim that they exercised their constitutional rights to free speech and petition when they raised concerns about the environmental conditions at the State Police indoor firing range.  The further assert that, in retaliation for their raising concerns, the defendants took adverse action against them.

***The defendants deny that they did any thing to the plaintiffs because of anything the plaintiffs said about the conditions at the range.  In responding to things they learned about the range from the plaintiffs and others, the defendants contend that they acted solely with the welfare of the plaintiffs, other law enforcement personnel and the public in mind.***

Sgt. Christopher D. Foraker also contends that, in retaliation for filing a lawsuit against Defendant Chaffinch in 2002, the defendants took adverse action against him, including defaming him and invading his privacy.

***The defendants deny Foraker's claims.  They contend that they did nothing to Foraker because of his previous lawsuit.***

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are.  You and you alone will be the judges of the facts.  You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence.  You must follow that law whether you agree with it or not.  In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the parties mean.  Of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.  Also, do not let anything that I

may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court – you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.
2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.
3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.
4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of the fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and the circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

**SUMMARY OF APPLICABLE LAW**

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiffs must prove to make their case.

To prevail on a claim of retaliation, any plaintiff must prove by a preponderance of the evidence that either individual defendant intentionally violated his protected First Amendment rights and that this violation was a substantial or motivating cause of adverse action taken against him.

He must prove that he was the victim of adverse action that would deter a person of ordinary firmness from engaging in protected activity under the First Amendment. Put another way, the retaliatory actions must be sufficient to cause reasonably hardy persons to refrain from exercising their rights under the First Amendment.

If, on the other hand, he cannot prove this, then you must return a verdict for the defendants.

**Defamation:**

Defamation is a communication that tends to injure a person's reputation in the ordinary sense of that word; that is, some statement or action that diminishes the esteem, respect, goodwill, or confidence in which the person is held and tends to cause bad feelings or opinions about the person. A communication is defamatory if it tends to lower the person in the estimation of the community or if it deters third parties from associating or dealing with the person defamed. For a defamation to occur the defamatory information must be communicated to someone other than the person to whom it refers. In the law, this is known as publication.

In this case, Sgt. Foraker must prove that Defendants' statements were false. Plaintiff must also prove that Defendants made the allegedly defamatory statements with knowledge that the statements were false or with reckless disregard for whether they were false.

**False Light Invasion of Privacy**

Plaintiff also has filed another claim against the defendants under state law for violation of his right to privacy by casting him in a false light.

One who publicizes a matter concerning another person and places that person before the public in a false light is responsible to that person for any harm suffered as a result of this publicity if similar publicity about a reasonable person would be highly offensive to a reasonable person and if the person giving the publicity knew the matter was false or recklessly disregarded whether it was false.

To prevail on his claim of false light invasion of privacy, Sgt. Foraker must prove by a preponderance of the evidence that (a) a defendant placed him before the public in a false light in a way which would be highly offensive to a reasonable person, and (b) the defendant knew the mater was false or recklessly disregarded whether it was false. If he proves these elements you must return a verdict for him. If he does not prove these elements then your verdict must be for the defendants.

*A word on what is not at issue in this case. You will hear testimony that the plaintiffs in this case have suffered hearing loss and that they believe they were exposed to inappropriate levels of hazardous materials during the course of their employment. You may consider this testimony in deciding whether the plaintiffs have proved their claims of retaliation. However, the plaintiffs do not seek compensation in this case for hearing loss or exposure to hazardous material. The State of Delaware has a workers compensation system and a disability retirement system that compensates state employees for injuries suffered during the course of their employment. You will not be asked to assess damages for hearing loss or exposure to hazardous materials.*

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Here each plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means he has to produce evidence which, considered in the light of all the facts, leads you to believe that what he claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of the scale, the evidence supporting the plaintiff would have to make the scale tip somewhat on his side. If he fails to meet this burden, the verdict must be for the defendants. Each plaintiff must also prove his damages by a preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case, therefore, you should put it out of your mind.

**CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember

it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, take on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceeding or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## **COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases. We have now completed the first two phases – your selection as jurors and these preliminary instructions  The remaining stages are:

(3) Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4) The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5) My final instructions on the law to you;

(6) The closing arguments of the lawyers which will be offered to help you make your determination; and finally,

(7) Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**TRIAL SCHEDULE**

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this case.

This case is expected to take 11 days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 P.M. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M., and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 4:30 P.M. We will post a copy of this schedule for your convenience in the jury deliberation room.