**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CORPORAL B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| SERGEANT CHRISTOPHER FORAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-1207-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

### THE PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

    1.  Where the parties have agreed upon an instruction, the title of the joint proposed instruction is preceded without either a "P" or "D."

    2.  Where the parties have not been able to agree upon an instruction, each party has attached their proposed instructions hereto.  The defendants' instruction is labeled as a "D."  The plaintiffs' proposed instruction is labeled as a "P."

                            **THE NEUBERGER FIRM, P.A.**
                            Thomas S. Neuberger, Esquire (#243)
                            Stephen J. Neuberger, Esquire (#4440)
                            Cheryl A. Sasadeusz, Esquire
                            Two East Seventh Street, Suite 302
                            Wilmington, Delaware  19801
                            (302) 655-0582

**MARTIN D. HAVERLY, ATTORNEY AT LAW**
Martin D. Haverly, Esq. (**#3295**)
Two East Seventh Street, Suite 201
Wilmington, DE 19801
(302) 654-2255

Attorneys for Plaintiffs


**MONTGOMERY McCRACKEN WALKER &
RHOADS, LLP**

Edward T. Ellis, Esq. (*admitted pro hac vice*)
Robert Fitzgerald, Esq. (*admitted pro hac vice*)
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

Noel C. Burnham, Esq. (#3483)
Richard M. Donaldson, Esq. (#4367)
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7840

Attorneys for Defendants

1. INTRODUCTION ................................................................................. 1

2. PROVINCE OF THE COURT AND JURY ........................................... 2

3. THE PARTIES AND THEIR CONTENTIONS ..................................... 3

4. EVIDENCE ....................................................................................... 4

4(A). STATEMENTS OF COUNSEL ..................................................... 6

5. DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................. 7

6. OBJECTIONS - RULINGS ON EVIDENCE ....................................... 8

7. CREDIBILITY OF WITNESSES ........................................................ 9

8. NUMBER OF WITNESSES AND EVIDENCE .................................... 11

9. EXPERT WITNESSES ...................................................................... 12

10. DEPOSITION OR PRIOR TESTIMONY ........................................... 13

11. EVIDENCE - CHARTS AND SUMMARIES ..................................... 14

12. VERDICT BASED ON EVIDENCE ................................................. 15

13. BURDEN OF PROOF ..................................................................... 16

14P. RETALIATION FOR FIRST AMENDMENT ACTIVITY ................. 17

14D. ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIMS .................. 18

14D(A). AFFIRMATIVE DEFENSES ................................................... 20

15P. DEFAMATION - STATE LAW ..................................................... 21

15D. DEFAMATION ............................................................................. 22

15D(A). TRUTH OR SUBSTANTIAL TRUTH AS A DEFENSE ............ 23

16. INVASION OF PRIVACY -  STATE LAW ....................................... 24

16D. INVASION OF PRIVACY ............................................................. 25

17. INJURIES – CAUSATION .............................................................. 26

18. COMPENSATORY DAMAGES ...................................................... 27

**18D(A)  -- EMOTIONAL DISTRESS** ............................................... **29**

19. PUNITIVE DAMAGES .................................................................... 30

20. EFFECT OF INSTRUCTIONS AS TO DAMAGES .......................... 32

21. DELIBERATION AND VERDICT .................................................... 33

22. DUTY TO DELIBERATE ................................................................ 34

23. UNANIMOUS VERDICT ................................................................. 35

24. COURT HAS NO OPINION ............................................................ 36

## 1.    INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 2.     PROVINCE OF THE COURT AND JURY

Members of the Jury, in a case such as this, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### 3.     THE PARTIES AND THEIR CONTENTIONS

The parties in this case are the plaintiffs Cpl. B. Kurt Price, Cpl. Wayne Warren, and Sgt. Christopher D. Foraker.  The defendants are L. Aaron Chaffinch, the retired Superintendent of the Delaware State Police, Thomas F. MacLeish, currently the Superintendent, and David B. Mitchell, Secretary of Safety and Homeland Security for the State of Delaware.

In this case, the plaintiffs claim that they exercised their constitutional rights to free speech and petition when they raised concerns about the environmental conditions at the State Police indoor firing range.  The further assert that, in retaliation for their raising concerns, the defendants took adverse action against them.

The defendants deny that they took any action against the plaintiffs because of their statements about the conditions at the range.

In this case, the Sgt. Christopher D. Foraker also contends that, in retaliation for filing a lawsuit against Defendant Chaffinch in 2002, the defendants took adverse action against him, including defaming him and invading his privacy.

The defendants deny plaintiff's claims.  Rather, they contend that the actions they took against plaintiff were too insignificant to violate the Constitution.  Defendants also contend that the actions they took were reasonable and necessary to protect the plaintiff, the State police, and the public.  Lastly, the defendants contend that any comments they made about the plaintiff were true statements that cannot be considered to have harmed the plaintiff.

## 4.     EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

*During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.*

In addition, testimony that has been stricken is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose - such as for the purpose of assessing a witness' credibility - you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.

Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## 4(a).        STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the true or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

### 5.     DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness who observed firsthand what occurred and which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, it would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. It is the inference of one fact from another fact that has been proved. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You are instructed that circumstantial evidence, as I have just defined it, is no different in its effect from direct evidence. Both forms of evidence are equally valid and may form the basis for your determination.

It is your job to decide how much weight to give the direct and circumstantial evidence. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion. The law makes no distinction between the weight that you should give to either one. Nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 6.     OBJECTIONS - RULINGS ON EVIDENCE

From time to time during the trial I have been called upon to make rulings of law on objections or motions made by the lawyers.  It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not show prejudice against an attorney or his client because the attorney has made objections.  You should not infer or conclude from any ruling or other comment I have made that I have any opinions on the merits of the case favoring one side or the other.  And if I sustained an objection to a question that went unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

## 7.     CREDIBILITY OF WITNESSES

As jurors and the triers of fact, it is your sole and exclusive responsibility to pass upon the credibility of the witnesses and the weight of the evidence.  By credibility, I mean the believability of every witness.  In performing this function, you should consider any bias or prejudice shown by the witness, their candor, that is, their straightforwardness, their degree of intelligence, their demeanor, what they may have to gain from this litigation, whether they were certain or uncertain about their testimony, whether the witness has on a prior occasion said something different from what the witness says now, the reason that witness gives, if the witness gives a reason, for the difference, any conscious, false statement made by the witness, the overall circumstances surrounding the testimony given by each witness in the context of this case as well as all other facts and circumstances that are in evidence which tend to affect the credibility of each witness.

Simply, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at another time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

If you find that a person has knowingly and willfully given false testimony concerning a material fact in this case, about which the witness could not have been mistaken, then you may be justified in rejecting all the testimony of that person in any respect or give it such credibility

as you may think it deserves.  Testimony that is obviously incredible may be disregarded completely.

This does not mean that if you find that a person has willfully given false testimony as to a material fact, you must reject all of that person's testimony, but rather that you may infer from that fact that the balance of the person's testimony, which is not corroborated by other evidence, may likewise be false, and therefore, is entitled to little or no weight.

If you find the testimony in conflict, then it is your duty to reconcile it, if you reasonably can.  If you cannot do this, then it becomes your duty to give regard to that portion of the testimony that, in your opinion, is most worth credit.  In so doing, you should consider the appearance of the witnesses as they testified before you, their fairness in giving their testimony, and you should consider any bias or interest that they may have in the outcome of this proceeding, and their opportunities of knowing or learning the facts about which they have testified.

## 8.     NUMBER OF WITNESSES AND EVIDENCE

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

### 9.     EXPERT WITNESSES

There has been an expert witnesses brought to testify before you.  Expert testimony is the testimony of persons who are skilled in some art, science, profession or business, which skill or knowledge is not common and which has come to such expert by reason of special study or experience in such art, science, profession or business.  The value of such testimony depends on the learning and skill of the expert and varies with the circumstances of each case.  The jury should take into consideration the expert's means of knowledge and the reasons he or she has assigned for the opinions that he has given and give credence to his testimony as the jury may find the expert's qualifications sufficient and his reasons satisfactory.  If you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.  The testimony of an expert is to be considered like any other testimony and is to be tried by the same tests and should receive just as much weight and credit as the jury may deem it to be entitled in connection with all the evidence of the case.[1]

---

[1] These undisputed prayers were given by Judge Sleet in the trial of <u>Springer v Henry</u>, 435 F3d 268 (3d Cir. 2006).

## 10.     DEPOSITION OR PRIOR TESTIMONY

During the trial of this case, certain testimony was presented to you by way of deposition or prior testimony consisting of sworn recorded statements or answers to questions asked of a witness in advance of trial by one or more of the lawyers for the parties to the case.  The testimony of a witness may be presented in writing or on video when that witness cannot be present to testify in court or who is a party or was an employee or agent of a party when he or she testified under oath.

Such testimony is entitled to the same consideration and is to be judged as to credibility and weight and otherwise as if the witness had been present and had testified from the witness stand.

## 11.     EVIDENCE - CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the records in the case.  These charts or summaries are used for convenience.  They are not, in and of themselves, evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## 12.     VERDICT BASED ON EVIDENCE

I instruct you that your verdict must be based entirely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatever except a fair and impartial consideration of the evidence.  Further, you must not allow sympathy which you might have or entertain for any of the parties to influence you in arriving at your decision. The Court does not charge you not to sympathize with the plaintiff or the defendant, because it is only natural and human to sympathize with persons involved in litigation.  But the Court does charge you not to allow that sympathy to enter into the consideration of the case or to influence your verdict.

### 13.    BURDEN OF PROOF

This is a civil case.  Each Plaintiff has the burden of proving every essential element of his claims and damages by what is called a preponderance of the evidence.  To establish something by a preponderance of the evidence means to prove that something is more likely true than not.  To find that a party has proven something by a preponderance of the evidence, you must conclude that that evidence, when considered and compared with the evidence opposed to it has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  It is not necessary for any party to prove any assertion beyond a reasonable doubt.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt.  That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiffs has met his burden of proof on various issues.

The preponderance of the evidence does not depend on the number of witnesses, but upon the weight of the testimony.  If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party.  In determining whether any facts in issue has been proven by plaintiff, you may consider the testimony of all witnesses, regardless of who may have called them and all the exhibits received in evidence regardless of who may have produced them.

Since each plaintiff, in order to recover, must prove his case by a preponderance of the evidence, I instruct you that if you find the evidence in this case to be equally balanced so that the resolution of the liability issue is as reasonable or as likely to be right under the defendant's version as under the plaintiff's version, then you must conclude that the plaintiff has failed to sustain his burden of proof and your decision must be resolved in favor of the defendant.

## 14P.   RETALIATION FOR FIRST AMENDMENT ACTIVITY

Plaintiffs have filed claims against the defendants under federal law, which provides a remedy for any person who has been deprived of his constitutional rights.

To prevail on a claim of retaliation, each plaintiff must prove by a preponderance of the evidence that either defendant Chaffinch or defendant McLeish intentionally violated his protected First Amendment rights and that this violation was a substantial or motivating factor in causing adverse action to be taken against him.

He also must prove that he was the victim of adverse action that would deter a person of ordinary firmness from engaging in protected activity under the First Amendment.  Put another way, the retaliatory action must be sufficient to cause reasonably hardy persons to refrain from exercising their rights under the First Amendment.

If plaintiff has proven both these elements then you must return a verdict for him.  If he has not proven each of these elements then you must find for the defendants.[2]

---

[2] Jury prayer given by Judge Joseph J. Farnan on June 24, 2003 in the case of <u>Foraker v. Chaffinch</u>, C.A. No. 02-302-JJF.

## 14D.   ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIMS

Plaintiffs have filed claims against the defendants under federal law, which provides a remedy for any person who has been deprived of his constitutional rights.

To prevail on a claim of retaliation, a plaintiff must prove by a preponderance of the evidence:

First:  That the plaintiff engaged in free speech protected by the First Amendment;

Second:  That defendant Chaffinch or defendant MacLeish took action or actions that were adverse to the plaintiff;

Third:   That the plaintiff's speech activity was a substantial or motivating factor in the defendant's decision to take adverse action;

Fourth:  That the defendant's actions were "under color" of the authority of state law or custom; and

Fifth:  That defendant's actions were the proximate or legal cause of damages sustained by the plaintiff.

I have already determined that each plaintiff engaged in First Amendment protected activity, and the parties have stipulated or agreed that defendants Chaffinch and MacLeish acted "under color" of state law or custom, and you should accept these facts as proven.

An action is "adverse" if it would deter a person of ordinary firmness from engaging in protected activity under the First Amendment.  Put another way, the retaliatory actions must be sufficient to cause reasonably hardy persons to refrain from exercising their rights under the First Amendment.

If an individual plaintiff has proven each of these elements by a preponderance of the evidence, then you must return a verdict for him.  If he has not proven each of these elements, then you must find for the defendants.

Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice And Instructions § 168.20 (Civil) (5th ed. 2001); see also Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 287, 97 S. Ct. 568, 576 (1977); Baldassare v. New Jersey, 250 F.3d 188 (3d Cir. 2001); Schneck v. Saucon Valley Sch. Dist., 340 F. Supp. 2d 558, 568 (E.D. Pa. 2004)

## 14D(a).    AFFIRMATIVE DEFENSES

If you find that an individual plaintiff has met his burden of proof, then you must determine whether the defendants have shown by a preponderance of the evidence that either of both of them would have taken the same actions against the plaintiff, even in the absence of the exercise of their right to free speech.

If the defendants show, by a preponderance of the evidence, that they would have taken the same actions in the absence of the plaintiff's exercise of their rights to free speech, then you should find for defendants.

## 15P.   DEFAMATION - STATE LAW

Plaintiff also filed claims against the defendants under state law.  Article I, Section 9 of the Delaware Constitution provides a remedy for damage to one's reputation.

Defamation is a communication that tends to injure a person's reputation in the ordinary sense of that word; that is, some statement or action that diminishes the esteem, respect, goodwill, or confidence in which the person is held and tends to cause bad feelings or opinions about the person.  Defamation necessarily involves the idea of disgrace.  In this sense, a communication is defamatory if it tends to lower the person in the estimation of the community or if it deters third parties from associating or dealing with the person defamed.  For a defamation to occur the defamatory information must be communicated to someone other than the person to whom it refers.  In the law, this is known as publication.[3]

If a statement defamed plaintiff in his trade, business or profession he does not even need to show that the defamation caused actual monetary loss in order to recover damages.[4]

To prevail on his defamation claim, Sgt. Foraker must prove by a preponderance of the evidence that a defendant defamed him and that the defamation was published.   If he does this you must return a verdict for him.  If he does not prove these elements then your verdict must be for the defendants.

---

[3]     Delaware Superior Court model civil jury instruction 11.1.

[4]     Id. 11.3.

# 15D.   DEFAMATION[5]

Plaintiff has the burden of proving by a preponderance of the evidence facts necessary to establish each of the following elements of his claim:

(1) that either or both defendants made a defamatory statement about him;

(2) that either of both defendants published the defamatory matter;

(3) that either or both defendants published the matter with actual malice; and

(4) that the publication of the defamatory matter caused injury to the plaintiff's name.

A publication is made with "actual malice" if it is made with knowledge that it is false or with reckless disregard for whether it is false.  "Reckless disregard" is a term of art, defined by the Supreme Court to mean publishing with "a high degree of awareness" of probable falsity.  In other words, to prove actual malice, a plaintiff must prove, by clear and convincing evidence, that "the defendant in fact entertained serious doubts as to the truth of his publication."  "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

St. Amant v. Thompson, 390 U.S. 727, 731 (1968); Doe v. Cahill, 884 A.2d 451, 463 (Del. 2005); Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice And Instructions § 104.02 (Civil) (5th ed. 2001); Pattern Jury Instructions For Civil Practice In The Superior Court of the State of Delaware §§ 11.7 & 11.16 (2000 ed.) (rev. 8/2003) (citing Gertz v. Welch, Inc., 418 U.S. 323 (1974); New York Times Co. v. Sullivan, 84 S. Ct. 710 (1964); Kanaga v. Gannett Co., Inc., 687 A.2d 173, 183 (Del. 1996); Jackson v. Filliben, 281 A.2d 604, 605 (Del. 1971)).

---

[5] Defendants object to only certain portions of Plaintiffs' proposed instruction.  First, Defendants object to the second sentence of the first paragraph as being unnecessary and irrelevant to this case.  Second, Defendants object to the third paragraph as it misstates Delaware's model instruction.

## 15D(a).    TRUTH OR SUBSTANTIAL TRUTH AS A DEFENSE

It is an absolute defense to a claim of defamation that the alleged defamatory statements were substantially true at the time the statements were made. Thus, even if you find that either or both of the defendants made defamatory statements about the plaintiff that proximately caused him injury, you cannot award damages if you find that the statements were substantially true.

The alleged defamatory statements don't have to be absolutely true for the defendant to successfully assert this defense. Substantially true statements are not defamatory. To determine if a statement is substantially true, you must determine if the alleged defamation was no more damaging to the plaintiff's reputation than an absolutely true statement would have been. In other words, if the "gist" or "sting" of the allegedly defamatory statement produces the same effect in the mind of the recipient as the precise truth would have produced, then the statement is "substantially true" and you cannot award damages to the plaintiff for the statement.

To prevail on this defense, the defendant bears the burden of proving by a preponderance of the evidence that the alleged defamatory statements were true or substantially true.

Pattern Jury Instructions For Civil Practice In The Superior Court of the State of Delaware § 11.12 (2000 ed.) (rev. 8/2003) (citing Gannett Co., Inc. v. Kanaga, 750 A.2d 1174, 1191–97 (Del. 2000)(Chandler, Chancellor, dissenting); Ramunno v. Cawley, 705 A.2d 1029, 1035-36 (Del. 1998); Riley v. Moyed, 529 A.2d 248, 253 (Del. 1987); Gannett Co. v. Re, 496 A.2d 553, 557 (Del. 1985); Ramada Inns, Inc. v. Dow Jones & Co., 543 A.2d 313, 317-18 (Del. Super. Ct. 1987)).

## 16.    INVASION OF PRIVACY -  STATE LAW

Plaintiff also has filed another claim against the defendants under state law for violation of his right to privacy by casting him in a false light.

One who publicizes a matter concerning another person and places that person before the public in a false light is responsible to that person for any harm suffered as a result of this publicity if similar publicity about a reasonable person would be highly offensive to that reasonable person and if the person giving the publicity knew the matter was false or recklessly disregarded whether it was false.

The question is whether a reasonable person in similar circumstances would find the conduct very objectionable or would be expected to take serious offense to it.  Publication or publicity means that the matter is communicated to the public at large or to so many persons that the matter must be regarded as substantially certain to become public knowledge.[6]

To prevail on his claim of false light invasion of privacy, Sgt. Foraker must prove by a preponderance of the evidence that (a) a defendant placed him before the public in a false light in a way which would be highly offensive to a reasonable person, and (b) the defendant knew the mater was false or recklessly disregarded whether it was false.  If he proves these elements you must return a verdict for him.  If he does not prove these elements then your verdict must be for the defendants.

---

[6] Delaware Superior Court model civil jury instruction 11.18.

## 16D.   INVASION OF PRIVACY

To sustain his claim for false light invasion of privacy, plaintiff must prove by a preponderance of the evidence that a defendant publicized matters that are part of the plaintiff's private life and not matter that are of legitimate public concern.

Reardon v. News-Journal Co., 164 A.2d 263, 266-67 (Del. 1960); see also Neish v. Beaver Newspapers, Inc., 581 A.2d 619, 624-25 (Pa. Super. Ct. 1990); Godbehere v. Phoenix Newspapers, Inc., 783 P.2d 781, 790 (Ariz. 1989) (citing cases from numerous jurisdictions); Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice And Instructions § 168.50 (Civil) (5th ed. 2001); see also Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287, 97 S. Ct. 568, 576 (1977); Baldassare v. New Jersey, 250 F.3d 188 (3d Cir. 2001).

## 17.    INJURIES – CAUSATION

If you determine that any defendant violated plaintiff's rights, he is only required to compensate him for those damages which plaintiff has proven by a preponderance of the evidence to have been a proximate result of her actions.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  In other words, there must not only be a causal link, but a direct one, with no intervening causes.  Thus, to award damages, the defendant's conduct must be the proximate cause of any damages you find plaintiff has suffered.

You may not compensate him for damages for which the defendant's conduct is *not* a cause.  Therefore, you may not compensate him for the damages for any injuries he received from any other source.[7]

---

[7] These undisputed prayers were given by Judge Sleet in the trial of <u>Springer v Henry</u>, 435 F3d 268 (3d Cir. 2006).

## 18.    COMPENSATORY DAMAGES

I now discuss the award of damages in this case.  I should say preliminarily that my instructions of damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case.  You must first determine the liability on the part of the defendant.  If you determine that the defendant violated any rights of a plaintiff and that any such violation was also the proximate cause of damages to him, you must then consider the instructions that I am about to give you.

The object and purpose of an award of damages in a civil action is just, fair, and reasonable compensation for any harm and injury done in the past to any plaintiff and for any damages he may suffer in the future as a result of the alleged wrongs.  Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of any award you might find to be warranted.

One principle of law is that the damages to be recoverable must be proven with reasonable probability and not left to speculation.  Damages are termed speculative when there is a mere possibility rather than a reasonable probability that an injury or loss will occur or will exist in the future.

You must not allow any sympathy you might have or entertain for any of the parties in this case to influence you.  I do not charge you not to feel sympathy for the parties in this case, since it is only natural and human to sympathize with a person who has been injured.  I do charge you not to allow that sympathy to enter into your consideration of the case and to influence your verdict.

If you determine based on the evidence and on the instructions which I have given you, that a defendant is liable to any plaintiff, then you should award him such sums of money which will reasonably and fully compensate him for each of the following elements of damages:

1.    Such sum of money as will reasonably compensate him for any injury to his reputation which he has suffered because of the conduct of the defendant.

-27-

2.      Such sum of money as will reasonably compensate him for the emotional distress or mental suffering he has suffered in the past *or* will endure in the future.

3.      Such sum of money as will reasonably compensate him for any humiliation which he has suffered because of the conduct of the defendant.

4.      Such sum of money as will reasonably compensate him for lost earnings or other benefits he has suffered in the past.

5.      Such sum of money as will reasonably compensate him for lost earnings or other benefits he will suffer in the future, reduced to present worth.

6.      Such sum of money as will reasonably compensate him for the reasonable and necessary medical, psychological and/or psychiatric bills and other related expenses that he has incurred in the past or will incur in the future.

### 18D(a)  -- EMOTIONAL DISTRESS

You should not award damages for any emotional distress caused by the legal process. Just as the plaintiffs have the legal right to file this lawsuit, the defendants have the legal right to defend it.  Stress and anxiety may result from the litigation process, but the defendants are not legally responsible for them.

*Knussman v. Maryland*, 272 F.3d 625, 641-42 (4th Cir. 2001); *Picogna v. Bd. of Ed., Township of Cherry Hill*, 671 A.2d 1035, 1038 (N.J. 1996) (citing *Stoleson v. U.S.*, 708 F.2d 1217, 1223 (7th Cir. 1983) (It would be strange if stress cause by litigation could be attributed in law to the tortfeasor.  An alleged tortfeasor should have the right to defend himself in court without multiplying his damages ….")); *Timms v. Rosenblum*, 713 F. Supp. 948, 955 (E.D. Va. 1989); *Clark v. U.S.*, 660 F. Supp. 1164, 1200 (W.D. Wash. 1987)); *see also Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 78-79 (1st Cir. 2001).

## 19.    PUNITIVE DAMAGES

In certain situations, the law also permits, but does not require, a jury to award an injured person punitive damages in addition to compensatory damages.  Punitive damages can be awarded in a civil rights case where the jury finds a constitutional violation, even when the jury has not awarded any compensatory damages.  There is a two-fold purpose to punitive damages: it is intended to punish particularly reprehensible conduct by a wrongdoer, and it also serves as a warning to others not to engage in similar conduct.

You may award punitive damages if you find that any plaintiff has proven that a defendant acted recklessly, intentionally or maliciously.  An act is "recklessly" done if it is characterized by an indifference to or a subjective consciousness that a person is acting in violation of law.  Something is done "intentionally" when it is done with the aim or committing an act which violates the law.  An act is done "maliciously" if it is prompted or accompanied by evil motive, ill will, spite, or intent to injure.

There is no mathematical formula to apply in determining punitive damages.  The amount of such damages, if any, is left to the sound judgment of the jury.  In determining the amount of punitive damages, you should consider such things as the circumstances surrounding the particular defendant's actions, including the motives for those actions, the reprehensibility of the conduct, and the extent of the harm to the plaintiff, the need for a warning to others about such conduct, and any other factors you as the conscience of the community deem appropriate.

If you determine that the defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages.  In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future.  The law does not require you to award punitive damages.  However, if you decide to award punitive damages, you must use sound reason in setting the amount.  The amount of an award of punitive damages must not reflect bias, prejudice

-30-

or sympathy toward any party.  Among other things, you may consider the financial resources of the defendant in fixing the amount of punitive damages.  Any punitive damages award should not be disproportionate to the award or compensatory damages, but rather should bear some reasonable relationship to it.

## 20.     EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about damages should not be considered as my suggesting which party is entitled to your verdict in this case.  Instructions about the measure of damages are given for your guidance only if you find that any award  of damages is  appropriate.

The Court instructs you further that you should consider each claim separately in awarding damages, without regard to any other claim.  It is within the Court's province to ensure that damages are recovered only once for each particular harm.

## 21.    DELIBERATION AND VERDICT

Let me conclude these proceedings by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I will talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your vote.  For example, do not write down or tell anyone that you are split 6-2, or 4-4, or whatever your vote happens to be.  That should stay a secret until you are finished.

## 22.    DUTY TO DELIBERATE

When you retire to the jury room you will be free to talk about the case.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each others views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any of you took notes, notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

If you did take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say, so you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the plaintiff has carried her burden of proof on all the elements of her case, as I have just described them.

### 23.     UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill in, date, and sign the form.  You will then return to the courtroom and your foreperson will hand your verdict to the clerk.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

## 24.    COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

FTU joint jury prayers draft Draft.4 TSN April 21