IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| B. KURT PRICE, WAYNE WARREN, AND CHRISTOPHER D. FORAKER, <br><br> Plaintiffs, <br><br> v. <br><br> L. AARON CHAFFINCH, THOMAS F. MACLEISH, DAVID B. MITCHELL, AND DIVISION OF STATE POLICE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-956 (GMS) |

## ORDER

Presently before the court is a damages-related dispute between the parties involving the applicability of the collateral source (or collateral benefit) rule. "Under the collateral benefit rule, payment which a plaintiff receives for his or her loss from another source is not credited against the defendant's liability for all damages resulting from its wrongful or negligent act." *Craig v. Y & Y Snacks, Inc.*, 721 F.2d 77, 83 (3d Cir. 1983). The defendants point out, however, that this general rule "*does* permit the tortfeasor to obtain the advantage of payments made by himself or from a fund created by him; in such an instance the payments come, not from a collateral source, but from the defendant himself." *Yarrington v. Thornburg*, 205 A.2d 1, 2 (Del. 1964) (emphasis added). Thus, according to the defendants, they are entitled to have any damages awarded against them offset by workers' compensation payments and disability pension benefits paid to the plaintiffs by the State of Delaware.

The fundamental flaw with the defendants' argument is that it rests on the assumption that the State of Delaware could be found liable in this case. As the plaintiffs point out, defendants

David B. Mitchell – who is sued only in his official capacity – and the Division of State Police are named only for the purpose of collecting attorneys' fees and costs. The true liability, if any, will be the responsibility of defendants Thomas F. MacLeish and L. Aaron Chaffinch in their personal capacities. Therefore, the court agrees with the plaintiffs that the collateral source rule applies in this case.

IT IS HEREBY ORDERED THAT:

1. The defendants' motion for an offset (D.I. 149) be DENIED; and

2. The plaintiffs' motion to apply the collateral source rule (D.I. 159) be GRANTED.

Dated: May 12, 2006

UNITED STATES DISTRICT JUDGE