IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL B. KURT PRICE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-956 (GMS) |
| | ) | |
| COLONEL L. AARON CHAFFINCH, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| SERGEANT CHRISTOPHER D. FORAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1207(GMS) |
| v. | ) | |
| | ) | |
| COLONEL L. AARON CHAFFINCH, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

I.    INTRODUCTION

The above-captioned actions were consolidated on April 18, 2006.  In Civil Action No. 04-956 ("the Price case"), three state troopers assigned to the Delaware State Police's ("DSP") Firearms Training Unit facility ("FTU") allege that their First Amendment rights were violated by two superiors who retaliated against them for speaking out against hazardous health conditions at the FTU.  Thus, the Price complaint states one count of Free Speech retaliation and one count of Petition Clause retaliation, both pursuant to 42 U.S.C.A. § 1983 (2003).  In Civil Action No. 04-1207 ("the Foraker case"), Sergeant Christopher Foraker individually alleges that his First Amendment rights were violated by the same two superiors after they retaliated against him for filing (and winning)

a First Amendment retaliation lawsuit in 2002. Thus, like the Price complaint, the Foraker complaint also states one count of Free Speech retaliation pursuant to § 1983, and one count of Petition Clause retaliation pursuant to § 1983. Additionally, the Foraker complaint states two state law causes of action: defamation and false light invasion of privacy. Presently before the court are the defendants' motions to bar certain communications of counsel or, in the alternative, to disqualify counsel. For the following reasons, the court concludes that disqualifying the Neuberger Firm from representing Captain Ralph H. Davis, III ("Captain Davis") is appropriate under the circumstances of theses matters.

## II.    DISCUSSION

In the present case, the defendants contend that counsel for the plaintiffs, Thomas S. Neuberger, Esq. ("Thomas Neuberger") and Stephen J. Neuberger, Esq. ("Stephen Neuberger") (collectively, the "Neubergers"), who purport to represent simultaneously the plaintiffs and Captain Davis have violated Rules 4.2 and 1.7 of the Model Rules of Professional Conduct. According to the defendants, Captain Davis, a lieutenant and the plaintiffs' supervisor during the relevant time period, is a constituent of the DSP, whose testimony in connection with this matter may be imputed to them. The defendants, therefore, seek to preclude the Neubergers from representing Captain Davis in this consolidated action.

In response, the plaintiffs assert that Captain Davis has an absolute right to be represented by counsel in his discussions with the defendants and regardless of the outcome of the present motion, defense counsel may not meet with Captain Davis outside the presence of his attorneys. The plaintiffs further assert that the Neubergers have not violated Rule 4.2 because they have not had communications with Captain Davis regarding the substance of the present case. In addition, the

plaintiffs argue that no Rule 1.7 violation exists because their interests are aligned with Captain

Davis'. Finally, the plaintiffs note that should the court find a conflict to exist, Captain Davis will

step aside from having the Neubergers represent him in this litigation. Based on the parties'

assertions, the court must determine whether the Neubergers' representation of Captain Davis in this

matter violates Rule 4.2 and/or Rule 1.7 and, if so, whether disqualifying the Neubergers from

representing Captain Davis is appropriate under the circumstances of this litigation. The court will

address each of these issues in turn.

### A.    Disqualification

The court has inherent power to supervise the professional conduct of attorneys appearing

before it. *See United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). This power includes the

authority to disqualify an attorney. *Id.* At the outset, the court wants to emphasize that motions to

disqualify are generally disfavored. *See Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994).

However, "a court may disqualify an attorney for failing to avoid even the appearance of

impropriety." *IBM v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978) (citations omitted). Indeed, the courts

have gone so far as to suggest that doubts as to the existence of an asserted conflict of interest should

be resolved in favor of disqualification. *Id.* (citing *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d

Cir. 1975); *Chugach Elec. Ass'n v. United States D.C. for the Dist. of Alaska*, 370 F.2d 441, 444 (9th

Cir.), *cert. denied*, 389 U.S. 820, 88 S. Ct. 40, 19 L. Ed. 2d 71 (1967)).

### B.    Application of Rule 4.2

Pursuant to Local Rule 83.6(d)(2), the District of Delaware has adopted the Model Rules of

Professional Conduct. Rule 4.2 provides, in pertinent part, that "[i]n representing a client, a lawyer

shall not communicate about the subject of the representation with a person the lawyer knows to be

represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

. . ."  Model Rules of Prof'l Conduct R. 4.2 (2002).  Comment 7 to the rule advises:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has the authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

Model Rules of Prof'l Conduct R. 4.2 cmt. 7.  Therefore, the first inquiry the court must undertake is whether Captain Davis is a "constituent" of the DSP, within the meaning of Rule 4.2.  The defendants contend that Captain Davis is a "constituent" of the DSP because his actions as a management employee and the plaintiffs' supervisor during the relevant time period, as well as his testimony regarding the material allegations in this case, may be imputed to the DSP for purposes of civil liability.  The court agrees for several reasons.

First, the plaintiffs do not dispute that Captain Davis is a constituent of the DSP within the meaning of Rule 4.2.  Indeed, in their "Statement of Facts" set forth in their answering brief in opposition to the motion, the plaintiffs state that the defendants "have publicly blamed everyone below then Lt. Davis for destroying the FTU - meaning plaintiffs Foraker, Price and Warren."  (D.I. 53, at 11.)[1]  The plaintiffs also state that "Capt. Davis . . . testified that plaintiffs were speaking out about the conditions at the FTU and that he sent their concerns up the chain of command and personally raised some of them with defendants and their Executive Staff."  (Id. at 17.)  These statements demonstrate to the court that Captain Davis acted as the plaintiffs' supervisor during the

---

[1] For convenience, the court will refer to docket item numbers from the 04-956 action, unless otherwise noted.

relevant time period.[2]  Moreover, Stephen Neuberger has stated in an unsworn declaration that he

is "well aware that [he] cannot talk to Capt. Davis about the substance of the present litigation."

(App. to Pls.' Answering Br., at B1330 ¶ 66.)  If Captain Davis was not a constituent of the DSP,

then presumably the Neubergers would be able to discuss the substance of this litigation with him.

Therefore, the court concludes that, as the plaintiffs' supervisor, then Lieutenant Davis' knowledge

and testimony regarding the problems at the FTU and remedies taken to alleviate those problems

may be imputed to the DSP for purposes of civil liability in these matters.  *See Carter-Herman v.*

*City of Philadelphia*, 897 F. Supp. 899, 903 (E.D. Pa. 1995) ("It is clear that the [police]

Commissioner, Deputy Commissioners, Captains, and Lieutenants all have managerial

responsibility. . . . Captains and Lieutenants exercise significant individual judgment and discretion

outside of established policies and procedures.")

Having determined that Captain Davis, in his position as Lieutenant, falls under Rule 4.2,

the court must next determine whether the Neubergers communicated with Captain Davis regarding

the subject matter of this lawsuit.  The plaintiffs contend that the Neubergers have not had any

communications with Captain Davis about the substance of this lawsuit.  Thus, they argue that Rule

4.2 does not come into play.  To support their arguments, the plaintiffs note that Captain Davis

testified at deposition to the fact that he has not discussed this lawsuit with the Neubergers.  (See

---

[2] Additionally, the defendants "Statement of Facts" in their opening brief states that
Foraker's immediate supervisor and one of the managers to whom he complained about
problems at the FTU was Captain Davis, then the Deputy Director of Training for the DSP.  (D.I.
47, at 4.) The defendants also state that Captain Davis has information regarding at least ten
subjects relevant to these matters including, noise levels at the FTU firing range during the
period when Captain Davis was responsible for the range and whether Captain Davis perceived
staffing levels at the range to be adequate at different times relevant to the lawsuit and what steps
he took to remedy levels he though inadequate.  (Id. at 10.)

D.I. 53, at 26.)  The plaintiffs have also submitted  unsworn declarations from Captain Davis and Stephen Neuberger, which state the same.  (See App. to Pls' Ans. Br., at B1314 ¶ 4; B1326-27 ¶¶ 40-41.)  Further, the defendants' opening brief in support of their motion states that the Neubergers and Captain Davis "have assured [them] that they have, to date, not discussed the substance of the consolidated actions. . . ."  (D.I. 47, at 18 n.6.)  The defendants, however, assert in their reply brief that "Stephen Neuberger has turned what may have been a technical but real violation of Rule 4.2 into a serious ethical breach that may justify disqualification of the Neuberger firm from these lawsuits."   (D.I. 59, at 4.)   Specifically, the defendants are concerned with Neuberger's representation in his unsworn declaration to the court that he has "'had multiple and extensive discussions with Capt. Davis about whether a conflict of interest exists between the [Neuberger] Firm's representation of him and that of the plaintiffs.'"  (Id.; see App. to Pls.' Ans. Br. at 1330 ¶ 64.)  According to the defendants, in order to be able to make the statement that there is no conflict of interest between the Neubergers' representation of Captain Davis and the plaintiffs,  Stephen Neuberger must "have debriefed Capt. Davis" regarding the case, and "must have compared [Captain] Davis' possible testimony with that of his litigant-clients."  (D.I. 59, at 5.)

After having considered both parties' positions on the matter, as well as the relevant case law, the court concludes that disqualifying the Neubergers from representing Captain Davis in this matter is the most appropriate course of action.  The court first would like to make clear that it does not agree with the defendants' assertion that Stephen Neuberger "must have" discussed the substance of this litigation with Captain Davis.  However, the court finds that Stephen Neuberger's statement that he has had "multiple and extensive discussions" with Captain Davis regarding conflict of interest issues demonstrates the appearance of impropriety that exists or would exist if the court

permitted the Neubergers to continue representing Captain Davis in this litigation.  Accordingly, the

court will grant the defendants' motion insofar as it requests that the Neubergers be disqualified

from representing Captain Davis.[3,4]

## III.    CONCLUSION

For all of the aforementioned reasons, IT IS HEREBY ORDERED that:

1.    The defendants' Motion to Bar Certain Communications of Counsel or, in the
Alternative, to Disqualify Counsel (04-956 D.I. 46, 04-1207 D.I. 32) is GRANTED
in part.  The motion is GRANTED insofar as it seeks to disqualify the Neubergers
from representing Captain Davis.  The motion is DENIED in all other respects.


Dated: May 15, 2006                               /s/ Gregory M. Sleet
                                                  UNITED STATES DISTRICT JUDGE

---

[3] As a result of the Neubergers' disqualification under Rule 4.2, the court does not reach
the parties' arguments with respect to disqualification under Rule 1.7.

[4] The court's opinion has no bearing on Captain Davis' right to counsel.  In other words,
the opinion means only that the Neubergers cannot represent Captain Davis.  Because Captain
Davis has invoked his First Amendment right to counsel, he is free to obtain new counsel before
meeting with the defendants, and is able to have his counsel present at that meeting.  *See*
*Cipriani v. Lycoming County Housing Auth.*, 177 F. Supp. 2d 303, 323-34 (M.D. Pa. 2001)
(quoting *Denius v. Dunlap*, 209 F.3d 944, 953 (7th Cir. 2000) for the proposition that "the First
Amendment protects the right of an individual or group to consult with an attorney on any legal
matter.")