IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

___

**DEFENDANTS' MEMORANDUM CONCERNING A PENSION OFFSET**

The measure of pension loss in an employment case is the difference between the present value of the pension the plaintiff would have at his normal retirement age and the present value of his pension he has at the point he suffers job loss for an unlawful reason. *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 375 n.7 (3d Cir. 1987). The present value of a pension entitlement is derived by accumulating monthly or annual pension payments from the date they begin to the end of an employee's life expectancy, and then reducing that number to its present value as of the date the calculation is made.

*Blum* stands for the proposition that an employer who has caused pension loss through an unlawful termination is liable for that pension loss but that employer can offset pension benefits that the employee receives from a subsequent employer. The logic that enables the employer to offset future pension gains from a new employer against pension losses from the Defendant employer applies as well to an offset of pension payments from the Defendant employer against future pension losses.

By instructing Dr. Thomas Borzilleri to ignore pension payments between the date the Defendants terminated any plaintiff in this case and the date they would otherwise have retired,

the plaintiffs' attorneys have caused Dr. Borzilleri to ignore a piece of the present value of the plaintiffs' pension at the point of termination. Specifically, Dr. Borzilleri ignores that part of the entitlement payable under the pension law between the date the employees separate from service and the date they would have retired absent the allegedly unlawful act (in this case, age 55). This violates the principle set forth in *Blum*.

The principle that future pension payments should be offset against future pension losses does not implicate the collateral source rule. Defendants recognize that pension payments between the date the employee leaves employment and age 55 cannot be offset against wages. However, if the Court does not provide an offset against pension losses, the Court is allowing the plaintiffs to excise a part of the present value of each plaintiff's pension, thereby enabling them to recover on something they have not lost.

Cases recognizing that pension payments should be offset against pension losses are as follows: *Smith v. World Ins. Co.*, 38 F.3d 1456, 1465-66 (8th Cir. 1994) (" an impermissible double recovery occurs where the district court awards the plaintiff backpay including employer pension contribution payments which would have been made on his account but for the unlawful discharge but fails to deduct the pension benefits the plaintiff already received."); *Glover v. McDonnell Douglas Corp.*, 981 F.2d 388, 396-97 (8th Cir. 1992), *vacated on other grounds*, 510 U.S. 802 (1993), *readopted on remand*, 12 F.3d 845, 848 (8th Cir. 1994) (a court order granting the plaintiff a full pension credit from the time of his termination amounted to a "double award" and would "put [the plaintiff] in a better position than if he had not been terminated because he will be entitled to full pension payments plus the pension payments he has already received"); *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1210 (7th Cir. 1989) (an employer is "entitled to a set-off for the difference between the amount the employee *did* receive and the

-3-

amount he *would have* received but for his unlawful termination"); *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 86-87 (2d Cir. 1983) (affirming district court's credit of pension payments paid out against the lump sum pension payment the plaintiff elected to receive).

/s/ Richard M. Donaldson
―――――――――――――――――――

Date: May 26, 2006

Noel C. Burnham (DE Bar I.D. # 3483)
Richard M. Donaldson (DE Bar I.D. #4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7840

*Counsel for Defendants L. Aaron Chaffinch, Thomas F. MacLeish, David B. Mitchell, and the Division of State Police, Department of Safety and Homeland Security, State of Delaware*

## CERTIFICATION OF SERVICE

I hereby certify that on May 26, 2006, I electronically filed with the Clerk of the Court using CM/ECF Defendants' Memorandum Concerning A Pension Offset, which will send notification of such filing(s) to the following:

>Thomas Stephen Neuberger, Esq.
>Stephen J. Neuberger, Esq.
>The Neuberger Firm, P.A.
>Two East Seventh Street, Suite 302
>Wilmington, DE  19801
>
>and
>
>Martin D. Haverly, Esquire
>Two East Seventh Street
>Suite 201
>Wilmington, DE 19801
>
>*Counsel for Plaintiffs*

>            /s/ Richard M. Donaldson
>Richard M. Donaldson (#4367)
>Montgomery, McCracken, Walker
>& Rhoads, LLP
>300 Delaware Avenue, Suite 750
>Wilmington, DE  19801
>el:  (302) 504-7890

-4-