**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| B. KURT PRICE, et al. | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | (Consolidated with C.A. No. 04-1207-GMS) |
| | : | |
| L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

**ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR
ATTORNEYS FEES, INTEREST AND COSTS OF THE NEUBERGER FIRM AND
MARTIN D. HAVERLY, ATTORNEY AT LAW, PURSUANT TO 42 U.S.C. § 1988 AND
FED.R.CIV.P. 54**

Date:  July 7, 2006

Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7840

Edward T. Ellis (Admitted Pro Hac Vice)
Carmon M. Harvey (Admitted Pro Hac Vice)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

*Counsel for Defendants L. Aaron Chaffinch,*
*Thomas F. MacLeish, David B. Mitchell, and the*
*Division of State Police, Department of Safety and*
*Homeland Security, State of Delaware*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.  STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ................... 1

II.  SUMMARY OF ARGUMENT ...................................................................... 3

III.  CONCISE STATEMENT OF FACTS ............................................................ 4

IV.  ARGUMENT .............................................................................................. 4

    A.  Plaintiffs' Motions For Attorney Fees Are Premature And Should Not Be Addressed By The Parties – Or The Court – Unless Plaintiffs Become A Prevailing Party Within The Meaning Of The Statute............................................. 4

    B.  Plaintiffs Are Not Entitled To The Attorney Fees And Costs Incurred (1) In Plaintiffs' Unsuccessful Summary Judgment Motions, (2) Through The Unnecessary Participation Of Multiple Attorneys, (3) In Conducting A Public Relations Campaign, Or (4) In Pursuing State Law Claims ................. 6

        1.  Plaintiffs' Summary Judgment Motions were Frivolous ........................... 6

        2.  The Participation of Three Attorneys Throughout the Course of the Litigation was Excessive............................................................. 8

        3.  Plaintiffs May Not Be Reimbursed for Time Spent Preparing Press Releases, Speaking With Members of The Media, or Conducting Press Conferences .................................................................. 10

        4.  Plaintiffs are not Entitled to Recover Amounts Expended in Pursuing Foraker's State Law Claims........................................ 11

    C.  Plaintiffs Are Not Entitled To Prejudgment Interest ............................................ 12

V.  CONCLUSION ............................................................................................ 15

# TABLE OF AUTHORITIES

<strong>Page</strong>

## CASES

*1st Westco Corp. v. Sch. Dist. of Phila.*, No. Civ. A. 91-2727, 1993 U.S. Dist. LEXIS 5025
(E.D. Pa. Mar. 31, 1993) ................................................................................................ 5

*Africa v. City of Phila.*, Nos. 85-2745, 87-2678, 85-3528, 87-2756,
1996 U.S. Dist. LEXIS 17194 (E.D. Pa. Nov. 14, 1996) ............................................. 12

*Alliance for the Mentally Ill of Pennsylvania, Inc. v. White*, Civ. A. No. 90-6389,
1992 U.S. Dist. LEXIS 13191 (E.D. Pa. Aug. 31, 1992) .............................................. 8

*Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208 (3d Cir. 1978) ............................ 11

*Berndt v. Kaiser Aluminum & Chem. Sales Inc.*, 789 F.2d 253 (3d Cir. 1986) ......................... 13

*Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860 (3d Cir. 1995) ...................................... 12

*Carter-Herman v. City of Phila.*, Civ. A. No. 95-4030, 1997 U.S. Dist. LEXIS 1130
(E.D. Pa. Feb. 3, 1997) ............................................................................................... 11

*Chi. Lawyers' Comm. for Civil Rights Under Law, Inc. v. City of Chicago*, No. 76 C 1982,
1985 U.S. Dist. LEXIS 14562 (N.D. Ill. Oct. 24, 1985) ............................................. 10

*Child v. Spillane*, 866 F.2d 691 (4th Cir. 1989) ................................................ 10

*Craig v. Christ*, Cause No. IP 96-1570-C H/G, 1999 U.S. Dist. LEXIS 17548
(S.D. Ind. Sept. 10, 1999) ......................................................................................... 10

*Davis v. San Francisco*, 976 F.2d 1536 (9th Cir. 1992) ........................................ 10

*Dooley v. City of Philadelphia*, Civ. A. No. 99-2764, 2002 U.S. Dist. LEXIS 17320
(E.D. Pa. Aug. 30. 2002) ............................................................................................. 7

*Fini v. Remington Arms Co.*, No. Civ. A. 97-12-SLR, 1999 U.S. Dist. LEXIS 15864
(D. Del. Sept. 24, 1999) ........................................................................................... 6, 7

*Garcetti v. Ceballos*, --- U.S. ---, 126 S. Ct. 1951 (2006) ...................................... 3

*Greater Los Angeles Council on Deafness v. Cmty. Television of S. Cal.*, 813 F.2d 217
(9th Cir. 1987) ........................................................................................................ 10

*Greater Westchester Homeowners Assoc. v. City of Los Angeles*, 603 P.2d 1329 (Cal. 1979) .... 13

*Hanrahan v. Hampton*, 446 U.S. 754 (1980) ............................................................ 4, 5

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ...................................................... passim

*Herkalo v. Nat'l Liberty Corp.*, Civ. A. No. No. 94-7660, 1997 U.S. Dist. LEXIS 12130
(E.D. Pa. Aug. 7, 1997) ............................................................................................. 6, 9

*Loeffler v. Frank*, 486 U.S. 549 (1988) ............................................................. 12

*Maldonado v. Houstoun*, 256 F.3d 181 (3d Cir. 2001) ............................................. 8, 9

*McNaboe v. NVF Co.*, No. Civ. A. 97-558-SLR, 2002 U.S. Dist. LEXIS 21287
(D. Del. Oct. 31, 2002) ............................................................................................... 5

*Poleto v. Consol. Rail Corp.*, 826 F.2d 1270 (3d Cir. 1987) ................................... 12, 13

## TABLE OF AUTHORITIES

**Page**

*Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169 (4th Cir. 1994) ........................................ 10

*Rush v. Scott Specialty Gases, Inc.*, 940 F. Supp. 814 (E.D. Pa. 1996) ........................................ 12

*Stair v. Lehigh Valley Carpenters Local Union No. 600*, Civ. A. No. 91-1507,
    1994 U.S. Dist LEXIS 5895 (E.D. Pa. May 9, 1994) ................................................ 10

*Sweitlowich v. County of Bucks*, 620 F.2d 33 (3d Cir. 1980) ........................................ 5

*Taylor v. Cent. Pa. Drug & Alcohol Servs. Corp.*, 890 F. Supp. 360 (M.D. Pa. 1995) ............... 13

*Washington v. Phila. County Ct. of Common Pleas*, 89 F.3d 1031 (3d Cir. 1996) ...................... 6

## STATUTES

42 U.S.C. § 1988 .................................................................................................................... passim

## RULES

Fed. R. Civ. P 56 ....................................................................................................................... 7

Fed. R. Civ. P. 50(b) ................................................................................................................. 2

Fed. R. Civ. P. 54 .................................................................................................................. 3, 5

Fed. R. Civ. P. 59(e) ................................................................................................................. 2

2090230v5

I.     **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

These consolidated cases arise under 42 U.S.C. § 1983 and the laws of the State of

Delaware.  Defendants are L. Aaron Chaffinch, the retired Superintendent of the Delaware State

Police ("DSP"), Thomas F. MacLeish, currently the Superintendent, and David B. Mitchell,

Secretary of Safety and Homeland Security for the State of Delaware.  The plaintiffs are B. Kurt

Price, Wayne Warren, and Christopher Foraker, three of the four state troopers assigned to the

Firearms Training Unit of the DSP at the point the DSP closed its indoor firing range in March

2004.

The plaintiffs alleged in Civil Action No. 04-956-GMS (the "Price Action"), filed on

August 19, 2004, that defendants Chaffinch and MacLeish retaliated against them in violation of

the First Amendment's Free Speech Clause after they exercised their rights to report workplace

problems through the DSP chain of command and to the State Auditor of Accounts (Count I).

(D.I. #1.)  On October 14, 2005, plaintiffs filed an Amended Complaint, adding a claim that

defendants' conduct violated the First Amendment's Petition Clause (Count II).  (App. at A-165

– A-193; D.I. #45.)[1]

Plaintiff Foraker filed Civil Action No. 04-1207-GMS (the "Foraker Action") on August

30, 2004, alleging that Chaffinch and MacLeish retaliated against him in violation of the First

Amendment's Free Speech Clause (Count I) and Petition Clause (Count II) because he had sued

defendant Chaffinch in 2002 over a lateral job transfer.  (App. at A-194 – A-218; D.I. #1.)

Plaintiff Foraker further alleged that defendants Chaffinch and MacLeish made statements about

---

[1]     "App." refers to Defendants' Appendix to Opening Brief in Support of Defendants' Motion for Judgment as a Matter of Law or, In the Alternative, For a New Trial, filed on June 19, 2006.  (*See* D.I. #196.)

him that were defamatory under Delaware law (Count III) and invaded his privacy (Count IV). (*See id.*)

On January 25, 2006, all parties filed summary judgment motions in both cases as to all counts except that Foraker did not move for summary judgment on his defamation and invasion of privacy claims. (D.I. ##80-86 (Price Action); D.I. ##60-66 (Foraker Action).) On April 10 and 13, 2006, the Court denied plaintiffs' motions for summary judgment. (D.I. #135 (Price Action); D.I. #112 (Foraker Action).) On May 12, 2006, the Court denied defendants' motion for summary judgment in the Price Action, and denied the motion in the Foraker Action except for Foraker's claim for invasion of privacy. (D.I. #167 (Price Action); D.I. #118 (Foraker Action).) The Court also found that plaintiff Foraker is a limited purpose public figure who must prove "actual malice" to establish a claim for defamation. (*See id.*)

By Order dated April 18, 2006, the Court granted plaintiffs' motion to consolidate the Price and Foraker Actions for trial. (D.I. #138 (Price Action); D.I. #117 (Foraker Action).)

Trial commenced on May 15, 2006, and lasted for twelve days. At the conclusion of plaintiffs' case and again at the conclusion of all of the evidence, defendants moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. On May 31, 2006, the jury returned a verdict in favor of the plaintiffs except for its finding in favor of defendant MacLeish as to Foraker's defamation claim. (*See* App. at A-1 – A-15 (Verdict Forms); D. I. ##182-84 (Price Action).)

On May 31, 2006, following the reading of the jury verdict, defendants made a motion orally for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) and, alternatively, a motion to alter or amend the judgment under Rule 59(e). The Court entered judgment on the verdict on June 15, 2006. (D.I. # 186.)

On June 19, 2006, Defendants filed a Motion for Judgment as a Matter of Law or, in the Alternative, to Amend the Judgment or for a New Trial.  Defendants argued in this motion that they should be granted judgment as a matter of law with respect to the Price Action because the Supreme Court's recent decision in *Garcetti v. Ceballos*, --- U.S. ---, 126 S. Ct. 1951 (2006), bars the Price Action as a matter of law.  Additionally, defendants argued that because the verdict as to Foraker's remaining claims in the Foraker action were inextricably intertwined with the issues raised in the Price Action, thereby rendering the verdict ambiguous, defendants should be granted a new trial with respect to Foraker's First Amendment retaliation claims in the Foraker Action.  Finally, defendants argued that judgment should be granted in favor of the defendants with respect to Foraker's defamation claim.

Also on June 19, 2006, plaintiffs' counsel, The Neuberger Firm and Martin D. Haverly, filed separate motions for attorneys' fees, interest and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54 ("Motions for Attorney Fees").  Defendants submit this single answering brief in response to both motions.

## II.     <u>SUMMARY OF ARGUMENT</u>

1.     The Court should not address plaintiffs' request for fees under 42 U.S.C. § 1988 because plaintiffs are not a prevailing party within the meaning of the statute, and they may never be.  The Supreme Court's recent decision in *Garcetti v. Ceballos* limits First Amendment protection afforded public employees and clearly bars the Price Action as a matter of law.  On June 19, 2006, defendants filed a motion that asks the court to address the *Garcetti* issues, among others.  Only after the Court addresses defendants' motion – and the Court of Appeals addresses them if necessary – can this Court decide whether, and to what extent, plaintiffs have prevailed on their § 1983 claims and whether plaintiffs are entitled to recover attorney fees and costs.

2.      The Court should deny plaintiffs' request for fees in connection with plaintiffs' frivolous summary judgment motions.

3.      The Court should deny plaintiffs' request for fees to the extent they are excessive, redundant, and otherwise unnecessary as a result of the participation of three attorneys throughout the course of the litigation.

4.      The Court should deny plaintiffs' request for fees in connection with the public relations campaign conducted by plaintiffs' attorneys because it was unnecessary to the prosecution of their case.

5.      The Court should deny plaintiffs' request for fees in connection with plaintiff Foraker's state law defamation and invasion of privacy claims against defendants because 42 U.S.C. § 1988 does not allow plaintiffs to recover fees for state law claims.

6.      The Court should deny plaintiffs' request for prejudgment interest because such interest is not permitted with respect to plaintiffs' front pay and emotional distress damage awards.

## III.    <u>CONCISE STATEMENT OF FACTS</u>

All relevant facts are set forth in Section I, above, in the "Statement of the Nature and Stage of the Proceeding."

## IV.    <u>ARGUMENT</u>

### A.      **Plaintiffs' Motions For Attorney Fees Are Premature And Should Not Be Addressed By The Parties – Or The Court – Unless Plaintiffs Become A <u>Prevailing Party Within The Meaning Of The Statute.</u>**

An award of attorney's fees is discretionary and can only be made to a "prevailing party." *See* 42 U.S.C. § 1988 ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanrahan v. Hampton*, 446 U.S. 754, 756 (1980).  To be considered a prevailing party, the

petitioner must show that he has prevailed on the merits; i.e., there are no future proceedings that will change the results. *See id.* at 758-59; *Sweitlowich v. County of Bucks*, 620 F.2d 33, 35 (3d Cir. 1980).

A party's motion for attorney fees should be stayed pending final disposition – through the post-trial and/or appellate processes. *See, e.g., McNaboe v. NVF Co.*, No. Civ. A. 97-558-SLR, 2002 U.S. Dist. LEXIS 21287, at *4 (D. Del. Oct. 31, 2002) (staying parties' motions for attorney fees and expenses pending appeal); *1st Westco Corp. v. Sch. Dist. of Phila.*, No. Civ. A. 91-2727, 1993 U.S. Dist. LEXIS 5025, at *1 (E.D. Pa. Mar. 31, 1993) ("It makes sense, for reasons of judicial economy and reducing parties' expense, to stay the petition for attorney fees."); *see also* Fed. R. Civ. P. 54(d)(2)(B) advisory committee notes ("If any appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").

Price, Warren and Foraker are not now prevailing parties – and they may never be prevailing parties. Defendants have filed a post-trial motion that will, if granted, result in the defendants becoming the prevailing parties for the Price Action and part of the Foraker Action. A new trial is a possibility for some of the claims in the Foraker Action. The disposition of plaintiffs' fee petitions depends on disposition of defendants' post-trial motion. If the Court grants defendants' motion in its entirety, plaintiffs can recover *no* attorney fees under 42 U.S.C. § 1988. If the Court grants defendants' motion in part, then the plaintiffs' attorney fees should be reduced by the amount of fees incurred in pursuing unsuccessful claims. *See Hensley*, 461 U.S. at 436-37, 440; *Washington v. Phila. County Ct. of Common Pleas*, 89 F.3d 1031, 1044 (3d

Cir. 1996). There remains the possibility of an appeal by either side from the final decision of this Court on the merits.

Because plaintiffs are not prevailing parties, they are not entitled to attorney fees. The Court should stay the Motions for Attorneys Fees or deny the motions without prejudice.

**B.    Plaintiffs Are Not Entitled To The Attorney Fees And Costs Incurred (1) In Plaintiffs' Unsuccessful Summary Judgment Motions, (2) Through The Unnecessary Participation Of Multiple Attorneys, (3) In Conducting A Public Relations Campaign, Or (4) In Pursuing State Law Claims**

The Court should not award attorney fees and costs plaintiffs for the unreasonable and unnecessary time spent preparing plaintiffs' motions for summary judgment, which had no merit and were denied. The Court should also not award fees for the attendance by multiple attorneys at depositions and the trial. Finally, the Court should not award fees for the media campaign conducted by plaintiffs' attorneys or for the prosecution of Foraker's state law claims.

**1.    Plaintiffs' Summary Judgment Motions were Frivolous.**

The award of attorney fees is generally based on the "number of hours *reasonably expended* on the litigation multiplied by a reasonable hourly rate."[2] *Hensley*, 461 U.S. at 433 (emphasis added); *see also Washington*, 89 F.3d at 1035. Courts have reduced a party's fee award when there was an unreasonable number of hours devoted to a particular aspect of the litigation, such as an unsuccessful summary judgment motion or an unsuccessful opposition to a motion. *See, e.g.*, *Fini v. Remington Arms Co.*, No. Civ. A. 97-12-SLR, 1999 U.S. Dist. LEXIS 15864, at *23-24 (D. Del. Sept. 24, 1999); *Herkalo v. Nat'l Liberty Corp.*, Civ. A. No. No. 94-7660, 1997 U.S. Dist. LEXIS 12130, at *14-15 (E.D. Pa. Aug. 7, 1997); *see also Dooley v. City*

---

[2]    As plaintiffs note in their Opening Memorandum, defendants contest the reasonableness of Stephen J. Neuberger's asserted rate of $250 per hour. This rate is unreasonable as Mr. Neuberger has been a member of the bar for only 2 ½ years and a rate of $250 exceeds the rates of third-year associates in most mid to upper-level firms in Philadelphia, where one would expect rates to be higher.

*of Philadelphia*, Civ. A. No. 99-2764, 2002 U.S. Dist. LEXIS 17320, at *17 (E.D. Pa. Aug. 30. 2002).

In *Fini*, for instance, Judge Robinson of this Court refused to award the plaintiff (represented by Thomas S. Neuberger) fees incurred in making an unsuccessful summary judgment motion. The court reasoned that "[m]otions for summary judgment are not routinely granted in this district, particularly motions filed by plaintiffs," and held that it "was not reasonable to believe that plaintiff's motion would be granted given Third Circuit precedent and this court's track record." *Fini*, 1999 U.S. Dist. LEXIS 15864, at *24. In reaching this conclusion, Judge Robinson explicitly rejected the plaintiff's argument that "the research underlying his motion 'was an integral part of proving' his claims." *Id.* (citation and internal marks omitted). Consequently, she "decline[d] to reward plaintiff for th[e] wasted exercise" of filing a summary judgment motion and reduced plaintiff's fee award by approximately $35,000. *See id.*

The summary judgment motions in these consolidated actions were frivolous. The central issue in both cases was the motivation of the defendants when they made certain decisions. Both defendants repeatedly denied unlawful motivation, which meant that there was at best a factual dispute as to their motivation. A factual dispute as to a person's motivation renders summary judgment legally impossible under Rule 56, Fed.R.Civ.P. Following the reasoning of Judge Robinson in *Fini*, this Court should not reward plaintiffs for the wasted exercise of preparing and filing their meritless summary judgment papers. It was simply not reasonable for them to believe that their motion had any possibility of success.[3]

---

[3] Plaintiffs are also not entitled to an award of costs associated with their summary judgment motions, the amount of which presently is unascertainable as plaintiffs have failed to break these amounts out separately in their itemization of costs.

It appears that The Neuberger Firm spent a total of 175.4 hours (15.7 hours for Thomas S. Neuberger; 135.1 hours for Stephen J. Neuberger; 24.6 hours for Cheryl Sasadeusz) drafting plaintiffs' motions for summary judgment or corresponding regarding the motions; Martin Haverly spent approximately 3.3 hours assisting with plaintiffs' motions for summary judgment. Using the billable rates provided by plaintiffs, the fees asserted by The Neuberger Firm should be reduced by $43,902 for the "wasted exercise" of filing summary judgment motions in both the Price and Foraker Actions; Mr. Haverly's asserted fees likewise should be reduced by $957.

## 2. The Participation of Three Attorneys Throughout the Course of the Litigation was Excessive.

In assessing a fee petition, a court's "principal concern is whether the time claimed is reasonable for the services performed," a concern which can be accentuated when many lawyers are involved on behalf of the plaintiff. *See Maldonado v. Houstoun*, 256 F.3d 181, 185 (3d Cir. 2001). This is particularly true when, in a court's assessment, the items at issue could have been litigated by one or two attorneys. *See id.* The Third Circuit has held under such circumstances that "[l]awyers should understand that although the likelihood of success in a fee shifting case may be promising, the prospects of payment by a defendant with a deep pocket or a defendant with tax collecting powers should not encourage the utilization of an excess number of lawyers." *See id.*; *see also Alliance for the Mentally Ill of Pennsylvania, Inc. v. White*, Civ. A. No. 90-6389, 1992 U.S. Dist. LEXIS 13191, at *8 (E.D. Pa. Aug. 31, 1992). "Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A district court also "should exclude from the initial fee calculation hours that were not reasonably expended," including additional hours resulting from "[c]ases [that] may be overstaffed" as well as from the varied skill and experience of lawyers. *See id.*; *see also Herkalo*, 1997 U.S. Dist.

LEXIS 12130, at *12 ("it would be unreasonable to compensate the plaintiff for the duplicative time and efforts billed by two experienced attorneys, where one attorney's time and efforts would have sufficed").

The presence at trial of three or four plaintiffs' lawyers and a litigation paralegal was excessive and unnecessary.  More of their time should have been removed in the exercise of "billing discretion."[4]  Martin Haverly billed time for twelve days of trial.  During nine of those days, Haverly merely watched.  While he was questioning his witnesses, the rest of the team watched.  It is unreasonable to charge a third attorney who watches when there is already a paralegal and at least one other lawyer present at any given point in the proceeding.  Mr. Haverly's time records reflect that he spent 62.8 hours observing trial on those nine days; his fees therefore should be reduced by $18,212.[5]

The same reasoning applies to Mr. Haverly's attendance at depositions.  In his declaration, Mr. Haverly states that he "attended some of the depositions in an effort to quickly familiarize himself with plaintiffs Price and Warren's cases."  (*See* Unsworn Declaration of Martin Haverly, Esquire, attached as Exhibit A to Motion for Attorney's Fees of Martin D. Haverly, Attorney at Law, at ¶ 10 (D.I. # 195.)  Mr. Haverly conducted none of the pre-trial depositions in either of these consolidated matters.  If necessary for the preparation of his own

---

[4]    The Third Circuit has held that legal work is not "intended to be a training school for law students or embryonic lawyers at the expense of the losing party."  *Maldonado*, 256 F.3d at 185.  This perhaps explains the Neubergers' removal of Cheryl Sasadeusz's trial time from the fee petition.  The defendants suggest that Mr. Haverly's time should be removed as well.

[5]    The defendants' position is that two lawyers and a paralegal are enough courtroom personnel for a 12-day trial.  Defendants recognize that Mr. Haverly had a right to be present at the trial because he represented the plaintiffs.  The defendants, however, should not be forced to pay for a third trial lawyer when two were sufficient to get the job done.  Striking Haverly's fee is one way to address the issue, although the same result would be accomplished by striking Stephen Neuberger's fees for the same time period.

witnesses at trial (all of whom were experts who submitted reports), Mr. Haverly could much more quickly have "familiarized" himself with the Price and Warren cases by reading the deposition transcripts. It is unreasonable for the plaintiffs to seek payment for Mr. Haverly's time watching depositions. Mr. Haverly's fee should be reduced by an additional $7,250 for the 25 hours Mr. Haverly attended depositions.

> **3.** **Plaintiffs May Not Be Reimbursed for Time Spent Preparing Press Releases, Speaking With Members of The Media, or Conducting Press Conferences.**

Plaintiffs are not entitled to reimbursement under 42 U.S.C. § 1988 for time spent drafting press releases, speaking with the media, and conducting press conferences. "Time spent with the media is not compensable as it is not ordinarily necessary to prosecute the case." *Stair v. Lehigh Valley Carpenters Local Union No. 600*, Civ. A. No. 91-1507, 1994 U.S. Dist LEXIS 5895, at *6 (E.D. Pa. May 9, 1994). Courts have prohibited recovery for time spent on public relations campaigns, regardless of the asserted purpose for such activities. *See Child v. Spillane*, 866 F.2d 691, 692, 694 (4th Cir. 1989); *Greater Los Angeles Council on Deafness v. Cmty. Television of S. Cal.*, 813 F.2d 217, 221 (9th Cir. 1987); *Craig v. Christ*, Cause No. IP 96-1570-C H/G, 1999 U.S. Dist. LEXIS 17548, at *28 (S.D. Ind. Sept. 10, 1999); *Chi. Lawyers' Comm. for Civil Rights Under Law, Inc. v. City of Chicago*, No. 76 C 1982, 1985 U.S. Dist. LEXIS 14562, at *13, *21 (N.D. Ill. Oct. 24, 1985). The refusal to allow recovery for these types of activities recognizes the fact that "[t]he legitimate goals of litigation are almost always attained in the courtroom, not in the media." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 176 (4th Cir. 1994). *But see Davis v. San Francisco*, 976 F.2d 1536 (9th Cir. 1992), *reh'g denied, vacated in part, and remanded*, 984 F.2d 345 (9th Cir. 1993) (permitting recovery for time spent

giving press conferences because it was "directly and intimately related to the successful representation of a client").

Plaintiffs seek fees totaling approximately $7,598 for The Neuberger Firm and $406 for Mr. Haverly for 22.2 hours (15.5 for Thomas S. Neuberger; 5.3 for Stephen J. Neuberger; 1.4 for Martin D. Haverly) spent drafting press releases, speaking with news reporters, and conducting and participating in press conferences. The public relations campaign conducted by plaintiffs' attorneys was not necessary or related to the successful representation of their clients and, accordingly, plaintiffs are not entitled to recover these amounts under 42 U.S.C. § 1988.

> ### 4.    Plaintiffs are not Entitled to Recover Amounts Expended in Pursuing Foraker's State Law Claims.

Plaintiffs are only entitled to recover attorney fees for reasonable time spent litigating claims under federal law – they may not recover fees in connection with distinct state law claims. *See Carter-Herman v. City of Phila.*, Civ. A. No. 95-4030, 1997 U.S. Dist. LEXIS 1130, at *15 (E.D. Pa. Feb. 3, 1997) (citing *Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1215-16 (3d Cir. 1978)). Plaintiff Foraker was *unsuccessful* in his invasion of privacy claim, with respect to which the Court granted summary judgment; these hours must be excluded in determining the amount of plaintiffs' reasonable fee. *See Hensley*, 461 U.S. at 440. Moreover, regardless of whether plaintiff Foraker is ultimately successful in his state law claim against defendant Chaffinch, his attorney fees should be reduced by the time spent on that claim. Because counsel has not segregated these amounts in its billing from the amount of time spent on plaintiffs' § 1983 claims, defendants cannot determine precisely by how much plaintiffs' request should be reduced. Defendants suggest to the court that the defamation claim took about one-

eighth of the trial, and that it is fair to reduce plaintiffs' fee award by that amount.[6]  This

amounts to a reduction of $80,435 for The Neuberger Firm and $13,152 for Mr. Haverly.

### C.    Plaintiffs Are Not Entitled To Prejudgment Interest

The plaintiffs' judgment consists entirely of front pay and damages for emotional distress

and humiliation.  Plaintiffs are not entitled to prejudgment interest because such interest is

available for backpay awards only; it is not available for awards of front pay adjusted to present

value and non-economic damages.

Prejudgment interest is compensatory in nature; "it serves to compensate a plaintiff for

the loss of the use of money that the plaintiff otherwise would have earned had he not been

unjustly discharged."  *See Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 868 (3d Cir. 1995).

Prejudgment interest is not available for damage awards for future economic harm (front pay) or

non-economic harm such as mental and emotional injury.  *See Poleto v. Consol. Rail Corp.*, 826

F.2d 1270, 1278 n.14 (3d Cir. 1987), *abrogated on other grounds by Kaiser Aluminum & Chem.

Corp. v. Bonjorno,* 494 U.S. 827 (1990); *see also Loeffler v. Frank*, 486 U.S. 549, 557 (1988);

*Africa v. City of Phila.*, Nos. 85-2745, 87-2678, 85-3528, 87-2756, 1996 U.S. Dist. LEXIS

17194, at *1-2 (E.D. Pa. Nov. 14, 1996) (quoting *Poleto*); *Rush v. Scott Specialty Gases, Inc.*,

940 F. Supp. 814, 817 (E.D. Pa. 1996).

Prejudgment interest is not permitted on front pay because "only the sum that represents

past economic loss is properly adjusted to present value through an interest calculation."  *See*

---

[6]    The trial consisted of four elements:  one each for Price, Warren, and Foraker in the Price Action and one for Foraker in his own action.  The defamation claim was one-half of the Foraker Action, thus one-eighth of the total effort devoted to the case.  Even if the court considers the state law defamation claim to be intertwined with Foraker's § 1983 claim, it is not intertwined in the briefing and the preparation of the pre-trial papers.  Accordingly, counsel should be directed to segregate time spent in briefing and other paperwork in support of the defamation claim.  That time should be disallowed.

*Poleto*, 826 F.2d at 1278 n.14.  "Future economic harms must . . . be excluded from the

adjustment of prejudgment interest, for interest adjustment would be antithetical to adjusting

such a future stream of money to its present value."  *See id.*  Likewise, "[n]on-economic awards,

such as pain and suffering or punitive damages, do not compensate for market-induced harms, so

they do not require the adjustment for the time the successful plaintiff's money was out of the

market which prejudgment interest provides."  *See id.*  Indeed, "damages for the intangible,

noneconomic aspects of mental and emotional injury . . . are inherently nonpecuniary . . . [and]

necessarily left to the subjective discretion of the trier of fact.  Retroactive interest on such

damages adds uncertain conjecture to speculation."  *See id.* (quoting *Greater Westchester*

*Homeowners Assoc. v. City of Los Angeles*, 603 P.2d 1329, 1338 (Cal. 1979)).

        Plaintiffs are not entitled to prejudgment interest because they were awarded only front

pay and non-economic damages for emotional distress and humiliation.  Plaintiffs specifically

declined to seek a back pay award.  (*See* 5/26/06 Trial Tr., Prayer Conference, at 2394:12-24.)

Accordingly, plaintiffs' request for prejudgment interest should be denied.

        Finally, prejudgment interest should be calculated from the date that the plaintiffs

suffered the loss – not from June 25, 2004, as plaintiffs contend.  "The purpose of prejudgment

interest is to 'reimburse the claimant for the loss of the use of its investment or its funds from the

time of the loss until judgment is entered.'"  *Berndt v. Kaiser Aluminum & Chem. Sales Inc.*, 789

F.2d 253, 259 (3d Cir. 1986); *see also Taylor v. Cent. Pa. Drug & Alcohol Servs. Corp.*, 890 F.

Supp. 360, 370 (M.D. Pa. 1995).  Because plaintiffs have not been awarded any back wage loss,

it is impossible even to apply a prejudgment interest rate to plaintiffs' damage awards.  It is clear

under the law, however, that the June 25, 2004, date is incorrect because any prejudgment

interest award should commence from the date of plaintiffs' respective losses.  Plaintiffs Price

and Warren suffered losses on April 7, 2006 and July 1, 2006, the dates they retired,

respectively.  Plaintiff Foraker has not yet suffered any loss because he still is receiving a full

paycheck from the DSP.[7]

---

[7]    Although district courts may apply the postjudgment interest rate set forth in 28 U.S.C. § 1961 to determine the amount of prejudgment interest in appropriate cases, the statute provides that this interest "shall be compounded annually," 28 U.S.C. § 1961(b), not "semi-annually" as plaintiffs contend (*see* Pls.' Mem. in Supp. of Mot. for Att'ys Fees of The Neuberger Firm (D.I. #188), at 26).

2090230v5

## V.    <u>CONCLUSION</u>

For the reasons set forth above, this Court should not award any attorney fees or costs unless plaintiffs become a "prevailing party" within the meaning of 42 U.S.C. § 1988.  At the time the Court awards fees, it should deny recovery for attorney time and costs incurred (1) in the filing of their summary judgment motion, (2) because of duplicative efforts of counsel, (3) in preparing press releases and communicating with the media; and (4) in pursuit of the state law defamation and invasion of privacy claims.  Finally, the Court should deny plaintiffs' request for prejudgment interest.

Respectfully submitted,

Dated:  July 7, 2006

*/s/ Noel C. Burnham*
Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7840

Edward T. Ellis (Admitted Pro Hac Vice)
Carmon M. Harvey (Admitted Pro Hac Vice)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

*Counsel for Defendants L. Aaron Chaffinch, Thomas F. MacLeish, David B. Mitchell, and the Division of State Police, Department of Safety and Homeland Security, State of Delaware*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that two (2) copies of the Answering Brief In Opposition To Plaintiff's

Motions for Attorney Fees, Interest and Costs of the Neuberger Firm and Martin D. Haverly,

Attorney at Law, Pursuant to 42 U.S.C. § 1988 were served by hand delivery, this 7th day of July

2006, on:

Thomas Stephen Neuberger, Esquire
Stephen J. Neuberger, Esquire
The Neuberger Firm
2 East Seventh Street, Suite 302
Wilmington, DE  19801

Martin D. Haverly, Esquire
Attorney at Law
Two East Seventh Street
Suite 201
Wilmington, DE 19801


*Counsel for Plaintiffs*


   */s/ Noel C. Burnham*
Noel C. Burnham [DE Bar No. 3484]