# UNREPORTED CASES

Westlaw.

Slip Copy

Page 1

Slip Copy, 2006 WL 623074 (C.A.3 (Pa.))
**(Cite as: Slip Copy)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.NOT PRECEDENTIAL Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)
United States Court of Appeals,Third Circuit.
NATIONWIDE MUTUAL INSURANCE COMPANY
v.
STARLIGHT BALLROOM DANCE CLUB, INC.; Philip Chan, Appellants.
**No. 05-1031.**

Submitted Under Third Circuit LAR 34.1(a) March 8, 2006.
Decided March 14, 2006.

**Background:** Insurer under comprehensive general liability (CGL) policy brought declaratory judgment action against insured operator of ballroom dance school, seeking declaration that it had no obligation to defend against personal injury claim of person who fell and broke his hip during private dance party held at school. After granting insurer's motion for default judgment, the United States District Court for the Eastern District of Pennsylvania, Berle M. Schiller, J., 2004 WL 2609119, denied insured's motion to open default judgment and, subsequently, 2004 WL 2966922, denied reconsideration. Insured appealed.

**Holdings:** The Court of Appeals, Ambro, Circuit Judge, held that:

1(1) insured could not establish meritorious defense;

2(2) insured's default was culpable; and

3(3) refusing to set aside default judgment was not abuse of discretion.

Affirmed.

**[1] Federal Civil Procedure 170A ⬅2450**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(B) By Default
            170AXVII(B)2 Setting Aside
                170Ak2450 k. Meritorious Cause of Action or Defense. Most Cited Cases
Under Pennsylvania law, insurer could void comprehensive general liability (CGL) policy issued to operator of ballroom dance school on grounds that operator obtained policy by means of fraudulent representations, given that operator admitted that it rented its facility for private parties and operated as nightclub, that operator's application for insurance disclosed only that its facility was ballroom dance school, and that affidavit from policy's underwriter indicated that it would have refused to underwrite policy had it known of operator's extended uses of facility, and therefore operator, which sought to reopen default judgment entered against it, lacked meritorious defense to insurer's claim for declaratory judgment that it had no obligation to defend operator against third-party claim of person who fell and broke his hip during private dance party at school.

**[2] Federal Civil Procedure 170A ⬅2444.1**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(B) By Default
            170AXVII(B)2 Setting Aside
                170Ak2444 Grounds
                    170Ak2444.1 k. In General. Most Cited Cases
Reckless disregard shown by insured operator of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ballroom dance school for repeated communications that it received concerning insurer's action for declaratory judgment established that insured's default was culpable, for purposes of insured's motion to reopen default judgment entered against it in action, in which insurer sought declaration that it had no duty under comprehensive general liability (CGL) policy to defend insured against third-party claim of person injured during private dance party at operator's school; insured did not respond to insurer's letter warning that coverage under policy likely did not exist, and did not answer, plead, or appear in response to insurer's summons and complaint, insurer's motion for default, entry of default, or insurer's motion for default judgment, but instead gave all paperwork to its insurance broker.

**[3] Federal Civil Procedure 170A ⚡2444.1**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(B) By Default
            170AXVII(B)2 Setting Aside
                170Ak2444 Grounds
                      170Ak2444.1 k. In General. Most Cited Cases

**Federal Civil Procedure 170A ⚡2450**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(B) By Default
            170AXVII(B)2 Setting Aside
                170Ak2450 k. Meritorious Cause of Action or Defense. Most Cited Cases
District court did not abuse its discretion in refusing to set aside default judgment entered against insured operator of ballroom dance school in insurer's action for declaratory judgment that it had no duty under comprehensive general liability (CGL) policy to defend insured against third-party claim of person who fell and broke his hip during private dance party held at operator's school, given operator's lack of meritorious defense and its culpability in its reckless disregard for the proceedings in district court.

Appeal from the United States District Court for the Eastern District of Pennsylvania. (D.C. Civil Action No. 04-cv-03393). District Judge: Honorable Berle M. Schiller.

Renee F. Bergmann, Nixon Peabody, Philadelphia, PA, for Nationwide Mutual Insurance Company.
Eugene Mattioni, Mattioni Limited, Philadelphia, PA, for Appellants.

Before AMBRO and STAPLETON, Circuit Judges, STAGG,[FN*] District Judge.

OPINION
AMBRO, Circuit Judge
*1 Starlight Ballroom Dance Club, Inc. waited three months to respond to a declaratory judgment suit filed by its insurer, Nationwide Mutual Insurance Company. In the interim, Nationwide moved for and was granted a default judgment. The District Court denied Starlight's motion to open the default judgment. Because Starlight cannot show that it would have a meritorious defense and because the default was the result of its culpable conduct, we affirm.

I. Factual Background and Procedural History

We are writing here solely for the parties, so we provide only a brief summary of the relevant facts.

Starlight (owned by Philip Chan, the other appellant) operated a ballroom dance school that also functioned as a night club available for rent by private parties. Nationwide insured Starlight under a comprehensive general liability policy, but that policy was based on the assumption that Starlight was simply a ballroom dance school and did not serve alcohol on the premises. Starlight's insurance policy was obtained through Zhal Deng Lee, an insurance broker. He had been told that Starlight served beer and wine and rented out the facility for private dance parties, but he never conveyed this information to Nationwide.

In September 2003, Randy Dover tripped on a bottle during a private dance party, fell, broke his right hip, and was unable for an extended period to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 3

Slip Copy, 2006 WL 623074 (C.A.3 (Pa.))
**(Cite as: Slip Copy)**

perform his job as a mail carrier. In May 2004, Nationwide sent Starlight a letter warning that it might not defend the claim. Although the letter stated that Nationwide "will provide a defense under the captioned policy, *subject to a full and complete reservation of rights,*" it also stated that "Nationwide is not admitting that any legal duty to defend or indemnify exists or ever existed with respect to this claim and the captioned policy.... At this time, based on the information to date, it appears that there may be no coverage for all or part of the claim due to the facts of the claim and the provisions in the captioned insurance policy." (emphasis in original). The letter further suggested that Starlight might retain its own counsel.

Two months later, Nationwide sued for a declaratory judgment that it had no obligation under the policy to defend Starlight. Because Starlight had responded to neither the warning letter nor the declaratory judgment suit, Nationwide moved for an entry of default in August 2004. The District Court granted this motion.

Still without any response from Starlight, in September 2004 Nationwide moved for a default judgment,[FN1] which was granted on September 27. Starlight finally appeared in October 2004, moving to open the default judgment (Dover also moved to intervene). The District Court denied both motions, and Starlight moved for reconsideration, which was also denied.

Starlight now appeals to our Court.

II. Jurisdiction and Standard of Review

The District Court had diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.

*2 We review the District Court's "refusal to set aside the default judgment under an abuse of discretion standard." *Harad v. Aetna Cas. & Sur. Co.,* 839 F.2d 979, 981 (3d Cir.1988). Our Court's policy is one "disfavoring default judgments and encouraging decisions on the merits." *Id.* at 982. But we leave the "decision to vacate a default judgment ... to the sound discretion of the trial court." *Id.; see also Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir.1984).

III. Discussion

We have set out three factors that a district court must consider when deciding whether to vacate a default judgment. We must determine whether (1) the plaintiff will be thereby prejudiced, (2) the defendant has a meritorious defense, and (3) the default was the result of the defendant's culpable conduct. *Harad,* 839 F.2d at 982.

A.

Though listed second above, we consider the meritorious-defense factor the "threshold issue in opening a default judgment." *Hritz,* 732 F.2d at 1181. Defendants do not "have the right to have a default judgment set aside automatically upon alleging a defense." *Harad,* 839 F.2d at 982. Our standard is more stringent; it requires a defendant to "set forth with some specificity the grounds for his defense." *Id.* We then look at the substance of that defense to determine whether it is meritorious. *Id.* That being said, however, we "need not decide the legal issue" at this stage of review. *EMCASCO Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir.1987).

Starlight argues that it has a meritorious defense. It points to the Nationwide insurance policy, claims that none of the exclusions facially apply, and argues that the incident was not alcohol related.[FN2] But Nationwide responds that it would not have issued the insurance policy had it known that Starlight was hosting private parties and operating as a night club. According to an affidavit from the underwriter of Nationwide's policy, Starlight's application stated only that its business was a dance school used to conduct a ballroom program. The underwriter was unaware that Starlight was renting the premises for private parties and serving alcohol. Had the underwriter been aware of this, according to the affidavit, it would not have underwritten the policy.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[1] Under Pennsylvania law,[FN3] "[w]hen an insured secures an insurance policy by means of fraudulent misrepresentations, the insurer may avoid that policy." *Rohm & Haas Co. v. Cont'l Cas. Co.,* 566 Pa. 464, 781 A.2d 1172, 1179 (Pa.2001). Nationwide has the burden of proving fraud by a clear and convincing standard, but fraud may be inferred from the circumstances. *Id.* There are three elements that Nationwide must establish: "(1) that the representation was false; (2) that the insured knew that the representation was false when made or made it in bad faith; and (3) that the representation was material to the risk being insured." *N.Y. Life Ins. Co. v. Johnson,* 923 F.2d 279, 281 (3d Cir.1991).

*3 Starlight freely admits that it rented its facilities for private parties and operated as a night club. But its application for insurance disclosed only that it was a ballroom dance school. This satisfies the first and second elements of the fraud test: the representation that Starlight was only a dance school is false, and Starlight knew that to be false at the time. "A misrepresented fact is material if being disclosed to the insurer it would have caused it to refuse the risk altogether or to demand a higher premium." *Id.* The underwriter's affidavit shows that it would have refused to underwrite this policy had it known of Starlight's extended uses of the building. Thus, Nationwide can satisfy all three elements of the Pennsylvania test. With its insurance policy void, Starlight cannot establish a meritorious defense.[FN4]

B.

[2] For the defendant's culpability, "more than mere negligence [must] be demonstrated." *Hritz,* 732 F.2d at 1183. "Reckless disregard for repeated communications from plaintiffs and the court ... can satisfy the culpable conduct standard." *Id.; see also id.* at 1184 (holding that "we do not believe that it is an abuse of discretion for a trial judge to enter a default judgment to sanction a party who has callously disregarded repeated notices of a judicial proceeding").

Our Court has found a lack of culpability in several cases, but those have typically involved innocent mishaps or mere mistakes. *See, e.g., EMCASCO,* 834 F.2d at 75 (holding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required); *Zawadski de Bueno v. Bueno Castro,* 822 F.2d 416, 421 (3d Cir.1987) (holding no culpability where two lawyers, one in Miami and one in St. Croix, miscommunicated and one was distracted by personal legal problems); *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 124 (3d Cir.1983) (holding no culpability where lawyers in two different firms failed to communicate, partly due to one lawyer's vacation); *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 246 (3d Cir.1951) (holding no gross neglect where the defendant, a Wisconsin corporation, did not receive notice of the suit because it had failed to update the address of its Pennsylvania registered office).

Here, on the other hand, Starlight does not dispute that it received all key correspondence in this case. It did not reply to Nationwide's May 2004 letter. It also did not, as the District Court found, "answer, appear, or plead in response to the July 20, 2004 summons and complaint; the August 11, 2004 motion for default; the August 12, 2004 entry of default; or the September 16, 2004 motion for default judgment. At no time during this entire proceeding did [Starlight] contact either [the District] Court or Nationwide." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,* No. 04-3393, mem. op. at 6-7 (E.D.Pa. Nov. 16, 2004). Instead, Starlight simply gave all the paperwork to its insurance broker. This is the kind of reckless disregard for repeated communications regarding a suit that establishes a defendant's culpability.

C.

*4 The District Court determined that Nationwide had "presented only a modest showing of prejudice." *Id.,* mem. op. at 7. Indeed, "[d]elay in realizing satisfaction on a claim rarely serves to establish [a sufficient] degree of prejudice." *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656-57 (3d

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                  Page 5
Slip Copy, 2006 WL 623074 (C.A.3 (Pa.))
**(Cite as: Slip Copy)**

Cir.1982). Prejudice is established instead when a plaintiff's "ability to pursue the claim has been hindered .... [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Id.* at 657.

[3] We conclude that the District Court properly exercised its discretion. Cases where we have found an abuse of a district court's discretion have typically been marked by a holding that the defendant actually had a meritorious defense, *see, e.g., Harad,* 839 F.2d at 985, or where the District Court did not apply the three-element analysis, *see, e.g., EMCASCO,* 834 F.2d at 74; *Hritz,* 732 F.2d at 1185. The defense here lacked merit and the District Court in this case carefully analyzed all three factors before it made its decision (with which we agree).

IV. Conclusion

Because Starlight cannot muster a meritorious defense under Pennsylvania law and because it was culpable in its reckless disregard for the proceedings in the District Court, that Court did not abuse its discretion by refusing to set aside the default judgment. We therefore affirm.

FN* Honorable Tom Stagg, Senior District Judge for the Western District of Louisiana, sitting by designation.

FN1. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682, at 13 (3d ed.1998).

FN2. Starlight also claims that Randy Dover was an indispensable party who should have been joined. This is irrelevant to our scrutiny of the default judgment.

Dover did not appeal the denial of his motion to intervene, and Starlight cannot handle Dover's appeal for him. *Cf. Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) (holding that federal appellate courts do not have jurisdiction over parties whose names do not appear on the notice of appeal), *superseded by rule on other grounds;* Fed. R.App. P. 3(c)(1)(A).

FN3. The parties apparently agree that Pennsylvania law applies.

FN4. Starlight attempts to characterize its insurance broker as Nationwide's agent (to impute to Nationwide knowledge of its true business), but Pennsylvania law stands firmly in its way. *See Taylor v. Crowe,* 444 Pa. 471, 282 A.2d 682, 683 (Pa.1971) (" Where a person desiring to have his property insured applies not to any particular company or its known agent, but to an insurance broker, permitting him to choose which company shall become the insurer, a long line of decisions has declared the broker to be the agent of the insured; not of the insurer." (internal quotation marks omitted)).
Starlight also makes much of whether the Dover incident was alcohol related and whether the liquor liability exclusion applies, but these issues are immaterial when the insurance policy is void.

C.A.3 (Pa.),2006.
Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.
Slip Copy, 2006 WL 623074 (C.A.3 (Pa.))

Briefs and Other Related Documents (Back to top)

• 05-1031 (Docket) (Jan. 06, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.